UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEONARD A. SZPLETT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KENCO LOGISTIC SERVICES, LLC, a )<br>Tennessee Limited Liability Company, Mars, )<br>Inc., The Hartford, DAVID JABALEY, MARIO )<br>LOPEZ, TAMMI FOWLER, PAULA HISE, )<br>TRACE SPIER, ROBERT COFFEY, TODD )<br>MOORE, JAY ELLIOT. DAVID CAINES, )<br>MICHAEL MANZELLO, DAVID CRAWLEY, )<br>and KELVIN WALSH, )<br>)<br>Defendants. ) | Case No. 1:19-cv-02500<br><br>Judge Gary Feinerman<br>Magistrate Judge Young B. Kim |

## **DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS**

DEFENDANTS, Kenco Logistics Services, LLC, Kelvin Walsh, Paula Hise, Tammi Fowler, David Jabaley, Mike Manzello, David Caines, Trace Spier, Jay Elliott and Dwight Crawley (improperly named as David Crawley), (collectively "the Kenco Defendants") by and through their undersigned Counsel, move to dismiss Plaintiff Leonard Szplett's Amended Complaint, with prejudice, and in support thereof, state as follows:

### **INTRODUCTION**

Kenco terminated Leonard Szplett's employment on March 29, 2015. All of Kenco's Manteno, Illinois employees were terminated by that date due to Kenco losing the contract at the site. More than four years later, on April 12, 2019, Szplett filed this lawsuit alleging retaliation for opposing race discrimination under 42 U.S.C. §1981. Szplett's Section 1981 claims are subject to a four-year statute of limitations, and thus, are time-barred and should be dismissed with prejudice.

1

Separate from his employment discrimination claims, it is nearly impossible to comprehend what, if anything, else Szplett is alleging in the Amended Complaint.

Amid the hundreds of pages of unintelligible ramblings, Szplett appears to casually accuse Kenco of RICO violations, mail fraud, obstruction of justice, and related misconduct based on responding to EEOC charges. To the extent that Szplett is alleging causes of action based on statements made by Kenco (or its agents) to the EEOC or IDHR in responding to charges, such responses are privileged and cannot form the basis for a claim. Szplett's claims arising from Kenco's statements in litigation or to the EEOC should be dismissed with prejudice.

Assuming any remaining portions of Szplett's Amended Complaint are not dismissed with prejudice, they should be dismissed without prejudice based on Szplett's significant disregard for Fed. R. Civ. Pro. 8(a) and 9. Even under the lenient pleading standard governing *pro se* plaintiffs, Szplett fails to succinctly place the Kenco Defendants on notice of alleged claims. Finally, Defendants urge the Court to remind Szplett of his obligations under Rule 11(a)(2), given that large portions of his complaint look to have been copied from other filings and bear no relationship to his employment.

## **FACTS**[1]

Plaintiff Leonard Szplett, a Caucasian male, brings claims of employment discrimination against former employer Kenco Logistics Services, LLC and other defendants (Dkt. 21, ¶5.) On or around April 21, 2013 Kenco began managing a Mars warehouse in Manteno, Illinois (Dkt. 21, ¶ 43.) Beginning on that date, Leonard Szplett was employed by Kenco as an HR/Accounting Manager (Dkt. 21, ¶ 130.)

---

[1] As is required on a Rule 12(b)(6) Motion to Dismiss, the Kenco Defendants accept all well-pled facts as true for purposes of this Motion. *Bressner v. Ambroziak,* 379 F.3d 478, 480 (7th Cir. 2004). The Kenco Defendants only assume these facts are true for the purpose of this motion and deny that any of these alleged facts are actually true.

Defendants Paula Hise, Trace Spier, Dwight Crawley, David Caines, Tammi Fowler, Jay Elliott, David Jabaley, Kelvin Walsh, Mike Manzello and Mario Lopez are all current or former Kenco employees. (Dkt. 21, ¶¶ 12-21.) Szplett alleges that African American employees at Kenco were discriminated against throughout his employment and he opposed such practices (Dkt. 21, ¶ 153.) Szplett believes he was subjected to improper treatment based on opposing the discrimination of others, including harsher scrutiny, discipline, harassment, humiliation, intimidation, retaliation, unequal terms and conditions of employment, disparate pay, defamation, retribution, and termination amongst other things. *Id.* Szplett alleges that he suffered reverse discrimination as a result of failing to participate in Kenco's discrimination including but not limited to: increased workload, change in job duties, demotion, false accusations, defamation, denial of benefits and compensation, and mental anguish. (Dkt. 21, ¶ 165; Dkt. 21, p. 100-101.)

On or about February 26, 2015, Szplett received a letter via certified mail notifying him that Kenco lost the contract with the Mars warehouse in Manteno, Illinois. (Dkt. 21, ¶ 294.) As a result, all Kenco employees at the Manteno warehouse were terminated effective March 29, 2015, and were able to apply to work with the new logistics company. (Dkt. 21, ¶ 295.)

Szplett alleges that, subsequent to his termination, Kenco made statements in submissions to the IDHR or EEOC that he considers false or improper. *See, e.g.,* (Dkt. 21, p. 160, ¶¶313-316.)[2]

Szplett filed a lawsuit against Defendants in the U.S. District Court for the Northern District of Illinois on April 12, 2019. (Dkt. 1.) On June 20, 2019, the Court granted Szplett's motion for leave to file an amended complaint. (Dkt. 22.)

---

[2] Szplett's numbering re-starts at paragraph 1 on page 100 of the Amended Complaint.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), this Court may grant a motion to dismiss if the Complaint "fail[s] to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). In analyzing this motion to dismiss, the Court must be guided by the Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). These cases govern the pleading standard "in all civil actions and proceedings in the United States District Courts." *Iqbal*, 129 S. Ct. at 1953.

Under *Twombly* and *Iqbal,* to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual allegations which, accepted as true, "state a claim to relief that is plausible on its face." *Iqbal,* 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570.) To be plausible on its face, a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Dismissal is appropriate if the "allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact.)" *Twombly,* 550 U.S. at 555. "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. A court must analyze whether the non-conclusory factual allegations, if taken as true, set forth facts sufficient to allege each element of the claim and establish a plausible claim for relief. *Iqbal*, 192 S. Ct. at 1950. If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper. Generally, the running of the statute of limitations is an affirmative defense and may be raised in a 12(b)(6) motion to dismiss. *Davis v. City of Springfield,* 2012 U.S. Dist. LEXIS 161442, *8 (C.D. Ill. Nov. 9, 2012) (granting motion to dismiss 1981 claim as time-barred).

**ARGUMENT**

**I.    Szplett's 42 U.S.C. §1981 Employment Discrimination Claim is Time-Barred.**

Szplett's employment with Kenco ended more than four years before he filed this lawsuit, so he cannot pursue a cause of action under 42 U.S.C. 1981 because it is time-barred. Both race discrimination and retaliation claims arising under 42 U.S.C. §1981 are subject to a four-year statute of limitations when they involve conduct occurring after the formation of an employment contract. *See Dandy v. UPS,* 388 F.3d 263, 269 (7th Cir. 2004) (citing *Jones v. R.R. Donnelly & Sons Co.,* 541 U.S. 369, 382 (2004)). The pertinent four-year statute of limitations is contained in 28 U.S.C. §1658. ("Except as otherwise provided…a civil action under an Act of Congress enacted after [December 1, 1990] may not be commenced later than 4 years after the cause of action accrues.")

Here, Szplett alleges that the Kenco Defendants engaged in conduct in violation of 42 U.S.C. §1981 by retaliating against him during his employment for opposing discriminatory practices at Kenco. Specifically, he alleges that beginning in April 2014 and continuing through March 2015, the Kenco Defendants treated him differently based on his opposition to race discrimination and his association with minorities. (Dkt. 21, p. 100-101.) The four-year statute of limitations therefore applies. Szplett filed his lawsuit on April 12, 2019, more than four years after his termination from Kenco on March 29, 2015. (Dkt. 1.)

Taking Szplett's allegations as true, his last date of employment with Kenco was March 29, 2015. (Dkt. 21, pp. 156-158.) Kenco no longer employed Szplett after March 2015 and thus could not have taken any adverse action against him. Accordingly, any allegations by Szplett involving a claim under 42 U.S.C. §1981 are time-barred. *Gupta v. Madison Metro. Sch. Dist.,*

120 Fed. Appx. 641, 643 (7th Cir. 2009) (affirming dismissal of 1981 claim as time-barred where complaint filed more than four years after the alleged harms to employee).

## II. All of Szplett's Remaining Claims Arise From Kenco's Responses to IDHR or EEOC Charges And Must Be Dismissed with Prejudice Based on Privilege.

Large portions of Szplett's Amended Complaint are incoherent. Straining to decipher the Amended Complaint, it appears that Szplett complains about various statements made by Kenco to the EEOC or IDHR. For example, Szplett accused Kenco of obstruction of justice and RICO violations involving mail fraud by "taking inconsistent positions" in responding to administrative charges. (Amended Complaint, p. 187.) He further accuses Defendants of defamation of character based on statements made in responding to the EEOC (Amended Complaint, p. 132.) Regardless of what cause of action Szplett tries to rely upon, these claims are fatally flawed because all of Kenco's statements in connection with responding to EEOC charges or lawsuits are privileged.

Illinois courts have consistently held that no action may be maintained upon any verbal or written statement made by an attorney during a legal proceeding that is pertinent to the matter in controversy. *Popp v. O'Neil,* 313 Ill. App. 3d 638 (Ill. Ct. App. 2000) (citing *Dean v. Kirkland,* 301 Ill. App. 495, 509-10 (1939)). "Whatever is said or written in a legal proceeding pertinent and material to the matter in controversy, is privileged, and no action can be maintained upon it." *McDavitt v. Boyer,* 169 Ill. 475 (Ill. 1897). This privilege applies both to judicial and quasi-judicial communications, including statements contained in submissions to the EEOC. *Mustafa v. Nsi Int'l,* 2016 U.S. Dist. LEXIS 158267, *22 (N.D. Ill. Nov. 16, 2016). Szplett cannot bring claims against Kenco arising from statements made by Kenco's attorneys to the EEOC in responding to charges.[3]

---

[3] The Kenco Defendants further request that the Court take judicial notice of all of the findings in Kenco's favor in any of the other employee claims cited by Szplett. *See, e.g., Vernon Henry v. Kenco,* 15-cv-10961 (N.D. Ill.) (summary judgment grated in favor of defendants) *Morris Tyson v. Kenco,* 15-cv-2288 (C.D. Ill.) (summary judgment granted in favor of defendants) *Mary Madison v. Kenco,* 15-cv-2290 (C.D. Ill.) (dismissing lawsuit due to Madison's

### III. The Remainder of Szplett's Complaint, if Any, Should be Dismissed for Violating Fed. R. Civ. Pro. 8(a) and 9.

All claims against the Kenco Defendants should be dismissed with prejudice. To the extent that any other claims against the Kenco Defendants exist, they cannot be identified because the Amended Complaint is incomprehensible. It is not the obligation of Defendants to sift through Szplett's largely unintelligible complaint.

Fed. R. Civ. Pro. 8(a) requires that a complaint contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fe. R. Civ. Pro. 8(a). There is also a heightened pleading requirement for allegations of fraud. Fed. R. Civ. Pro. 9. Fed. R. Civ. Pro. 9(b). Although courts construe a *pro se* complaint more liberally and relax the strict obligation to comply with Federal and Local Rules, pro se complaints must still offer the defendants fair notice of the facts and claims. *King v. U.S. Dept. of Housing & Urban Dev.,* 1988 U.S. Dist. LEXIS 5693, *1 (N.D. Ill. June 15, 1988) (dismissing vague and rambling complaint for violations of Fed. R. Civ. Pro. 8(a) and noting that continuing to pursue frivolous claims may lead to sanctions against *pro se* plaintiff).

Szplett's Amended Complaint contains 203 pages of allegations (plus over 100 pages of exhibits) and totals nine hundred forty-three paragraphs. That alone is a problem, making it virtually impossible for the Kenco Defendants to search for significant facts amid an onslaught of gibberish. The Seventh Circuit has previously held that "length may make a complaint unintelligible by scattering and concealing in a morass of irrelevancies the few allegations that matter." *United States v. Lockheed-Martin Corp.,* 328 F.3d 374 (7th Cir. 2003) (affirming order

---

misrepresentations on *in forma pauperis* application) *Edith McCurry v. Kenco,* 16-cv-2273 (C.D. Ill.) (summary judgment granted in favor of defendants, with appeal pending); *Nathan Doss v. Kenco,* 15-cv-2287 (C.D. Ill.) (dismissing case as sanction for discovery non-compliance); and *Ringo v. Kenco,* 16-cv-2093 (C.D. Ill.) (dismissing case due to insufficient service). Szplett's factual assertions that Kenco made any "false" statements to the IDHR or EEOC are flatly contradicted by the federal court opinions, wherein the courts have consistently agreed with Defendants.

dismissing 155-page, 400 paragraph complaint and referring to it as pestilential); *Owens v. Younker,* 2015 U.S. Dist. LEXIS 51549, *6 (S.D. Ill. April 20, 2015) (dismissing "wildly incoherent" complaint for failure to comply with Fed. R. Civ. Pro. 8(a)).

In addition to the rambling length of the Amended Complaint, its substance, or put differently—the lack of substance—is even more flawed and in violation of Fed. R. Civ. Pro. 8.

First, many of Szplett's claims are not labeled and do not indicate for which defendants they apply.[4] Likewise, many of the headings do not identify a statute or cause of action (*see, e.g.,* "the estoppels" or "quid pro quo").

Second, hundreds of the allegations appear to relate to other employees or do not succinctly tie into any alleged harm to Szplett. For example, Szplett alleges that Defendants were negligent in failing to comply with the Food Safety Modernization Act. Szplett provides no facts to explain how the Food Safety Modernization Act has any relationship to his role or why alleged violations of the Food Safety Modernization Act would harm him.[5] Similarly, Szplett alleges that Kenco's attorney "mischaracterized McCurry and McCurry's job functions to the Illinois Department of Human Rights to continue to intentionally perpetuate the racially motivated conspiracy against Madison's protected rights, obstruct justice, and impede the administration of justice, to avoid culpability and liability." (Amended Complaint, p. 50.) There is no viable claim here.

---

[4] Szplett's Amended Complaint begins by stating that it is an employment discrimination action brought under 42 U.S.C. §1981 and Federal Civil RICO, 18 U.S.C. §1962(c) and (d). (Dkt. 21, p. 5.) Later, it includes a number of headings that appear to be other causes of action.

[5] Mary Madison, another former Kenco employee, worked as a quality engineer and her job therefore involved compliance with the Food Safety Modernization Act. The extent to which Szplett's complaint appears to be a copy-and-paste of the unsuccessful allegations raised by Madison is troubling. A copy of Madison's Amended Complaint from *Madison v. Kenco,* 15-CV-2290 (Dkt. No. 41) is attached hereto as **Exhibit A**. Szplett's copying-and-pasting of allegations that are not his own also raises questions about whether Szplett, in accordance with Rule 11, can personally represent that all of the factual allegations have evidentiary support, and are not being presented for improper purpose. Fed. R. Civ. Pro. 11(b).

The length, disorganization and convoluted nature of Szplett's Amended Complaint violate Fed. R. Civ. Pro. 8(a), and accordingly, the entire complaint should be dismissed. *Easley v. Verizon Wireless,* 2004 U.S. Dist. LEXIS 17105, *14 (N.D. Ill. Aug. 25, 2004) (dismissing *pro se* complaint with prejudice where it is impossible to comprehend what plaintiff alleges was done to her, by whom, and how that amounted to a conspiracy).

## CONCLUSION

Szplett's employment discrimination claims against the Kenco Defendants arise entirely from acts occurring more than four years before his lawsuit was filed. Thus, Szplett's claims are time-barred under 42 U.S.C. §1981 and should be dismissed with prejudice. Any remaining allegations by Szplett involve privileged conduct by Kenco in connection with responding to EEOC charges or lawsuit, which cannot form the basis for a legal claim.

The Kenco Defendants request that Szplett's lawsuit be dismissed in its entirety. The Section 1981 claims, and claims related to any statements made in judicial or quasi-judicial proceedings, should be dismissed with prejudice; the remaining claims, if any exist, should be dismissed without prejudice.

WHEREFORE, for all the reasons stated herein, DEFENDANTS, Kenco Logistics Services, LLC, Kelvin Walsh, Paula Hise, Tammi Fowler, David Jabaley, Mike Manzello, David Caines, Trace Spier, Jay Elliott and Dwight Crawley request that the Court dismiss Szplett's Amended Complaint with prejudice in accordance with Fed. R. Civ. Pro. 12(b)(6) and grant such additional relief as the Court deems proper.

Dated: July 8, 2019                                         Respectfully submitted,

**KENCO LOGISTICS SERVICES, LLC, KELVIN WALSH, MIKE MANZELLO,**

                                          **DAVID JABALEY, TAMMI FOWLER, PAULA HISE, TRACE SPIER, DAVID CAINES, DWIGHT CRAWLEY AND JAY ELLIOTT**

                                          By:/   /s/ Jody Wilner Moran
                                                   One of Their Attorneys

Jody Wilner Moran
Julia P. Argentieri
**Jackson Lewis P.C.**
150 North Michigan Avenue
Suite 2500
Chicago, Illinois  60601
Telephone: (312) 787-4949
Facsimile: (312) 787-4995
moranj@jacksonlewis.com
julia.argentieri@jacksonlewis.com

**CERTIFICATE OF SERVICE**

I, Julia P. Argentieri, an attorney, hereby certify that on July 8, 2019, I electronically filed a copy of the foregoing **DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FED. R. CIV. PRO. 12(b)(6)** with the Clerk of the Court using the CM/ECF system. I further certify that a copy of the foregoing has been mail and email to the following non-ECF participant:

>Leonard Szplett
>3421 W. 1500 NW Road
>Kankakee, IL 60901
>Stkbnd2000@aol.com

By: /s/ Julia P. Argentieri
One of the Attorneys for the Defendants