# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEONARD A. SZPLETT, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:19-cv-02500 |
| ) | Judge Gary Feinerman |
| KENCO LOGISTIC SERVICES, LLC, a ) | |
| TENNESSEE LIMITED LIABILITY COMPANY, ) | |
| MARS, INC., THE HARTFORD, DAVID ) | |
| JABALEY, MARIO LOPEZ, TAMMI FOWLER, ) | |
| PAULA HISE, TRACE SPIER, ROBERT ) | |
| COFFEY, TODD MOORE, JAY ELLIOTT, ) | |
| DAVID CAINES, MICHAEL MANZELLO, ) | |
| DAVID CRAWLEY, and KEVIN WALSH ) | |
| ) | |
| Defendants. ) | |

## HARTFORD LIFE AND ACCIDENT
## INSURANCE COMPANY'S MOTION TO DISMISS

Hartford Life and Accident Insurance Company, erroneously identified as "The Hartford" in the Complaint, by its attorneys, respectfully requests that this Court enter an order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing the claims asserted against it for failure to state claims upon which relief can be granted. In support of its Motion, Hartford states as follows:

1. Leonard Szplett filed a 200-page Complaint telling a sordid but unfocused tale of racially-motivated conduct by his former employer, a dozen or so of his former co-workers and superiors, and a company with which his former employer had a contractual relationship. Szplett names each of those parties as defendants in this lawsuit.

2. Szplett's resistance to the allegedly discriminatory conduct of those defendants resulted in retaliation in the form of adverse employment actions. As a result, Szplett asserts those defendants are liable for violations of 42 U.S.C. § 1981 and for conduct giving rise to other

statutory and common law actions.

3. Szplett also contends Hartford is liable for violations of § 1981, but the claim is not plausible under Rule 8 of the Federal Rules of Civil Procedure because Szplett does not allege Hartford engaged in any racially discriminatory conduct. Szplett's Complaint, therefore, does not state claims for relief against Hartford under § 1981.

4. Szplett asserts several other theories of relief in his Complaint, including a state-law action for intentional infliction of emotional distress. That action fails to state a claim upon which relief can be granted against Hartford because it is based on Hartford's denial of Szplett's disability claim and, therefore, is preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq.

5. Szplett's remaining causes of action improperly lump all fifteen defendants together without describing which defendants are responsible for what conduct. Claims premised on allegations of undifferentiated conduct by and among multiple defendants fail to state plausible claims for relief under Rule 8 of the Federal Rules of Civil Procedure.

6. Szplett also asserts claims sounding in fraud but he fails to allege the fraud with particularity and, so, fails to state a claim for relief under Rule 9(b) of the Federal Rules of Civil Procedure.

7. Szplett's Complaint does not allege plausible – or viable – causes of action against Hartford. Accordingly, this Court should dismiss those actions for failure to state claims upon which relief can be granted.

**WHEREFORE**, Hartford Life and Accident Insurance Company, erroneously identified as "The Hartford" in the Complaint, respectfully requests that this Court enter an order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing the claims asserted against

Hartford for failure to state claims upon which relief can be granted, and for such other relief as this Court deems just.

                                       By:   /s/ Joseph R. Jeffery
                                                        *Counsel for The Hartford*

Donald A. Murday
dmurday@cmn-law.com
Joseph R. Jeffery
jjeffery@cmn-law.com
CHITTENDEN, MURDAY & NOVOTNY LLC
303 W. Madison Street, Suite 1400
Chicago, Illinois 60606
(312) 281-3600

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 8, 2019, I electronically filed the foregoing Hartford Life and Accident Insurance Company's Motion to Dismiss, with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system which sent notification of such filing to the following CM/ECF registered participants:

| | |
|---|---|
| Jody Wilner Moran, Esq. | Thomas R. Davis, Esq. |
| Julia P. Argentieri, Esq. | Kimberly J. Overbaugh, Esq. |
| Jackson Lewis, P.C. | Harmon & Davies, P.C. |
| 150 N. Michigan Avenue | 2306 Columbia Aveue |
| Suite 2500 | Lancaster, PA  17603 |
| Chicago, IL 60601 | tdavies@h-dlaw.com |
| jody.moran@jacksonlewis.com | koverbaugh@h-dlaw.com |
| julia.argentieri@jacksonlewis.com | |

I further certify that a copy of the foregoing has been served by e-mail and U.S. Mail, postage prepaid to the following non-ECF participant:

    Leonard A. Szplett
    3421 W. 1500 NW Road
    Kankakee, IL 60901
    Stkbnd2000@aol.com

    /s/ Joseph R. Jeffery
    CHITTENDEN, MURDAY & NOVOTNY LLC
    303 West Madison Street, Suite 1400
    Chicago, Illinois  60606
    (312) 281-3600 (phone)
    (312) 281-3678 (fax)
    jjeffery@cmn-law.com