**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Leonard A. Szplett, | |
| Plaintiff | |
| v. | Case No. 1:19-cv-02500 |
| Kenco Logistic Services, LLC, a Tennessee Limited Liability Company, Mars, Inc., The Hartford, David Jabaley, Mario Lopez, Tammi Fowler, Paula Hise, Trace Spier, Robert Coffey, Todd Moore, Jay Elliot, David Caines, Michael Manzello, David Crawley, and Kelvin Walsh | Judge Gary Feinerman  Magistrate Judge Young B. Kim |
| Defendants. | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT UNDER RULE 12(b)

Defendants Mars, Inc., Robert Coffey, and Todd Moore (collectively "Defendants"), by and through their undersigned counsel, move for dismissal of Plaintiff's Complaint with prejudice for failure to state a claim upon which relief may be granted. Alternatively, Defendants move for Plaintiff's Complaint to be stricken in its entirety as it is excessively long and complex and would place an unjustified burden on Defendants to respond to it. Additionally, Defendants move for the dismissal of Counts I, II, III, IV, VII, XI, XII, XV, and XVIII as such claims are time-barred by the applicable statutes of limitation. The reasons supporting this Motion are set forth in this brief.

I.      INTRODUCTION

On April 12, 2019, Plaintiff Leonard A. Szplett ("Szplett"), a former employee of Defendant Kenco Logistic Service, LLC, filed this action *pro se* alleging numerous different forms of racial discrimination and other legal theories relating to racial discrimination under: (1)

The Civil Rights Act of 1866, as amended by the Civil Rights Act of 1991; (2) 42 U.S.C. § 1981

("Section 1981"); (3) 42 U.S.C. § 1988; (4) Illinois common law; (5) 18 U.S.C. § 1962; (6) 18

U.S.C. § 1503; (7) 18 U.S.C. § 1505; (8) 18 U.S.C. § 1512; (9) 18 U.S.C. § 1621; (10) the

Federal Food, Drug, and Cosmetic Act, as amended by the Food Safety and Modernization Act,

Presidential Directives, and the Bioterrorism Act of 2002; (11) Title VII of the Civil Rights Act

of 1964; (12) the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991; (13) the

Occupational Safety and Health Act; and "other statutes and codified standards." (Complaint,

ECF # 1)  As explained below, Plaintiff's Complaint is excessively long, complex and confusing

and has gone well beyond what is necessary to satisfy the requirements of a "short and plain

statement that the plaintiff was entitled to relief" under Fed.R.Civ.P. 8(a)(2) and should therefore

be dismissed with prejudice in its entirety as it fails to state a claim upon which relief can be

granted.  Alternatively, Plaintiff's Complaint should be stricken in its entirety pursuant to

Fed.R.Civ.P. 12(f) for being excessively long, complex and incoherent.  Additionally, Plaintiff's

claims arising under 42 U.S.C. § 1981 should also be dismissed as they are barred by the four-

year statute of limitations.

II.     LAW AND ARGUMENT

        A.      Legal Standard

                1.      Requirements of Rule 8

        The Federal Rules of Civil Procedure prescribe a notice-based pleading system rather

than a fact-based pleading system. Leatherman v. Tarrant County Narcotics Intelligence and

Coordination Unit, 507 U.S. 163, 168 (1993); Cook v. Winfrey, 141 F.3d 322, 327 (7th Cir.

1998).  "To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil

procedure, a complaint must provide a 'short and plain statement of the claim showing that the

pleader is entitled to relief,' which is sufficient to provide the defendant with 'fair notice' of the claim and its basis." Appert v. Morgan Stanley Dean Witter, Inc., 673 F.3d 609, 622 (7th Cir. 2010) (citing Erickson v. Paradus, 551 U.S. 89, 93 (2007) (per curiam). "Under Rule 8, a complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." Vicom, Inc. v. Harbridge Merchant Servs., 20 F.3d 771, 775-76 (7th Cir. 1994) (quoting Wade v. Hopper, 993 F.2d 1246, 1249 (7th Cir.) (citations omitted), cert. denied, 126 L. Ed. 2d 151, 114 S. Ct. 193 (1993); see also Jennings v. Emry, 910 F.2d 1434, 1436 (7th Cir. 1990) (stating that a complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of what it is the plaintiff asserts). "A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." Vicom, Inc., 20 F.3d at 775-76. Federal Rule of Civil Procedure 8(d)(1) supplements 8(a)(2) by requiring each allegation of a pleading "be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1). "Taken together, Rules 8(a) and [8(d)(1)] underscore the emphasis placed on clarity and brevity by the federal pleading rules." In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996) (quoting 5 Wright & Miller, *Federal Practice and Procedure* § 1217 at 169 (2d ed. 1990).

"If a complaint fails to meet the requirements of Rule 8, [the court has] the power either to dismiss the complaint for failing to state a claim upon which relief may be granted, or to strike those parts that are 'redundant, immaterial, impertinent or scandalous." Hardin v. Am. Elec. Power, 188 F.R.D. 509, 511 (S.D. Ind. 1999) (internal citations omitted) (citing Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)); see also Vicom, Inc., 20 F.3d at 776 (noting that the district court had the power dismiss the complaint with prejudice for its "egregious violation of

3

Rule 8(a)").  "If a complaint's length and lack of clarity make it unintelligible, dismissal under Fed. R. Civ. P. 8(a) is permitted." Lindell v. McCallum, 352 F.3d 1107, 1110 (7th Cir. 2003).

      2.     Motion to Dismiss Standard

A claim may be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6) if it appears clear that the plaintiff can prove no set of facts consistent with the complaint that would entitle the plaintiff to relief.  Hinson v. King and Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2233, L.Ed.2d 59 (1984); Szumny v. American General Finance, 246 F.3d 1065, 1067 (7th Cir. 2001).  Dismissal is proper where a plaintiff "has not, at a minimum, made enough factual allegations to raise a right to relief above a 'speculative level.'"  Thompson v. Fairmont Chicago Hotel, 525 F.Supp.2d 984, 987 (N.D. Ill. 2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)) (citations omitted).  In addition to reviewing the allegations set forth in the Complaint itself, attachments to the Complaint may also be considered when analyzing whether a Plaintiff has met his/her burden.  Thompson, 525 F.Supp.2d at 987 (citing Fed.R.Civ.P. 10(c)) (citations omitted).  "To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Appert, 673 F.3d at 622 (internal punctuation omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Ashcroft, 556 U.S. at 678).

      3.     Motion to Strike Standard

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  A motion to strike is not proper for mere redundancy or immateriality, but rather, a pleading "may be stricken as scandalous if the

matter bears no possible relation to the controversy or may cause the objecting party prejudice." Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 664 (7th Cir. 1992); See also Beck v. Cantor, Fitzgerald & Co., 621 F. Supp. 1547, 1565 (N.D. Ill. 1985). "Prejudice results where the challenged allegation has the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party." Hoffman-Dombrowski v. Arlington Int'l Racecourse, Inc., 11 F. Supp. 2d 1006, 1009 (N.D. Ill. 1998) (citing VPHI, Inc. v. National Educ. Training Group, Inc., 1995 WL 51405, at *3 (N.D. Ill. Jan. 20, 1995)). Motions to strike are generally disfavored because they are seen as tools to delay litigation. Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989). But, if the motion serves to "remove[] unnecessary clutter from the case, it serves to expedite, not delay." Id. Therefore, if the motion serves to streamline litigation, then it is appropriate. Id.

      B.    <u>Argument</u>

          **1.**    **Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can be Granted Because it is Unreasonably Lengthy, Complex, and Confusing and Exceeds What Is Required Under Fed.R.Civ.P. 8(a)(2) and 8(d)(1), and Therefore Should be Dismissed with Prejudice.**

The Complaint filed by Plaintiff contains 943 paragraphs (not including sub-paragraphs), 163 pages of exhibits, and 363 total pages. (Complaint) The nature of Plaintiff's action is rooted in alleged unlawful and discriminatory employment practices by all named Defendants in violation of various federal statutes and Illinois common law. (Complaint, ¶¶ 3-4) For 89 pages, Plaintiff chronicles alleged facts that purportedly support Plaintiff's approximately 19 separate causes of action, which are also supported by duplicative and redundant averments at paragraph and page numbers already used, by starting with a second paragraph 1 and second page 1. Each cause of action incorporates all prior paragraphs of the Complaint, and the majority of the causes of action incorporate an additional two to six pages of averments. Plaintiff's 19th cause of action,

an alleged violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), contains twenty-four pages of additional averments.

Plaintiff's Complaint goes well beyond what is required for notice-pleading under Rule 8 of the Federal Rules of Civil Procedure. Even disregarding the 163 pages of exhibits, the Complaint is still left with nearly 200 pages of factual averments. This amount of factual averment exceeds what is needed and required to provide Defendants with a short and plain statement of Mr. Szplett's claims that shows he is entitled to relief, in violation of Federal Rule of Civil Procedure 8(a)(2). Rather, the Complaint is excessively lengthy, complex, and makes it extremely difficult to understand whether there have been any valid claims alleged. With almost each cause of action incorporating the 89-pages of factual allegations, the Court, as well as the Defendants, will almost certainly need to sift through the Complaint to find exactly what it is the Plaintiff is asserting. The 943 paragraphs and nearly 200 pages of factual allegations contained in the Complaint clearly violate Federal Rule of Civil Procedure 8(d)(1), as they are not "simple, concise, or direct," but rather complex, lengthy, and indirect. Furthermore, due to its complexity, length, and indirectness, it would be extremely difficult for Defendants to respond to the Complaint.

In Vicom, Inc. v. Harbridge Merchant Servs., the Seventh Circuit Court of Appeals was reviewing the district court's decision to dismiss the plaintiff's complaint "on the basis of the amended complaint's prolixity." 20 F.3d 775 (7th Cir. 1994). The amended complaint submitted by the plaintiff was a "119-page, 385-paragraph less-than-coherent amended complaint." Id. The Seventh Circuit noted that responding to a pleading that confusing and of that length would be not only difficult, but also costly, in terms of time and money. Id. at 776. One of the claims the plaintiff sought relief under was RICO. Id. at 774. The court acknowledged that there were

certain claims that did often require a more complex pleading because of the complexity of the legal theories, such as the RICO statute. Id. at 776.  "However, the caselaw is clear that, although RICO complaints often might need to be somewhat longer than many complaints, RICO complaints must meet the requirements of Rule 8(a)(2) and Rule 8[(d)(1)]." Id.; see also, Hartz v. Friedman, 919 F.2d 469, 471 (7th Cir. 1990) (stating that trial court could have dismissed 125-page RICO complaint pursuant to Rule 8(a)(1)); see also Jennings v. Emry, 910 F.2d 1434, 1434 (7th Cir. 1990) (stating that the fact that RICO is being pled does not make Rule 8(e)(1) any less applicable).  Therefore, the Seventh Circuit Court held that the plaintiff's complaint "violated the letter and the spirit of Rule 8(a)," and for that reason, the district court would have had good reason to dismiss the complaint with prejudice. Id.

Mr. Szplett's "Complaint reads at times more like a novel (not a particularly well-written or well-organized one) or a brief as it advances evidence, theories and speculation about the events in issue." Mutuelle Generale Francaise Vie v. Life Assurance Co., 688 F. Supp. 386, 391 (N.D. Ill. 1988).  The essence of Federal Rules of Civil Procedure 8(a) and 8(d)(1) is that pleadings are required to be coherent and concise.  Plaintiff's Complaint fails to satisfy the requirements of Federal Rule of Civil Procedure 8.  As such, the Court has the power to dismiss the Complaint for failing to state a claim upon which relief can be granted.  Plaintiff's Complaint is equally, if not much more, egregious than the Complaint in Vicom, thus the Court has the power to dismiss Plaintiff's Complaint with prejudice.  Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff's Complaint should be dismissed with prejudice.

      **2.**       **Alternatively, Plaintiff's Complaint Should be Stricken in its Entirety as Scandalous Because it has the Effect of Confusing the Issues and is so Lengthy and Complex that it Places an Undue Burden on Defendants to Attempt to Respond.**

As previously stated, Plaintiff's Complaint contains 943 paragraphs (not including sub-paragraphs), 163 pages of exhibits, and 363 total pages. Before even reaching Plaintiff's approximately 19 different causes of action supported by additional, duplicative, and redundant averments identified by page and paragraph numbers already used, there are 89-pages of lengthy, complex, and incoherent factual allegations. The entirety of Plaintiff's Complaint should be stricken as scandalous because responding to such a lengthy and complex Complaint would cause prejudice to Defendants. Responding to the 943 paragraphs, not including the countless sub-paragraphs, contained in nearly 200-pages would be significantly difficult and would result in an undue burden for the Defendants. Also, there are multiple causes of action that Plaintiff attempts to raise pursuant to multiple statutes. For example, Count 7 (Negligence) and Count 8 (Breach of Fiduciary Duty) appear to be brought pursuant to the Federal Food, Drug, and Cosmetic Act, as amended by the Food Safety and Modernization Act, Presidential Directives, and the Bioterrorism Act of 2002; Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991; the Occupational Safety and Health Act (Count 7); and other statutes and codified standards. To be able to properly and effectively respond to the causes of action Plaintiff seeks to bring suit pursuant to, Plaintiff should be required to remove the unnecessary clutter from the Complaint. Such a requirement would result in expedited litigation, would prevent Defendants from enduring an undue burden in attempting to respond to such a pleading, and would prevent the Court from being burdened in an attempt to sift through more than 943 paragraphs of duplicative, immaterial, and complex allegations. "Unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of

verbiage." Roberto's Fruit Market, Inc. v. Schaffer, 13 F.Supp. 2d 390, 395 (E.D.N.Y. 1998)

(quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)).

 In Mutuelle Generale Francaise Vie v. Life Assurance Co., the plaintiff's complaint

contained 162 substantive averments in 42 pages. 688 F. Supp. 386, 391 (N.D. Ill. 1988). Those

averments were then included in seven different causes of action. Id. Each averment was

composed of "evidence, theories and speculation about the events in issue … that belonged (if

anywhere) in an argumentative brief and not a complaint." Id. After finding that it would be

difficult for the defendant to respond to such a pleading, the court struck the complaint in its

entirety. Id. The court granted the plaintiff leave to file an amended complaint, allowing plaintiff

to cure the deficiencies and to appropriately group his allegations under their respective claims.

Id.

 Mr. Szplett's Complaint contains over 943 averments in 200 pages, as well as 163 pages

of exhibits. It would not only be extremely difficult for Defendants to appropriately respond

such a pleading, but it would take a great deal of time and be very costly. Plaintiff's Complaint

violates the requirements of a "short and plain statement of the claim showing that the pleader is

entitled to relief," and each allegation of a pleading needing to "be simple, concise, and direct,"

prescribed by Federal Rules of Civil Procedure 8(a)(2) and 8(d)(1).

 While we submit that Plaintiff's Complaint should be dismissed for failure to state a

claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) for

egregiously violating Federal Rule of Civil Procedure 8, alternatively Plaintiff's Complaint

should be stricken in its entirety as scandalous pursuant to Federal Rule of Civil Procedure 12(f)

because responding to such a pleading would result in an undue burden for Defendants. If the

Court decides to take this approach, Plaintiff should be required to amend his Complaint to make

it more concise and coherent and to allow Plaintiff to properly group his allegations under the appropriate causes of action.

> ### 3. Plaintiff's Claims Arising Under 42 U.S.C. § 1981 Are Time-Barred by the Four-Year Statute of Limitations Prescribed by 28 U.S.C.S. § 1658.

Most federal statutes, including 42 U.S.C. § 1981, do not contain a statute of limitations. In Goodman v. Lukens Steel Co., the United States Supreme Court held that the federal courts should apply "the most appropriate or analogous state statute of limitations" to claims arising under alleged violations of § 1981. 482 US 656, 660 (1987). In 1990, Congress enacted a 4-year statute of limitations for all actions that arise under federal statutes which were enacted after December 1, 1990. 28 U.S.C.S. § 1658. Then in 1991, Congress amended Section 1981 in the Civil Rights Act of 1991, leading to uncertainty about the applicability of 28 U.S.C. § 1658 to the amendment. However, in Jones v. R. R. Donnelley & Sons Co., the United States Supreme Court held that the four-year statute of limitations prescribed by 28 U.S.C. § 1658 would apply to claims that "'aris[e] under an Act of Congress enacted' after December 1, 1990," meaning the four-year statute of limitations would apply to claims brought under 42 U.S.C. § 1981. 541 U.S. 369, 382 (2004).

On April 21, 2013, Plaintiff was hired by Defendant Kenco as an Office Manager at the Manteno facility. Beginning on October 22, 2014, Plaintiff went out on Family and Medical Leave Act ("FMLA") leave. In January 2015, Plaintiff's 12-weeks of FMLA leave were about to expire. Plaintiff's physician indicated to Defendant Kenco that he was unable to return to work in any capacity at that time and that he may be unable to return to work for another six to twelve months. Instead of terminating his employment, Defendant Kenco allowed Plaintiff to remain out on leave in the event his condition improved. However, Plaintiff never returned to

work.  Also on January 26, 2015, Defendant Kenco verbally notified all of its employees that

Mars was terminating its contract with Kenco and that all Kenco employees employed at the

Manteno facility would be terminated, effective March 29, 2015.  Kenco's employees were also

informed that they would have the opportunity to apply for employment with the new Manteno

facility provider.  For the employees who were not at the Manteno facility on March 29, 2015,

Defendant Kenco mailed them a notice informing them of such to their home addresses.  All

Kenco employees were separated effective February 28, 2015, with employees not on leave at

the time paid through March 29, 2015.  Plaintiff's employment with Defendant Kenco was

therefore effectively terminated on March 29, 2015.  Over four years later, on April 12, 2019,

Plaintiff first filed this action.

   The Complaint sets forth nineteen causes of action, and while it appears Plaintiff attempts

to bring most under Section 1981, seven do arise under Section 1981.[1]  Specifically, the

following unenumerated causes of action (identified as a numbered Count by the order they

appear) appear to be brought under Section 1981: Count I (Disparate Treatment); Count II

(Harassment); Count III (Retaliation); Count IV (Pretext); Count XII (Hostile Work

Environment); Count XV (Adverse Actions); and Count XVIII (Quid Pro Quo).  Additionally,

Plaintiff avers at multiple paragraphs throughout the Complaint that the timing of all alleged

misconduct by Defendants took place between 2013 and 2015.  As previously stated, Plaintiff's

employment with Defendant Kenco was terminated on March 29, 2015.  In order to have

properly brought suit for these alleged Section 1981 violations, Mr. Szplett must have filed suit

no later than March 29, 2019.  Instead, the first time that Plaintiff brought these causes of action

were in his Complaint filed on April 12, 2019.  As the United States Supreme Court held in

---

[1] For Counts I, II, III, IV, V, VII, X, XI, XII, XIII, XV, XVI, and XVIII, Plaintiff incorporates the phrase "Based on association and in reverse discrimination for opposition to disparate treatment and impact on protected class persons."

Jones v. R. R. Donnelley & Sons Co., pursuant 28 U.S.C.S. § 1658, claims arising under 42 U.S.C. § 1981 are subject to a four-year statute of limitations. 541 U.S. 369, 382 (2004). Because the alleged Section 1981 violations contained in Counts I, II, IV, XII, XV, and XVIII were not raised by March 29, 2019, they are barred by 28 U.S.C. § 1658.

Count III (Retaliation) also is brought under Section 1981, however, even though claims for retaliation under Section 1981 are subject to the four-year statute of limitations, allegations of retaliation can arise even after an employee is no longer employed with the employer. In Burlington N. & Santa Fe Ry. v. White, the United States Supreme Court held that an ex-employee could allege retaliation based on actions that extended beyond the work place and the employee's working conditions. 548 U.S. 53 (2006). However, in this case, Plaintiff only alleges retaliation that occurred prior to his termination, which again was on March 29, 2015. To have properly brought suit for retaliation under Section 1981, Plaintiff must have filed suit no later than March 29, 2019, but failed to do so. Therefore, because Plaintiff failed to timely bring suit for all alleged Section 1981 violations, Counts I, II, III, IV, XII, XV, and XVIII should be dismissed as they are time-barred by the four-year statute of limitations prescribed by 28 U.S.C. § 1658.

### 4. Plaintiff's Claims in Counts VI, VII, and XI Are Time-Barred by the Applicable Statute of Limitations Prescribed by Illinois Law.

Under 735 ILCS 5/13-201, "[a]ctions for slander, libel or for publication of matter violating the right of privacy, shall be commenced within one year next after the cause of accrued." Additionally, under 735 ILCS 5/13-202, the statute of limitations for a negligence claim resulting in personal injury is within two years after the cause of action accrues. In Feltmeier v. Feltmeier, the Illinois Supreme Court held that "the applicable statute of limitations

for intentional infliction of emotional distress is two years, because the tort is a form of personal injury." 207 Ill. 2d 263, 278 (2003).

In the averments under Plaintiff's sixth cause of action for defamation of character, Plaintiff avers that the alleged defamation by Defendants came when they allegedly reported false and misleading information to the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC").[2] Defendants only communications with the IDHR were in their position statement filed with the IDHR on August 5, 2015, and the fact finding conference with the IDHR on October 13, 2015.[3] To have properly raised a cause of action for defamation of character under 735 ILCS 5/13-201, Plaintiff would have needed to bring suit by October 13, 2016, at the latest. Plaintiff first raised this claim in his Complaint filed with the Court on April 12, 2019. Therefore, Plaintiff's cause of action for defamation of character found at Count VI in his Complaint should be dismissed as it is time-barred by the one-year statute of limitations prescribed by 735 ILCS 5/13-201.

In the averments under Plaintiff's seventh cause of action for negligence, Plaintiff's averments indicate that Defendants' alleged negligent failure to comply with public policies of following statutes took place during his employment with Defendant Kenco: the Federal Food, Drug, and Cosmetic Act, as amended by the Food Safety and Modernization Act, Presidential Directives, and the Bioterrorism Act of 2002; Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991; the Occupational Safety and Health Act; and "other statutes and codified standards." Plaintiff was employed by Defendant Kenco from his date of hire on April 21, 2013 through the date of his termination which was

---

[2] Plaintiff never filed a Charge with the IDHR or the EEOC against Defendants Mars, Inc., Robert Coffey, or Todd Moore.
[3] Because Plaintiff never filed a Charge with the IDHR or the EEOC against Defendants Mars, Inc., Robert Coffey, or Todd Moore, there was no communication whatsoever by Defendants Mars, Inc., Robert Coffey, or Todd Moore with the IDHR or the EEOC regarding Plaintiff.

13

effective March 29, 2015. To have properly raised a cause of action for negligence under 735 ILCS 5/13-202, Plaintiff would have needed to bring suit by March 29, 2017, at the latest. Plaintiff first raised this claim in his Complaint filed with the Court on April 12, 2019. Therefore, Plaintiff's cause of action for negligence found at Count VII in his Complaint should be dismissed as it is time-barred by the two-year statute of limitations prescribed by 735 ILCS 5/13-202.

In the averments under Plaintiff's eleventh cause of action for intentional infliction of emotional distress, the last date Plaintiff avers misconduct by Defendants leading to this cause of action is April 8, 2015. The Illinois Supreme Court in Feltmeier v. Feltmeier held that the statute of limitations for intentional infliction of emotional distress is two years. 207 Ill. 2d 263, 278 (2003). To have properly raised a cause of action for intentional infliction of emotional distress under 735 ILCS 5/13-202, Plaintiff would have needed to bring suit by April 8, 2017, at the latest. Plaintiff first raised this claim in his Complaint filed with the Court on April 12, 2019. Therefore, Plaintiff's cause of action for intentional infliction of emotional distress found at Count XI in his Complaint should be dismissed as it is time-barred by the two-year statute of limitations prescribed by 735 ILCS 5/13-202.

III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that all of Plaintiff's claims against Defendants be dismissed with prejudice due to Plaintiff's failure to satisfy the "short and plain statement of the claim showing that the Plaintiff is entitled to relief" requirement of Fed.R.Civ.P. 8(a)(2). Alternatively, Defendants respectfully request that Plaintiff's Complaint be stricken in its entirety as it is excessively long, complex and incoherent pursuant to Fed.R.Civ.P. 12(f). Additionally, Defendants respectfully request that Counts I, II, III, IV, VI,

VII, XI, XII, XV, and XVII against Defendants be dismissed with prejudice as they are barred by the applicable statute of limitations.

Dated: July 8, 2019          Respectfully submitted,

/s/ Thomas R. Davies _____
Thomas R. Davies, Esq. PA #35260
Kimberly J. Overbaugh, Esq. PA #85610
HARMON & DAVIES, P.C.
2306 Columbia Ave.
Lancaster, PA 17603
Tel. (717) 291-2236
Fax (717) 291-2236
tdavies@h-dlaw.com
koverbaugh@h-dlaw.com
Attorneys for Defendants
Mars, Inc., Robert Coffey
and Todd Moore

**CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys of record herein this matter, hereby certify that on July 8, 2019, I electronically filed a copy of the foregoing **Defendants' Memorandum in Support of Motion to Dismiss the Complaint Under Rule 12(b)** with the Clerk of the Court using the CM/ECF system. I further certify that a copy of the foregoing has been served by U.S. mail, postage prepaid to the following non-ECF participant:

Leonard A. Szplett
3421 W. 1500 NW Road
Kankakee, IL 60901

/s/ Thomas R. Davies
Thomas R. Davies, Esq. PA #35260
Kimberly J. Overbaugh, Esq. PA #85610
HARMON & DAVIES, P.C.
2306 Columbia Avenue
Lancaster, PA 17603
Tel. (717) 291-2236
Fax (717) 291-2236
tdavies@h-dlaw.com
koverbaugh@h-dlaw.com
Attorneys for Defendants
Mars, Inc., Robert Coffey
and Todd Moore