UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEONARD A. SZPLETT,              )<br>                                  )<br>        Plaintiff,                )<br>                                  )<br>     v.                           )<br>                                  )<br>KENCO LOGISTIC SERVICES, LLC, a   )<br>Tennessee Limited Liability Company, Mars, )<br>Inc., The Hartford, DAVID JABALEY, MARIO )<br>LOPEZ, TAMMI FOWLER, PAULA HISE, )<br>TRACE SPIER, ROBERT COFFEY, TODD )<br>MOORE, JAY ELLIOT. DAVID CAINES, )<br>MICHAEL MANZELLO, DAVID CRAWLEY, )<br>and KELVIN WALSH,                )<br>                                  )<br>        Defendants.               ) | Case No. 1:19-cv-02500<br><br>Judge Gary Feinerman<br>Magistrate Judge Young B. Kim |

## INITIAL STATUS REPORT[1]

Defendants, by and through undersigned counsel, submit the following Initial Status report:

**A.    Nature of the Case**

1. Attorneys of record, and lead trial counsel, for each party.

    **Plaintiff Leonard Szplett** – *pro se*
    3421 W. 1500 North Rd.
    Kankakee, IL 60901

    **Defendant, The Hartford**
    Donald Murday (lead trial counsel)
    Joseph Jeffrey
    Chittenden, Murday & Novonty
    303 W. Madison St., Suite 1400
    Chicago, IL 60606

    **Defendants Mars, Inc., Robert Coffey and Todd Moore**
    Tom Davies (lead trial counsel)
    Kimberly Overbaugh

---

[1] Defendants provided a copy of the Initial Status Report to Plaintiff via email but did not receive a response as of the time that the report is being filed.

>Harmon Davies
>2306 Columbia Ave.
>Lancaster, PA17603
>
>**The Kenco Defendants -**
>Jody Moran (lead trial counsel)
>Julia Argentieri
>Jackson Lewis P.C.
>150 N. Michigan
>Suite 2500
>Chicago, IL 60601

2. Basis for federal jurisdiction. **Federal Question (28 U.S.C 1331)**

3. Nature of the claim(s) and counterclaim(s), including the amount of damages and other relief sought. **42 U.S.C 1981 Discrimination and RICO Civil Conspiracy 18 U.S.C. 1962**

4. Whether the defendant will answer the complaint or, alternatively, whether the defendant will otherwise plead to the complaint. **Defendants filed Motions to Dismiss on 7/8/19**

5. Principal legal and factual issues. **Whether Complaint is Time-Barred; Whether Complaint Violates Short, Plain Statement Requirements Under Federal Rules**

6. Which defendants have been served with process, which defendants have not been served, and the status of efforts to effect service on the unserved defendants. **All Defendants have appeared with the exception of Mario Lopez. The Kenco Defendants are in the process of reaching out to Mr. Lopez to offer representation.**

B. **Proceedings to Date**

1. Summary of all substantive rulings (including discovery rulings) to date. **N/A**

2. Description of all pending motions, including date of filing and briefing schedule. **Motions to Dismiss filed by Defendants on July 8, 2019. Briefing schedules not yet set.**

C. **Discovery and Case Plan**

1. Summary of discovery, formal and informal, that has already occurred. **Defendants Believe That Discovery is Premature Because Pending**

**Motions Could Dispose of Case in Entirety. Defendants Propose That The Parties Should Re-Visit the Setting of a Discovery Plan If the Complaint or Any Portions Thereof Survive Rule 12(b)(6) Motion Practice.**

2. Whether discovery will encompass electronically stored information, and the parties' plan to ensure that such discovery proceeds appropriately.

3. Proposed scheduling order.

    a. Deadline for Rule 26(a)(1) disclosures, or why Rule 26(a)(1) disclosures are not appropriate.

    b. Deadline for issuing written discovery requests.

    c. Deadline for completing fact discovery.

    d. Whether discovery should proceed in phases.

    e. Whether expert discovery is contemplated and, if so, deadlines for Rule 26(a)(2) disclosures and expert depositions.

    f. Deadline for amending the pleadings and bringing in other parties.

    g. Deadline for filing dispositive motions.

4. Whether there has been a jury demand.

5. Estimated length of trial.

**D.** <u>**Settlement**</u>

1. Describe settlement discussions to date and whether those discussions remain ongoing. **N/A**

2. Whether the parties request a settlement conference. **Not at this time.**

**E.** <u>**Magistrate Judge**</u>

1. Whether the parties consent to proceed before a magistrate judge for all purposes. **The Parties Do Not Consent to Proceed Before a Magistrate Judge for all purposes at this time.**

2. Any particular matters that already have been referred to the magistrate judge, and the status of those proceedings.

DATED: July 10, 2019 Respectfully submitted,

By: /s/ *Jody Wilner Moran*

Jody Wilner Moran
Julia P. Argentieri
JACKSON LEWIS P.C.
150 North Michigan Ave, Suite 2500
Chicago, IL 60601
Telephone: 312-787-4949
Facsimile: 312-787-4995
Email: moranj@jacksonlewis.com
julia.argentieri@jacksonlewis.com

## CERTIFICATE OF SERVICE

I, Julia P. Argentieri, an attorney, hereby certify that on July 10, 2019, I electronically filed a copy of the foregoing **INITIAL STATUS REPORT** with the Clerk of the Court using the CM/ECF system. I further certify that a copy of the foregoing has been mail and email to the following non-ECF participant:

Leonard Szplett
3421 W. 1500 NW Road
Kankakee, IL 60901
Stkbnd2000@aol.com


By: /s/ Julia P. Argentieri
One of the Attorneys for the Kenco Defendants