**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Leonard A. Szplett, <br><br> Plaintiff, <br><br> v. <br><br> Kenco Logistic Services, LLC, a Tennessee Limited Liability Company, Mars, Inc., The Hartford, David Jabaley, Mario Lopez, Tammi Fowler, Paula Hise, Trace Spier, Robert Coffey, Todd Moore, Jay Elliot, David Caines, Michael Manzello, David Crawley, and Kelvin Walsh, <br><br> Defendants. | Case No. 1:19-cv-02500 <br><br> Judge Gary Feinerman <br><br> Magistrate Judge Young B. Kim |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
THE COMPLAINT UNDER RULE 12(b)**

I.      INTRODUCTION

Defendants Mars, Inc., Robert Coffey, and Todd Moore (collectively "Defendants"), by and through their undersigned counsel, seek dismissal of Plaintiff Leonard Szplett's ("Szplett") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Alternatively, Defendants seek Plaintiff's Complaint to be stricken in its entirety as it is excessively long and complex and would place an unjustified burden on Defendants to respond to it. Additionally, Defendants seek the dismissal of Counts I, II, III, IV, VII, XI, XII, XV, and XVIII as such claims are time-barred by the applicable statutes of limitation. In opposition to this Motion and similarly to the Complaint, Szplett responded by providing an unreasonably lengthy, complex, and confusing explanation of what he intended to set-out in the Complaint, doing so by repeating and rephrasing averments from the Complaint and introducing facts not averred to in the Complaint. Additionally, Szplett also attempts to

1

refute all of Defendants' statute of limitations defenses by alleging additional facts and dates not averred to in his Complaint. This Reply Memorandum is filed to clarify Defendants' arguments and to clarify the law applicable to the causes of action raised in Plaintiff's Complaint.

II.     ARGUMENT

    1.     **Plaintiff's Explanation for the Length of the Complaint Does Not Resolve the Issues of the Complaint Being Unreasonably Lengthy, Complex, and Confusing and Exceeding What Is Required Under Fed.R.Civ.P. 8(a)(2) and 8(d)(1), and Therefore, Should be Dismissed with Prejudice Pursuant to Federal Rule of Civil Procedure 12(b)(6).**

The Federal Rules of Civil Procedure prescribe a notice-based pleading system rather than a fact-based pleading system. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993). "To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil procedure, a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide the defendant with 'fair notice' of the claim and its basis." Appert v. Morgan Stanley Dean Witter, Inc., 673 F.3d 609, 622 (7th Cir. 2010) (citing Erickson v. Paradus, 551 U.S. 89, 93 (2007) (per curiam). "Under Rule 8, a complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." Vicom, Inc. v. Harbridge Merchant Servs., 20 F.3d 771, 775-76 (7th Cir. 1994) (quoting Wade v. Hopper, 993 F.2d 1246, 1249 (7th Cir.) (citations omitted), cert. denied, 126 L. Ed. 2d 151, 114 S. Ct. 193 (1993). "If a complaint fails to meet the requirements of Rule 8, [the court has] the power …to dismiss the complaint for failing to state a claim upon which relief may be granted." Hardin v. Am. Elec. Power, 188 F.R.D. 509, 511 (S.D. Ind. 1999) (internal citations omitted) (citing Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)); see also Vicom, Inc., 20 F.3d 771, 776 (7th Cir. 1994) (noting that the district court had the power dismiss the complaint with prejudice for

its "egregious violation of Rule 8(a)"). "If a complaint's length and lack of clarity make it unintelligible, dismissal under Fed. R. Civ. P. 8(a) is permitted." Lindell v. McCallum, 352 F.3d 1107, 1110 (7th Cir. 2003).

Szplett claims that the length of the Complaint was his attempt at establishing certain contentions, including each cause of action, and supports this contention by rephrasing each cause of action and different averments from the Complaint. Additionally, Szplett cites to caselaw that does little more than explain the points he was attempting to make in his Complaint. As previously stated, the Complaint contains 943 paragraphs (not including sub-paragraphs), 163 pages of exhibits, and 363 total pages. This goes well beyond what is required for notice-pleading and what is needed and required to provide Defendants with a short and plain statement of Mr. Szplett's claims that show he is entitled to relief. Rather, the Complaint is excessively lengthy, complex, and extremely hard to understand regarding whether there have been any valid claims alleged. As such, it would be exceedingly difficult for Defendants to respond to. Plaintiff's Complaint is an egregious violation of Fed. R. Civ. P. 8, and accordingly, should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

**2.     Plaintiff's General Statements in Opposition and Recitation of the Averments Listed in the Complaint Have No Effect on Defendants' Arguments for Plaintiff's Complaint to be Stricken in its Entirety as Scandalous.**

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." A pleading "may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice." Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 664 (7th Cir. 1992); See also Beck v. Cantor, Fitzgerald & Co., 621 F. Supp. 1547, 1565 (N.D. Ill. 1985). "Prejudice results where the challenged allegation has the effect of confusing the issues or is so lengthy and

complex that it places an undue burden on the responding party." Hoffman-Dombrowski v. Arlington Int'l Racecourse, Inc., 11 F. Supp. 2d 1006, 1009 (N.D. Ill. 1998) (citing VPHI, Inc. v. National Educ. Training Group, Inc., 1995 WL 51405, at *3 (N.D. Ill. Jan. 20, 1995)).

      Plaintiff's responded to Defendants' argument that the Complaint should be stricken in its entirety as scandalous by merely reciting averments from the Complaint, coupled with general statements opposing Defendants' arguments. Specifically, Plaintiff alleges that Defendants imposed an undue burden on Plaintiff by denying him of his constitutional right to justice; Defendants failed to point or cite to any authority that supports a contention that certain codified standards do not create fiduciary duties and are not linked to Defendants' policies; and Defendants failed to point or cite to any authority that supports a contention that Plaintiff's Complaint placed an undue burden upon the Court and Defendants to respond to. As previously stated, Plaintiff's Complaint contains 943 paragraphs (not including sub-paragraphs), 163 pages of exhibits, and 363 total pages. Plaintiff's approximately 19 different causes of action are supported by additional, duplicative, and redundant averments identified by page and paragraph numbers already used. Prior to those causes of action, there are 89-pages of lengthy, complex, and incoherent factual allegations. The entirety of Plaintiff's Complaint should be stricken as scandalous because responding to it would be significantly difficult, and would cause prejudice to, and an undue burden for, Defendants. For Defendants to be able to properly and effectively respond to the causes of action Plaintiff seeks to raise, Plaintiff should be required to remove the unnecessary clutter from the Complaint.

      While we submit that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), alternatively, Plaintiff's Complaint should be stricken in its entirety as scandalous pursuant to Fed. R. Civ. P.

12(f) because responding to it would result in prejudice to, and an undue burden for, Defendants. Plaintiff should be required to amend his Complaint to make it more concise and coherent and allow Plaintiff to properly group his allegations under the appropriate causes of action.

> **3. Plaintiff's Interpretation and Reliance Upon the Continuing Violation Doctrine is Incorrect and Supported by Facts Not Averred to in the Complaint, Therefore, the Four-Year Statute of Limitations Prescribed by 28 U.S.C. § 1658 Bars Plaintiff's Causes of Action Arising Under 42 U.S.C. § 1981.**

In Jones v. R. R. Donnelley & Sons Co., the Supreme Court held that the four-year statute of limitations prescribed by 28 U.S.C. § 1658 would apply to claims that "'aris[e] under an Act of Congress enacted' after December 1, 1990," meaning the four-year statute of limitations would apply to claims brought under 42 U.S.C. § 1981. 541 U.S. 369, 382 (2004).

> The continuing violation doctrine,…is aimed at ensuring that illegal conduct is punished by preventing a defendant from invoking the earliest manifestation of its wrongdoing as a means of running out the limitations clock on a course of misconduct that persisted over time; the doctrine serves that end by treating the defendant's misconduct as a continuing wrong and deeming an action timely so long as the last act evidencing a defendant's violation falls within the limitations period.

United States v. Spectrum Brands, Inc., 924 F.3d 337, 350 (7th Cir. 2019). "Thus, where the violation at issue can be characterized as a continuing wrong, the limitations period begins to run *not* when an action on the violation could first be brought, but when the course of illegal conduct is complete." Id. (citing Taylor v. Meirick, 712 F.2d 1112, 1118 (7th Cir. 1983) ("the statute of limitations does not begin to run on a continuing wrong till the wrong is over and done with")). "If the statute describes an offense that by its nature continues after the elements have been met, then the offense is a continuing one regardless of the nature of defendant's actions beyond that point." Id. at 351 (quoting United States v. Yashar, 166 F.3d 873, 877 (7th Cir. 1999)).

5

Plaintiff asserts that his 42 U.S.C. § 1981 ("Section 1981") claims are not time-barred by the four-year statute of limitations prescribed by 28 U.S.C. § 1658 because under the continuing violation doctrine, Defendants' alleged violations continued into the limitations period. However, Plaintiff's Complaint makes no mention of the dates that Plaintiff now relies upon. As previously stated, Plaintiff avers at multiple paragraphs that all of the alleged misconduct by Defendants took place between 2013 and 2015, prior to his termination on March 29, 2015. Plaintiff's first mention of any date after his termination was in his Response to Defendants' Motion to Dismiss the Complaint Under Rule 12(b). There are no averments in the Complaint that identify any violations under Section 1981 that occurred following his termination.

Additionally, Szplett's reliance upon the continuing violation doctrine is flawed. To have properly relied upon the continuing violation doctrine, there must have been a course of misconduct by the Defendants, with the last act evidencing a violation falling within the limitations period. While Szplett now refers to instances of alleged misconduct that would conveniently bring his Section 1981 claims within the four-year statute of limitations period, the Complaint is devoid of any such averments. In order to have properly brought suit for the alleged Section 1981 violations identified in his Complaint, Szplett must have filed suit no later than March 29, 2019. However, the first time Plaintiff raised these causes of action was in his Complaint filed on April 12, 2019. As with most of Plaintiff's claims, the averments provided in the Complaint in support of Szplett's Section 1981 claims are actions and decisions made by his employer and the employees thereof. At all relevant times to this lawsuit, Plaintiff was employed by Defendant Kenco Logistic Services, LLC ("Kenco"). As such, Plaintiff's Section 1981 claims would be then be directed to Defendant Kenco and the individually named Defendants employed by Kenco, and not Defendants Mars, Inc., Robert Coffey or Todd Moore.

6

Therefore, because Plaintiff failed to timely bring suit for all alleged Section 1981 violations, Counts I, II, III, IV, XII, XV, and XVIII should be dismissed as they are time-barred by the four-year statute of limitations prescribed by 28 U.S.C. § 1658.

> **4. Plaintiff Incorrectly Contends that the Statute of Limitations Period for Counts VI, VII, and XI had Tolled, and Therefore, are Time-Barred by the Applicable Statute of Limitations Prescribed by Illinois Law.**

Under 735 ILCS 5/13-201, the statute of limitations for defamation of character claims is one year after the cause of action accrued. Additionally, under 735 ILCS 5/13-202, the statute of limitations for a negligence claim resulting in personal injury is within two years after the cause of action accrues. In Feltmeier v. Feltmeier, the Illinois Supreme Court held that "the applicable statute of limitations for intentional infliction of emotional distress is two years, because the tort is a form of personal injury." 207 Ill. 2d 263, 278 (2003).

However, when the cause of action actually accrues depends entirely upon whether or not that person is within the state.

> (a) If, when the cause of action accrues against a person, he or she is out of the state, the action may be commenced within the times herein limited, after his or her coming into or return to the state; and if, after the cause of action accrues, he or she departs from and resides out of the state, the time of his or her absence is no part of the time limited for the commencement of the action.
> (b) For purposes of subsection (a) of this Section no person shall be considered to be out of the State or to have departed from the State or to reside outside of the State during any period when he or she is subject to the jurisdiction of the courts of this State with respect to that cause of action pursuant to Sections 2-208 and 2-209 of this Act, Section 10-301 of "The Illinois Vehicle Code", Section 5.25 of the "Business Corporation Act of 1983", or any other statute authorizing service of process which would subject that person to the jurisdiction of the courts of this State. If a person files an action in a court of this State and attempts to secure service of process upon a defendant pursuant to a statute referred to in the preceding sentence, but does not obtain service of process upon such defendant, such defendant shall not be considered to be subject to the jurisdiction of the courts of this State at the time such action was filed, for purposes of the preceding sentence of this section.

735 ILCS 5/13-208(a)-(b).

7

Szplett avers that the alleged defamation by Defendants occurred when they allegedly reported false and misleading information to the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"). Szplett also alleges that Defendant Fowler, who is an employee of Defendant Kenco Logistics, LLC ("Kenco"), made defamatory remarks about him during litigation in the matter of McCurry v. Kenco, et al. As previously mentioned, Plaintiff never filed a Charge with the IDHR or the EEOC against Defendants Mars, Inc., Robert Coffey, or Todd Moore, and therefore, there was never any communication whatsoever by Defendants Mars, Inc., Robert Coffey, or Todd Moore with the IDHR or the EEOC regarding Plaintiff. As such, Plaintiff's claim for defamation, and the allegations relied upon in support thereof, are related specifically to Defendants Kenco and Fowler, not Defendants Mars, Inc., Robert Coffey, or Todd Moore. Further, Defendant Kenco's only communications with the IDHR were in their position statement filed with the IDHR on August 5, 2015, and the fact-finding conference with the IDHR on October 13, 2015. Plaintiff failed to identify in his Complaint a date or time frame during the McCurry v. Kenco, et al. litigation when Defendant Fowler made the alleged defamatory remarks. Using the dates Plaintiff did cite to, for him to have timely raised a claim for defamation of character under 735 ILCS 5/13-201, Plaintiff would have needed to bring suit by October 13, 2016. Plaintiff first raised this claim in his Complaint filed on April 12, 2019. However, Szplett claims that, pursuant to 735 ILCS 5/2-208(b), because Defendant Fowler was out of state and continues to be out of state, the statute of limitations has not run. However, Szplett's interpretation of 735 ILCS 5/2-208(b) is flawed.

Pursuant to 735 ILCS 5/2-209(a), Illinois' long-arm statute states that:

Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits

8

> such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:
>
> …
>
> (2) The commission of a tortious act within this State.

Additionally, "[s]ervice of process upon any person … subject to the jurisdiction of the courts of this State, … may be made by personally serving the summons upon the defendant outside this State, … with the same force and effect as though summons had been personally served within this State." 735 ILCS 5/2-209(d).

Szplett alleges that Defendant Kenco, the only Defendant to have been named in a Charge with the IDHR, allegedly reported false and misleading information to the IDHR, and that Defendant Fowler, made defamatory remarks about him during litigation in the matter of McCurry v. Kenco, et al. In Illinois, defamation is a tort. By allegedly committing a tort, Defendant Fowler would have subjected herself to the jurisdiction of the Illinois courts, and service of process could have been made outside of Illinois by personal service. However, Plaintiff made no attempt to serve Defendant Fowler or any other Defendant in this matter before the filing of his Complaint on April 12, 2019. Because Plaintiff never made any attempt to serve Defendant Fowler outside of Illinois, the limitations period does not toll. See Lewellen v. Morley, No. 88 C 1790, 1988 U.S. Dist. LEXIS 12059, at *5 (N.D. Ill. Oct. 20, 1988). Pursuant to 735 ILCS 5/13-208(b), Defendant Fowler is not considered to be out-of-state under the language of 735 ILCS 5/13-208(a).

Additionally, Szplett alleges that he did not become aware of the defamatory remarks until July 2018 when he "stumbled upon them," and that pursuant to the discovery rule, the limitations period should toll. However, Plaintiff avers in his Complaint that these defamatory remarks were made by Defendants in their position statement to the IDHR and after the fact-

9

finding conference, which Plaintiff avers he attended. (Complaint, p. 116, ¶¶ 79, 82). Defendants submitted their position statement to the IDHR on August 5, 2015, and the fact-finding conference with the IDHR took place on October 13, 2015. Szplett attended this fact-finding conference, and if Defendants had made any defamatory statements regarding him, he would have been aware of it at that time. Szplett attending this fact-finding conference makes his claim that he did not become aware of the alleged defamatory remarks until July 2018 appear all the more unlikely. Accordingly, because Plaintiff first raised this defamation claim in his Complaint filed on April 12, 2019, Count VI should be dismissed as it is time-barred by the one-year statute of limitations prescribed by 735 ILCS 5/13-201.

     Plaintiff also attempts to rely upon 735 ILCS 5/13-208(a) to support his claims that his causes of action for negligent failure to comply with the public policies of several statutes and for intentional infliction of emotional distress were timely filed. However, Plaintiff's reliance on this statute for both of these causes of action is flawed for the same reasons as his reliance on this statute for his defamation claim: both the negligence and intentional infliction of emotional distress claims are torts, for which personal service upon all out-of-state Defendants would have been proper, however, Plaintiff never attempted to serve process on any Defendant prior to the filing of his Complaint on April 12, 2019. Defendant Fowler was not considered to be out-of-state under the language of 735 ILCS 5/13-208(a).

     Additionally, Plaintiff avers in support of his claim for negligent failure to comply with the public policies of multiple statutes several instances of how Defendants were negligent in complying with those statutes, all of which relate to employment decisions and actions. This cause of action would then be directed specifically at Defendant Kenco, because Plaintiff was employed by Defendant Kenco, not Mars, Inc., and also at Defendants Walsh, Manzello, Fowler,

10

Jabaley, Elliot, Lopez, Spier, and Hise, as well as two other individuals not named in this action, all of which are employees of Defendant Kenco. (Complaint, p. 132, ¶ 181)  Further, in support of his claim for intentional infliction of emotional distress, Plaintiff avers several employment related decisions and actions.  This cause of action must also be directed specifically at Defendant Kenco because Plaintiff was employed by Kenco, not Mars, Inc.  Therefore, to have timely filed a claim for negligence under 735 ILCS 5/13-202, Plaintiff would have needed to file suit by March 29, 2017.  And to have properly raised a cause of action for intentional infliction of emotional distress under 735 ILCS 5/13-202, Plaintiff would have needed to file suit by April 8, 2017.  Instead, Plaintiff first raised these claims in his Complaint filed on April 12, 2019. Therefore, Counts VII and XI of Plaintiff's Complaint should be dismissed as they are time-barred by the applicable Illinois statute of limitations.

III. <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that all of Plaintiff's claims against Defendants be dismissed with prejudice due to Plaintiff's failure to satisfy the "short and plain statement" requirement of Fed.R.Civ.P. 8(a)(2).  Alternatively, Defendants respectfully request that Plaintiff's Complaint be stricken in its entirety as it is excessively long, complex and incoherent pursuant to Fed.R.Civ.P. 12(f).  Additionally, Defendants respectfully request that Counts I, II, III, IV, VI, VII, XI, XII, XV, and XVII be dismissed with prejudice as they are barred by the applicable statute of limitations.


Dated: September 10, 2019                    Respectfully submitted,

                                                                /s/ Thomas R. Davies_____
                                                                Thomas R. Davies, Esq. PA #35260
                                                                Kimberly J. Overbaugh, Esq. PA #85610
                                                                HARMON & DAVIES, P.C.

              2306 Columbia Ave.
              Lancaster, PA 17603
              Tel. (717) 291-2236
              Fax (717) 291-2236
              tdavies@h-dlaw.com
              koverbaugh@h-dlaw.com
              Attorneys for Defendants
              Mars, Inc., Robert Coffey
              and Todd Moore

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record herein this matter, hereby certify that on September 10, 2019, I electronically filed a copy of the foregoing **Defendants' Reply Memorandum in Support of Motion to Dismiss the Complaint Under Rule 12(b)** with the Clerk of the Court using the CM/ECF system. I further certify that a copy of the foregoing has been served by U.S. mail, postage prepaid to the following non-ECF participant:

>Leonard A. Szplett
>3421 W. 1500 NW Road
>Kankakee, IL 60901

>/s/ Thomas R. Davies
>Thomas R. Davies, Esq. PA #35260
>Kimberly J. Overbaugh, Esq. PA #85610
>HARMON & DAVIES, P.C.
>2306 Columbia Avenue
>Lancaster, PA 17603
>Tel. (717) 291-2236
>Fax (717) 291-2236
>tdavies@h-dlaw.com
>koverbaugh@h-dlaw.com
>Attorneys for Defendants
>Mars, Inc., Robert Coffey
>and Todd Moore