UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEONARD A. SZPLETT, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-02500 |
| | ) Judge Gary Feinerman |
| KENCO LOGISTIC SERVICES, LLC, a | ) |
| TENNESSEE LIMITED LIABILITY COMPANY, | ) |
| MARS, INC., THE HARTFORD, DAVID | ) |
| JABALEY, MARIO LOPEZ, TAMMI FOWLER, | ) |
| PAULA HISE, TRACE SPIER, ROBERT | ) |
| COFFEY, TODD MOORE, JAY ELLIOTT, | ) |
| DAVID CAINES, MICHAEL MANZELLO, | ) |
| DAVID CRAWLEY, and KEVIN WALSH | ) |
| | ) |
| Defendants. | ) |

**HARTFORD'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS**

Hartford Life and Accident Insurance Company, erroneously identified in the Complaint as "The Hartford," by its attorneys, submits its Reply in Support of Its Motion to Dismiss, which argues the claims asserted against Hartford should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state claims upon which relief can be granted.

## I.     INTRODUCTION

Szplett's failure to address three arguments asserted in Hartford's Motion to Dismiss amounts to his acquiescence to, and his waiver of any opposition to, those arguments. The first such argument – that the Complaint does not satisfy federal pleading standards because it improperly lumps all fifteen defendants together for purposes of liability – is dispositive of all the claims Szplett asserts against Hartford. Szplett also ignores Hartford's arguments that Szplett's action for intentional infliction of emotional distress should be dismissed because it is preempted by ERISA, and that Szplett failed to allege the essential elements of such a claim. Finally, Szplett

does not dispute Hartford's argument that the Complaint does not contain allegations sufficient to state a claim for relief against Hartford for retaliation. Because Szplett acquiesced and waived his opposition to those three arguments, this Court should grant Hartford's Motion and dismiss Szplett's actions for failure to state claims upon which relief can be granted.

The two arguments to which Szplett responded highlight the pleading deficiencies of his Complaint. Hartford argued the Complaint failed to allege facts sufficient to state facially plausible claims for reverse discrimination and fraud by Hartford. Szplett tacitly acknowledges his failure to allege such facts by responding that he "believes" Hartford participated and/or may have participated in reverse discrimination and fraud. Szplett's unsupported *beliefs* about Hartford's conduct do not permit this Court to infer it is "more than a sheer possibility that [Hartford] acted unlawfully" in violation of § 1981 or engaged in fraud. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Szplett's Complaint, therefore, fails to allege plausible causes of action against Hartford for reverse discrimination and fraud.

Because Szplett's Complaint does not allege facts sufficient to state plausible – or viable – claims for relief against Hartford, this Court should dismiss the causes of action Szplett asserts against Hartford.

## II. ARGUMENT

### A. Szplett acquiesced to the dismissal of his claims against Hartford.

"[W]hen presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action. The federal courts will not invent legal arguments for litigants." *Green v. Charter One Bank, N.A.*, 640 F. Supp.2d 998, 1005 (N.D. Ill. 2009) (quoting *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995)). Szplett's "failure to respond permits an inference of acquiescence" to Hartford's arguments "and acquiescence operates as a waiver."

2

*Id.* (quoting *Wojtas v. Capital Guardian Trust*, 477 F.3d 924, 926 (7th Cir. 2007)). Szplett acquiesced to and waived his arguments in opposition to three of Hartford's arguments, one of which was dispositive of all of Szplett's claims against Hartford. Accordingly, the causes of action Szplett asserts against Hartford fail to state claims for relief and should be dismissed.

> **1. Szplett acquiesced to the argument that all of his causes of action against Hartford fail to satisfy the pleading standard that Rule 8 of the Federal Rules of Civil Procedure establishes.**

Hartford argued that claims premised on allegations of undifferentiated conduct by and among several defendants fall short of Rule 8's pleading standards and, therefore, do not state plausible claims for relief. *Hartford's Memorandum in Support of Its Motion to Dismiss*, pp. 11-13, hereafter "*Memo.*, p. __." Szplett's failure to allege which defendants engaged in what conduct makes "[i]t is impossible to discern from the allegations in Szplett's Complaint" what Hartford is called upon to defend. *Memo.*, p. 14. The Complaint's failure to notify Hartford of the conduct it must defend means his actions against Hartford do not satisfy Rule 8's pleading standard and, thus, do not state plausible claims for relief against it. *Memo.*, pp. 11-14.

Because Szplett's brief in opposition to Hartford's Motion did not address Hartford's argument – which argument is dispositive of all of Szplett's actions – Szplett acquiesced to and waived any objections to that argument. This Court, therefore, should dismiss Szplett's causes of action against Hartford for failure to state plausible claims upon which relief could be granted.

> **2. Szplett acquiesced and waived his opposition to arguments that his IIED claim against Hartford fails to state a claim for relief.**

Decades of decisions by the United States Supreme Court confirm that ERISA's civil enforcement remedies are the exclusive means for vindicating one's rights in connection with an employee benefit plan. See *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52-54 (1987). Actions that "duplicate, supplement, or supplant" ERISA's remedies, therefore, are preempted. *Aetna Health*

3

*Inc. v. Davila*, 542 U.S. 200, 209 (2004). Szplett's IIED claim seeks relief for injuries allegedly caused by Hartford's termination of his disability benefits, which benefits were made available to Szplett through Kenco's employee benefit plan. *Memo.*, pp. 4, 8-9. ERISA's civil remedies would be supplemented or supplanted if state law provided Szplett an avenue to recover for the injuries he alleged in his IIED action. *Memo.*, pp. 8-10. Hartford, therefore, argued Szplett's IIED claim should be dismissed as preempted by ERISA. *Memo.*, pp. 8-10.

Szplett's one-sentence response is: "Szplett contends that the Hartford is liable for violations of § 1981 and that is [*sic*] claims are not preempted under ERISA." (Response, p. 1). Szplett's failure to identify any grounds for deviating from long-standing Supreme Court precedent concerning ERISA preemption amounts to a waiver of any such arguments. The same is true of Hartford's other argument concerning the IIED action; i.e., the Complaint does not allege the factual elements necessary to state an IIED cause of action. *Memo.*, p. 10. Because Szplett acquiesced and waived his opposition to Hartford's arguments for the dismissal of his IIED action, that action fails to state a claim upon which relief can be granted and should be dismissed.

> **3. Szplett acquiesced and waived his opposition to Hartford's argument that the § 1981 retaliation action fails to state a claim for relief against Hartford.**

For Szplett to state a § 1981 retaliation action, his Complaint must allege a causal connection between his engaging in protected activity and experiencing an adverse employment action. *Memo.*, p. 7. If Szplett's opposition to Kenco's allegedly discriminatory conduct was "protected activity" for purposes of § 1981, Szplett could only state a retaliation claim against Hartford if he also alleged facts demonstrating Hartford's termination of Szplett's disability benefits was in response to his protected activity. See *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009) (elements of a § 1981 retaliation claim). The Complaint contains no such allegations. Indeed, the Complaint lacks the most fundamental of allegations necessary for establishing

4

Hartford retaliated against Szplett because of his opposition to discrimination: there are no allegations suggesting Hartford knew anything about Kenco's allegedly discriminatory practices or Szplett's opposition to the same. *Memo.*, p. 7. One cannot reasonably infer Hartford retaliated against Szplett for resisting Kenco's discrimination when Hartford knew nothing of Kenco's alleged discrimination or Szplett's alleged resistance to it.

Szplett ignores Hartford's arguments. Instead, he asserts a new argument: Hartford denied his claim for disability benefits because doing so was part of a "calculated and orchestrated" scheme to pressure Szplett into supporting allegedly discriminatory practices by Kenco and Mars. *Plaintiff's Response to Defendant Hartford's 12b(6) Motion to Dismiss*, p. 4, hereafter "*Resp.*, p. __." Szplett's new argument suffers from the same deficiency as the action reflected in the Complaint: nothing suggests Hartford was aware of Kenco's and Mars' allegedly discriminatory employment practices.[1] Even under Szplett's new argument, his retaliation action fails to allege facts sufficient to state a plausible claim for relief.

More significantly for Hartford's Motion, Szplett's Complaint says nothing about the scheme Hartford purportedly participated in, and Szplett cannot amend his Complaint with arguments advanced for the first time in his brief opposing that Motion. See *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Szplett's new argument,

---

[1] Szplett's new argument appears based on the timing of Hartford's letter terminating Szplett's disability benefits. The letter was issued on April 8, 2015, which was around the time Kenco was asking Szplett to enter into a severance agreement. *Resp.*, pp. 3-4; *Memo.*, Exh. A. Szplett's argument assumes the timing of Hartford's letter signals its participation in a scheme to pressure Szplett into going along with allegedly discriminatory employment practices. But the timing of Hartford's letter was dictated by Szplett's application for benefits on October 28, 2014, Hartford's approval of benefits beginning October 22, 2014, and documentation Hartford received from Szplett's physician dated February 23, 2015, March 5, 2015, March 31, 2015, and April 3, 2015. *Memo.*, Exh. A. Hartford's letter confirms that the information it received between February 23 and April 3 was critical to its determination that Szplett was not entitled to benefits after February 28, 2015. *Memo.*, Exh. A, pp. 2-3. Consequently, the only reasonable inference to draw about the timing of Hartford's letter is that it was driven by updated information Hartford received from Szplett's physician.

5

therefore, should not be considered in connection with Hartford's Motion.

Hartford argued that Szplett's § 1981 retaliation action fails to state a claim for relief against Hartford because it does not allege a causal connection between Szplett's conduct and retaliation by Hartford. By not challenging Hartford's argument, Szplett acquiesced and waived his opposition to it. This Court, therefore, should dismiss Szplett's § 1981 retaliation action against Hartford for failure to state a claim upon which relief can be granted.

**B.    Szplett's "belief" that Hartford participated in reverse discrimination and fraud is premised on his fundamental misunderstanding of how his employee benefit plan operated.**

**1. The Complaint does not plausibly allege Hartford participated in reverse discrimination when it denied Szplett's claim for disability benefits.**

Hartford argued the "Complaint does not allege any of the facts necessary to state a plausible reverse discrimination claim against Hartford under § 1981." *Memo.*, p. 6. Szplett asserts for the first time in his opposition that Hartford denied his claim for disability benefits at Kenco's direction. *Resp.*, pp. 2-3. Szplett's erroneous assertion that Hartford would look to Kenco to decide a benefit claim appears based on his equally erroneous assertions that Hartford was the Plan Administrator for the Kenco employee benefit plan and that the plan was self-funded. *Resp.*, pp. 2-3. The insinuation is that Hartford was somehow beholden to Kenco or was otherwise obliged to take direction from Kenco when administering claims. That is not how employee benefit plans work, generally, and it is not how Kenco's employee benefit plan worked, in particular. Moreover, none the assertions in Szplett's opposition were alleged in his Complaint. As a result, even if Szplett's theory of liability were viable – which it is not – the Complaint still fails to state a plausible retaliation action against Hartford. That cause of action, therefore, should be dismissed.

Kenco's employee benefit plan, which Szplett alleged provided disability benefits to "3,000+ employees nationwide," was known as the "Group Short Term Disability Plan for

employees of KENCO" (the "Plan"). *Compl.*, ¶ 22; p. 7 and *Memo.*, Exh. C, p. 27. The benefits the Plan provided were funded by a group insurance policy issued by Hartford. *Memo.*, Exhs. B and C, p. 27. That policy and the accompanying Certificate of Insurance governed the administration of the Plan ("Plan Documents"). *Memo.*, Exhs. B and C, p. 27. Those Plan Documents described who was eligible to receive Plan benefits and the circumstances under which benefits would be available. *Memo.*, Exhs. B and C, p. 27.

Kenco was the Plan Administrator for the Plan. *Memo.*, Exh. C, p. 27. Hartford was the "claims fiduciary for benefits provided under the Policy." *Memo.*, Exh. C, p. 27. In that role, Hartford had "full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy." *Memo.*, Exh. C, p. 27. In short, Hartford *alone* determined whether Plan participants such as Szplett were entitled to Plan benefits. Kenco did not have a say in the matter. Hartford, therefore, was in no way beholden to or obliged to follow "directives" from Kenco or anyone else when deciding Spzlett's benefit claim.

Furthermore, as the Plan's claims fiduciary, Hartford had a duty to pay benefits only "in conformity with the plan documents." *Kennedy v. Plan Admin. for DuPont Sav. and Inv. Plan*, 555 U.S. 285, 300 (2009). ERISA's so-called "plan documents rule"[2] requires plan fiduciaries "to act 'in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of [Title I] and [Title IV] of [ERISA],' § 1104(a)(1)(D), and ERISA provides no exemption from this duty when it comes time to pay benefits." *Id.* Benefit claims like Szplett's "therefore stand[] or fall[] by the terms of the plan." *Id.*

The Complaint contains no allegations from which this Court can reasonably infer that

---

[2] *Kennedy* explained that the "plan documents rule" arises out of ERISA's requirement that "'[e]very employee benefit plan [must] be established and maintained pursuant to a written instrument,' 29 U.S.C. § 1102(a)(1), 'specify[ing] the basis on which payments are to be made from the plan,' 29 U.S.C. § 1102(b)(4)." *Kennedy*, 555 U.S. at 300.

Kenco issued or that Hartford followed "directives" to deny Szplett's claim for benefits. The only reasonable inference to draw from the discretion given to Hartford to construe and interpret the Plan, Hartford's statutory obligation to administer Plan benefits according to the Plans' terms, and the Complaint's silence about any "directives" from Kenco, is that Hartford looked *only* to the terms of the Plan Documents and exercised its own judgment when deciding whether Szplett was entitled to the Plan's benefits.[3]

Szplett's Complaint does not allege "factual content that allows the court to draw the reasonable inference that Hartford is liable" for reverse discrimination in violation of § 1981. See *Iqbal*, 556 U.S. at 678. Accordingly, Szplett's Complaint does not state a reverse discrimination action against Hartford that is plausible on its face, and this Court should dismiss that cause of action for failure to state a claim upon which relief can be granted.

**2. Szplett failed to allege fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.**

Szplett's naked assertion that he was "defrauded out of disability benefits" by the defendants forms part of nine different causes of action in the Complaint. *Memo.*, p. 14. Those claims fail because Szplett did not allege with particularity the facts necessary to plead fraud. *Memo.*, p. 15.

Szplett alleges his claim for continued disability benefits was denied because someone forwarded his physician a "false and misleading job description." *Compl.*, ¶ 6(c); p. 99. Szplett acknowledges that he does not know whether Hartford forwarded the job description. *Resp.*, pp. 5-6. All he can say is that he believes it was sent by Kenco or Hartford. *Resp.*, pp. 5-6. Szplett's

---

[3] Hartford's letter terminating Szplett's disability benefits confirms this. It explains that Szplett's benefits were terminated because he was no longer prevented by injury or sickness from performing the duties of his occupation. *Memo.*, Exh. A. Szplett, in other words, was not entitled to continued disability benefits because he was no longer "Totally Disabled" under the terms of the Plan. *Memo.*, Exh. A.

8

belief appears based on the following assertions: (1) the job description was sent from a "Kenco managed site that was unrelated to the Mars Manteno facility and no other Defendant or person would have had access to this documentation;" and (2) Hartford was an agent of Kenco. *Resp.*, p. 5. Neither assertion appears in the Complaint and, so, both should be disregarded for purposes of deciding Hartford's Motion.

Moreover, nothing in the Complaint allows this Court to infer that Hartford was Kenco's agent.[4] The Complaint and Plan Documents confirm Hartford's only connection to Kenco was as the insurer of the Plan and its claims fiduciary. See *Compl.*, ¶ 22; p. 7; *Memo.*, Exh. C, p. 27. And because Hartford was not Kenco's agent, there is no basis for inferring Hartford had access to or had the ability to *send from a Kenco facility* a description of Szplett's job duties.

Hartford also argued Szplett's fraud actions must be dismissed because they do not allege with particularity what was "false and misleading" about the offending job description. *Memo.*, p. 15. Szplett did not challenge that argument. Accordingly, Szplett acquiesced and waived any opposition to that argument.

The Complaint does not allege with the particularity required by Rule 9(b) that Szplett was defrauded out of his disability benefits. Accordingly, the nine causes of action that sound in fraud should be dismissed for failure to state plausible claims for relief.

---

[4] Notably, Szplett's assertion that Hartford was Kenco's agent conflicts with another assertion he makes: that Kenco was *Hartford's employee*. In Heading 1 of his opposition, Szplett asserts that Hartford is liable for the § 1981 violations committed by Kenco and Mars under a *respondeat superior* theory of liability. *Resp.*, p. 2. *Respondeat superior* imposes liability on employers for torts their employees commit within the scope of their employment. *Sunseri v. Puccia*, 97 Ill. App. 3d 488, 493, 422 N.E.2d 925, 930 (1981) ("Under traditional *respondeat superior* analysis, an employer is liable for an employee's torts committed within the scope of that employment."). Under Szpett's *respondeat superior* theory, therefore, Hartford could be vicariously liable for the actions of Kenco and Mars *only if* they were *employees of Hartford*. The Complaint alleges no facts from which this Court could reasonably infer Kenco or Mars were Hartford's employees. Accordingly, Szplett's naked assertion that Hartford is liable for the conduct of Kenco and Mars under a *respondeat superior* theory fails.

**C.      Szplett's remaining arguments are not found in the Complaint, are not viable, or are not relevant.**

**1.      Szplett argues for the first time in his opposition brief that he had an employment contract with Kenco and Mars that was breached when Hartford terminated his disability benefits.**

Szplett's assertion that the denial of his claim for disability benefits breached an employment contract he had with Kenco and Mars is not part of his Complaint and is not responsive to any of Hartford's arguments. *Resp.*, p. 2. Furthermore, the Complaint contains no allegations about the terms of the purported employment contract that Szplett contends was breached. Also, Szplett cites no authority for the argument, which is implicit in his assertions, that Hartford could be liable if its faithful administration of the Plan resulted in a breach of the reported agreement between him and Kenco or Mars. In light of all this, this Court should ignore Szplett's assertions when deciding Hartford's Motion to Dismiss.

**2.      Szplett argues for the first time that Hartford violated HIPAA.**

It is not clear why Szplett asserted in his opposition brief that Hartford violated the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 300gg, et seq. ("HIPAA"). Szplett's Complaint does not assert an action for violations of HIPAA and the argument is not responsive to Hartford's arguments that Szplett's causes of action fail to state claims for relief. In addition, there is no private right of action for violations of HIPAA, so even if Szplett had asserted a HIPAA claim in the Complaint, it would have to be dismissed for failure to state a claim for relief. See *Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011) (citing *Acara v. Banks*, 470 F.3d 569, 570–72 (5th Cir.2006); *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir.2010); *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir.2010), *cert. denied*, 562 U.S. 1222 (2011); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n. 4 (10th Cir.2010)). This Court should ignore Szplett's HIPAA arguments for purposes of deciding Hartford's Motion to Dismiss.

10

    **3.    Szplett's arguments about various food safety statutes or standards are not relevant to Hartford's Motion to Dismiss.**

Szplett refers to the Food Safety and Modernization Act, 21 U.S.C. § 301, et seq., "the FDA's medical device quality management system-Quality System Regulation (QSR) 21 CFR Part 820," and the "International Organization for Standardization – (ISO) 9001." *Resp.*, p. 5 n.2. Those authorities are not responsive to and have no bearing on Hartford's arguments that the causes of action Szplett asserts against Hartford should be dismissed because they fail to state plausible claims for relief. Accordingly, this Court should ignore those arguments when deciding Hartford's Motion to Dismiss.

    **4.    This Court should not consider Exhibits 1 and 2 attached to Szplett's brief.**

"As a general rule, on a Rule 12(b)(6) motion, the court may only consider the plaintiff's complaint." *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). An exception to that rule that provides that "[d]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Id.* The exception also applies to documents attached to a plaintiff's response to a Rule 12(b)(6) motion. *Metz v. Joe Rizza Imports, Inc.*, 700 F. Supp.2d 983, 988 (N.D. Ill. 2010).

Exhibits 1 and 2 to Szplett's brief do not fall within the exception that would allow this Court to consider them in connection with Hartford's Motion to Dismiss. They were not referred to in Szplett's Complaint and they are not central to any of the causes of action asserted in the Complaint. Accordingly, this Court should not consider those Exhibits when deciding Hartford's Motion.

### III.    CONCLUSION

Szplett's Complaint does not allege sufficient factual matter to state facially plausible claims for relief against Hartford. This Court, therefore, should dismiss Szplett's actions against

Hartford for failure to state claims upon which relief can be granted.

          Respectfully submitted,

By:   /s/ Joseph R. Jeffery
*Counsel for Hartford Life and Accident Insurance Company, erroneously identified in the Complaint as "The Hartford"*

Donald A. Murday
dmurday@cmn-law.com
Joseph R. Jeffery
jjeffery@cmn-law.com
CHITTENDEN, MURDAY & NOVOTNY LLC
303 W. Madison Street, Suite 1400
Chicago, Illinois 60606
(312) 281-3600

## **CERTIFICATE OF SERVICE**

I hereby certify that on **September 10, 2019**, I electronically filed Hartford's Reply in Support of Its Motion to Dismiss, with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system which sent notification of such filing to the following CM/ECF registered participants:

| | |
|---|---|
| Jody Wilner Moran, Esq. | Thomas R. Davis, Esq. |
| Julia P. Argentieri, Esq. | Kimberly J. Overbaugh, Esq. |
| Jackson Lewis, P.C. | Harmon & Davies, P.C. |
| 150 N. Michigan Avenue | 2306 Columbia Aveue |
| Suite 2500 | Lancaster, PA  17603 |
| Chicago, IL 60601 | tdavies@h-dlaw.com |
| jody.moran@jacksonlewis.com | koverbaugh@h-dlaw.com |
| julia.argentieri@jacksonlewis.com | |

I further certify that a copy of the foregoing has been served by e-mail and U.S. Mail, postage prepaid to the following non-ECF participant:

Leonard A. Szplett
3421 W. 1500 NW Road
Kankakee, IL 60901
Stkbnd2000@aol.com

/s/ Joseph R. Jeffery
CHITTENDEN, MURDAY & NOVOTNY LLC
303 West Madison Street, Suite 1400
Chicago, Illinois  60606
(312) 281-3600 (phone)
(312) 281-3678 (fax)
jjeffery@cmn-law.com