## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LEONARD A. SZPLETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-02500 |
| | ) | |
| KENCO LOGISTIC SERVICES, LLC, a | ) | Judge Gary Feinerman |
| Tennessee Limited Liability Company, Mars, | ) | Magistrate Judge Young B. Kim |
| Inc., The Hartford, DAVID JABALEY, MARIO | ) | |
| LOPEZ, TAMMI FOWLER, PAULA HISE, | ) | |
| TRACE SPIER, ROBERT COFFEY, TODD | ) | |
| MOORE, JAY ELLIOT. DAVID CAINES, | ) | |
| MICHAEL MANZELLO, DAVID CRAWLEY, | ) | |
| and KELVIN WALSH, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

DEFENDANTS, Kenco Logistics Services, LLC, Kelvin Walsh, Paula Hise, Tammi Fowler, David Jabaley, Mike Manzello, David Caines, Trace Spier, Jay Elliott and Dwight Crawley (improperly named as David Crawley), (collectively "the Kenco Defendants") by and through their undersigned Counsel, submit this reply in support of their motion to dismiss Plaintiff Leonard Szplett's Amended Complaint, with prejudice, and state as follows:

The Kenco Defendants requested dismissal of Szplett's claims with prejudice because his claims are time-barred under 42 U.S.C. §1981.   It is undisputed that Szplett's employment at Kenco ended March 29, 2015, when Kenco lost the contract at the Mars warehouse. (Dkt. 1, ¶¶ 294-295.)  Szplett filed this lawsuit on April 12, 2019. (Dkt. 1.)  Thus, his termination occurred more than four years prior to his filing of this 42 U.S.C. §1981 discrimination lawsuit against the Kenco Defendants.

In his response (Dkt. 43), Szplett agrees that he was terminated from Kenco more than four years prior to filing the lawsuit.

Szplett's response to the Kenco Defendants' Motion to Dismiss makes two arguments. First, he incorrectly attempts to rely on post-termination actions by Kenco's third-party benefits administrator, the Hartford, to extend the statement of limitations for pursuing claims against Kenco. Second, he seeks to alternatively extend the statute of limitations by arguing that he did not learn he was "demoted" until months after his termination. Neither of these arguments carries weight.

Szplett argues that his lawsuit should be treated as timely filed because he received a letter from the Hartford on April 14, 2015 denying his disability benefits. (Response at p. 2.) A post-termination determination from Kenco's third-party benefits administrator about Szplett's disability benefits does not extend the four-year period during which Szplett can pursue a 42 U.S.C. §1981 claim against his employer. Indeed, Kenco had no input or involvement whatsoever related to the carrier's denial of benefits. The Kenco Defendants are not the proper defendants in a claim arising from the post-termination denial of benefits. *See Thurston v. Borden Waste-Away Service, Inc.,* 1998 WL 456441, *11 (N.D. Ind., May 11, 1998); *Mirocha v. Metro Life Ins. Co.,* 56 F. Supp. 3d 925, 932 (N.D. Ill. 2014) (claim against benefits administrator for denial of benefits is brought under ERISA and standard is abuse of discretion).

Alternatively, Szplett's response makes the convoluted argument that after his termination, he came to believe that Kenco had purportedly demoted him by hiring another HR Manager (Lori Varvel) while he was on a medical leave. He cannot and has not pled sufficient factual allegations to support a demotion. Szplett was on an approved medical leave of absence beginning October 2014 (Response at p. 2) and did not return to work prior to Kenco losing the contract at that site.

His acknowledgment that Varvel was hired for a different role, assisting with minimizing business disruption during his leave of absence undermines his claim (Response at p. 5.) His attempt to connect her hire with a demotion is specious. Szplett was on an approved leave of absence, and does not allege that anyone from Kenco communicated with him during his leave about terms and conditions of his employment. Without allegations that Kenco communicated to Szplett that he was being demoted, or allegations that his title or compensation changed while he was on medical leave, Szplett cannot state a claim of retaliatory demotion.

But even assuming *arguendo* that Szplett learned on August 5, 2015, (Response at p. 5) that he suffered an "adverse employment action" many months earlier while employed at Kenco, (which he did not) the doctrine of equitable tolling cannot apply because he still could have filed a lawsuit well within the original four-year statute of limitations (anytime prior to October 2018) following his purported demotion in October 2014 and he chose not to do so. *Hardin v. CNA Ins. Co.,* 103 F. Supp. 2d 1091, 1098 (S.D. In. Nov. 4, 1999) (equitable tolling inapplicable where plaintiff could have brought lawsuit within the statutory limitations period). The doctrine only tolls the statute of limitations when a party moves with reasonable diligence thereafter to pursue a claim. Here, Szplett's 42 U.S.C. §1981 claim arising from a purported demotion could have been filed within four years of the alleged adverse action, and it was not. Accordingly, Szpett's 42 U.S.C §1981 discrimination complaint is time-barred and should be dismissed with prejudice pursuant to Fed. R. Civ. Pro. 12(b)(6).

Szplett's response fails to shed light on what, if any, other claims are at issue in his incoherent Amended Complaint. For the reasons previously articulated in the Kenco Defendants' Motion, any remaining portions of Szplett's Amended Complaint, to the extent they exist, should be dismissed due to violations of Fed. R. Civ. Pro. 8 and 9.

WHEREFORE, for all the reasons stated herein, and in Defendants' Motion and Memorandum in Support, Defendants, Kenco Logistics Services, LLC, Kelvin Walsh, Paula Hise, Tammi Fowler, David Jabaley, Mike Manzello, David Caines, Trace Spier, Jay Elliott and Dwight Crawley request that the Court dismiss Szplett's Amended Complaint with prejudice in accordance with Fed. R. Civ. Pro. 12(b)(6) and grant such additional relief as the Court deems proper.

Respectfully submitted,

Dated: September 10, 2019

**KENCO LOGISTICS SERVICES, LLC, KELVIN WALSH, MIKE MANZELLO, DAVID JABALEY, TAMMI FOWLER, PAULA HISE, TRACE SPIER, DAVID CAINES, DWIGHT CRAWLEY AND JAY ELLIOTT**

By: _____/s/ Jody Wilner Moran_____
            One of Their Attorneys

Jody Wilner Moran
Julia P. Argentieri
**Jackson Lewis P.C.**
150 North Michigan Avenue
Suite 2500
Chicago, Illinois 60601
Telephone: (312) 787-4949
Facsimile: (312) 787-4995
moranj@jacksonlewis.com
julia.argentieri@jacksonlewis.com

4

## CERTIFICATE OF SERVICE

I, Julia P. Argentieri, an attorney, hereby certify that on September 10, 2019, I electronically filed a copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FED. R. CIV. PRO. 12(b)(6)** with the Clerk of the Court using the CM/ECF system. I further certify that a copy of the foregoing has been mail and email to the following non-ECF participant:

> Leonard Szplett
> 3421 W. 1500 NW Road
> Kankakee, IL 60901
> Stkbnd2000@aol.com

> By: /s/ Julia P. Argentieri
> One of the Attorneys for the Defendants