UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD A. SZPLETT, | ) | |
| | ) | |
| Plaintiff, | ) | 19 C 2500 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| KENCO LOGISTIC SERVICES, LLC, MARS, INC., THE HARTFORD, DAVID JABALEY, MARIO LOPEZ, TAMMI FOWLER, PAULA HISE, TRACE SPIER, ROBERT COFFEY, TODD MOORE, JAY ELLIOTT, DAVID CAINES, MICHAEL MANZELLO, DAVID CRAWLEY, and KELVIN WALSH, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### ORDER

Defendants' motions to dismiss [23][27][32] are granted for the reasons set forth below. The amended complaint [21] is dismissed without prejudice. Plaintiff has until 10/17/2019 to file a second amended complaint. Failure to do so will result in the dismissal with prejudice of this suit.

### STATEMENT

The body of the operative complaint exceeds 200 pages and 940 paragraphs. Doc. 21. The complaint violates Civil Rule 8(a)(2) because its length and disorganization make it incoherent and unintelligible, imposing an unacceptable burden on Defendants and the court. The complaint is dismissed for the reasons set forth in cases like *Faulkner v. Loftus*, 775 F. App'x 245, 246 (7th Cir. 2019) (affirming dismissal of a complaint due to "its length and unintelligibility"); *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011) ("[W]here lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy."); and *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter.").

The dismissal is without prejudice, and Plaintiff is given leave to file a second amended complaint. If Plaintiff files a second amended complaint, he should be sure to clearly articulate the wrongs allegedly committed against him and the particular defendants who allegedly committed each wrong. When possible, he should take care to keep separate any allegations that pertain to some defendants and not to others. In addition, he should be sure to include only those allegations that are pertinent to him, as opposed to cutting and pasting allegations from

complaints in other cases that do not pertain to him. And, finally, Plaintiff should be sure to comply with Rule 8(a)(2)'s requirement that he provide a "short and plain statement" of his claims. Fed. R. Civ. P. 8(a)(2).

September 19, 2019

_____
United States District Judge