UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEONARD A. SZPLETT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KENCO LOGISTIC SERVICES, LLC, a ) <br> Tennessee Limited Liability Company, Mars, ) <br> Inc., The Hartford, DAVID JABALEY, MARIO ) <br> LOPEZ, TAMMI FOWLER, PAULA HISE, ) <br> TRACE SPIER, ROBERT COFFEY, TODD ) <br> MOORE, JAY ELLIOT. DAVID CAINES, ) <br> MICHAEL MANZELLO, DWIGHT CRAWLEY, ) <br> and KELVIN WALSH, ) <br> ) <br> Defendants. ) | Case No. 1:19-cv-02500 <br><br> Judge Gary Feinerman <br> Magistrate Judge Young B. Kim |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS
SZPLETT'S SECOND AMENDED COMPLAINT (DKT. NO. 53)**

DEFENDANTS, Kenco Logistics Services, LLC, Kelvin Walsh, Paula Hise, Tammi Fowler, David Jabaley, Mike Manzello, David Caines, Trace Spier, Jay Elliott and Dwight Crawley, (collectively "the Kenco Defendants") by and through their undersigned Counsel, move to dismiss Plaintiff Leonard Szplett's Second Amended Complaint (Dkt. No. 53), with prejudice, and in support thereof, state as follows:

**INTRODUCTION**

On September 19, 2019, the Court dismissed Szplett's Amended Complaint without prejudice, holding that "the body of the operative complaint exceeds 200 pages and 940 paragraphs. Doc. 21. The complaint violates Civil Rule 8(a)(2) because its length and disorganization make it incoherent and unintelligible, imposing an unacceptable burden on Defendants and the Court." *See* Dkt. No. 52. The dismissal order expressly required that Szplett's Second Amended Complaint consist of a "**short plain statement**" in accordance with federal

1

rules, and furthermore, that Szplett refrain from cutting and pasting allegations from other complaints in other cases that do not pertain to him. *Id.*

Disregarding the most recent dismissal order, Szplett has filed a Second Amended Complaint ("SAC") which continues to violate the Federal Rules and the Court's explicit order. Once again, his SAC is unreasonably voluminous, disorganized and incoherent. Furthermore, it contains references to statements that have no apparent relationship to Szplett. In addition, Szplett's SAC still lacks any facts suggesting that he has, or could have, timely allegations against the Kenco Defendants, given that his employment was terminated more than four years prior to bringing this employment discrimination lawsuit, dooming the claims as a matter of law. The Kenco Defendants did not employ Szplett after March 29, 2015, and therefore, were not capable of engaging in any employment action against Szplett after that date to sustain a cognizable cause of action. Accordingly, the Kenco Defendants request dismissal with prejudice, as it is apparent that further attempts to amend will not cure the repeated defects that exist, both as to form and substance.

## **FACTS[1]**

Plaintiff Leonard Szplett, a Caucasian male, brings claims of employment discrimination and other claims against former employer Kenco Logistic Services, LLC and other defendants (Dkt. 53, ¶¶ 23, 164.) On or around April 21, 2013 Kenco began managing a Mars warehouse in Manteno, Illinois (Dkt. 53, ¶ 164.) Beginning on that date, Leonard Szplett was employed by Kenco as an HR/Accounting Manager (Dkt. 53, ¶ 31.)

---

[1] As is required on a Rule 12(b)(6) Motion to Dismiss, the Kenco Defendants accept all well-pled facts as true for purposes of this Motion. *Bressner v. Ambroziak,* 379 F.3d 478, 480 (7th Cir. 2004). The Kenco Defendants only assume these facts are true solely for the purpose of this motion.

Defendants Paula Hise, Trace Spier, Dwight Crawley, David Caines, Tammi Fowler, Jay Elliott, David Jabaley, Kelvin Walsh, Mike Manzello and Mario Lopez are all current or former Kenco employees. (Dkt. 53, ¶¶ 12-21.) Szplett alleges that African American employees at Kenco were discriminated against throughout his employment and he opposed such practices (Dkt. 53, ¶ 153.) Szplett believes he was subjected to improper treatment based on opposing the discrimination of others, including: (1) a change in duties and responsibilities; (2) a demotion; (3) ostracized; (4) not being afforded an opportunity to apply for continued employment at the Mars Manteno facility; (5) no pay; (6) medically and factually unsupported denial of short term disability benefits; (7) denial of unemployment benefits; (8) contrivance; (9) termination; (10) reassignment; (11) constructive discharge; (12) coercion; (13) harassment; (14) retaliation; (15) change in shift-forced to work third (3rd) shift; (16) quid pro quo (coercion); (17) constructive discharge and; defamation of character amongst other adverse actions.. (Dkt. 53, ¶ 142.)

On or about February 26, 2015, Szplett received a letter via certified mail notifying him that Kenco lost the contract with the Mars warehouse in Manteno, Illinois. (Dkt. 53, ¶ 489.) As a result, all Kenco employees at the Manteno warehouse were terminated effective March 29, 2015. (Dkt. 53, ¶ 493.)

Szplett filed a lawsuit against Defendants in the U.S. District Court for the Northern District of Illinois on April 12, 2019. (Dkt. 1.) On June 20, 2019, the Court granted Szplett's motion for leave to file an amended complaint. (Dkt. 22.) On September 19, 2019, the Court dismissed Szplett's Amended Complaint without prejudice, holding that "the body of the operative complaint exceeds 200 pages and 940 paragraphs. Doc. 21. The complaint violates Civil Rule 8(a)(2) because its length and disorganization make it incoherent and unintelligible, imposing an unacceptable burden on Defendants and the Court." *See* Dkt. No. 52. On October 17, 2019, Szplett

filed a Second Amended Complaint. Dkt. No. 53. The SAC is 137 pages and 781 paragraphs of factual allegations. *Id.*

## ARGUMENT

**II.    Szplett's Second Amended Complaint Once Again Violates Fed. R. Civ. Pro. 8(a)(2), and Also Violates This Court's Prior Dismissal Order (Dkt. No. 52.)**

Szplett's SAC fails to cure the same fatal defects that were present in his prior two complaints. In continued violation of Fed. R. Civ. Pro. 8(a)(2), Szplett's SAC consists of 137 pages and 781 paragraphs of factual allegations. The voluminous and rambling nature of the SAC impedes the ability of the Kenco Defendants, and the Court, to understand what specific harm is alleged, and how to respond.

Indeed, the Seventh Circuit has previously held that similarly voluminous and convoluted complaints are unintelligible. *United States v. Lockheed-Martin Corp.,* 328 F.3d 374 (7th Cir. 2003) (affirming order dismissing 155-page, 400 paragraph complaint and referring to it as pestilential); *Owens v. Younker,* 2015 U.S. Dist. LEXIS 51549, *6 (S.D. Ill. April 20, 2015) (dismissing "wildly incoherent" complaint for failure to comply with Fed. R. Civ. Pro. 8(a)).

Not only has Szplett failed to cure the (now repeated) violations of Fed. R. Civ. Pro. 8(a)(2), but the Court's Order furthermore specifically instructed him to refrain from copying and pasting allegations from other lawsuits that do not relate to him. Dkt. No. 52. This has not occurred. For example, Paragraphs 302- 351, Szplett alleges that another employee named Edith McCurry was left off an IDHR witness list (par. 308), an employee named Nathan Doss was accused of smelling like weed (par. 311), and an employee named Vernon Henry was threatened by co-worker Pete Monstwillo (par. 334). Szplett alleges that all of these allegations constituted a breach of Defendants' fiduciary duty. But yet again, Szplett has failed to tie the facts about other Kenco

employees to how *he* was alleged injured, and his continued, convoluted ramblings about other Kenco employees do not shed light on his own claims.

Where a *pro se* party has been given a prior opportunity to cure violations of Fed. R. Civ. Pro. 8(a) and failed to do so, dismissal without prejudice is no longer required and the complaint should be dismissed with prejudice. *See Easley v. Verizon Wireless,* 2004 U.S. Dist. LEXSI 17105, *17 (N.D. Ill. Aug. 25, 2004) (dismissing second amended complaint with prejudice after finding that it "consists of precisely the type of allegations that the court instructed plaintiff *not* to include in amending her complaint…none of which aids the court in discerning the nature or contours of plaintiff's claims."); *Kallembach v. Amcore Bank, N.A.,* 2002 U.S. Dist. LEXIS 16926, *5 (N.D. Ill. Sept. 6, 2002) (dismissing complaint with prejudice and noting that "it is a colossal undertaking to even attempt to read this rambling and non-sensical complaint").  Not only does the voluminous, incoherent nature of the SAC necessitate dismissal, but Szplett's blatant refusal or inability to cure the defects as specifically instructed by the Court indicates that further attempts to amend would be futile.  Both in form and substance, the SAC fails on its face.   Dismissal with prejudice is therefore warranted.

**III.     Any Claims Against the Kenco Defendants Are Time-Barred.**

The Kenco Defendants reference and incorporate all arguments contained in the prior Motion to Dismiss regarding the reasons that Szplett's claims are necessarily time-barred in the entirety. *See* Dkt. No. 25. As previously asserted in the Kenco Defendants' prior Motion to Dismiss, Szplett's employment with Kenco ended more than four years before he filed this lawsuit (on March 29, 2015), so he cannot pursue a cause of action under 42 U.S.C. 1981 because it is time-barred. *Caudle v. Illinois,* 2019 U.S. Dist. LEXIS 59564, *5 (N.D. Ill. Apr. 5, 2019) (dismissing time-barred claims with prejudice).  Taking Szplett's allegations as true, his last date

of employment with Kenco was March 29, 2015.[2] (Dkt. 21, pp. 156-158.) Kenco no longer employed Szplett after March 2015 and thus could not have taken any employment action, including any adverse action, against him, in the four years prior to his lawsuit being filed. Accordingly, any allegations by Szplett involving a claim under 42 U.S.C. §1981 are time-barred. *Gupta v. Madison Metro. Sch. Dist.,* 120 Fed. Appx. 641, 643 (7th Cir. 2009) (affirming dismissal of 1981 claim as time-barred where complaint filed more than four years after the alleged harms to employee).

WHEREFORE, for all the reasons stated herein, and in the Kenco Defendants' prior Motion to Dismiss (Dkt. No. 25) Defendants Kenco Logistics Services, LLC, Kelvin Walsh, Paula Hise, Tammi Fowler, David Jabaley, Mike Manzello, David Caines, Trace Spier, Jay Elliott and Dwight Crawley respectfully request that the Court dismiss Szplett's Second Amended Complaint *with prejudice* in accordance with Fed. R. Civ. Pro. 12(b)(6) and grant such additional relief as the Court deems proper.

Dated: November 4, 2019

Respectfully submitted,

**KENCO LOGISTICS SERVICES, LLC, KELVIN WALSH, MIKE MANZELLO, DAVID JABALEY, TAMMI FOWLER, PAULA HISE, TRACE SPIER, DAVID CAINES, DWIGHT CRAWLEY AND JAY ELLIOTT**

By:/ /s/ Jody Wilner Moran
One of Their Attorneys

---

[2] Szplett received notice of Kenco losing the contract on February 26, 2015 which is the date that any cause of action arising from that the decision would begin to accrue. Dkt. 53, ¶ 489. Kenco did not make any decisions with respect to the terms and conditions of Szplett's employment after February 2015, and in fact, Szplett was not even at work at that time, he was on a leave of absence. *See* Dkt. 53, ¶ 116. Accordingly, Szplett's 1981 claims against Kenco related to his employment were required to be filed on or before February 26, 2019.

Jody Wilner Moran
Julia P. Argentieri
**Jackson Lewis P.C.**
150 North Michigan Avenue
Suite 2500
Chicago, Illinois 60601
Telephone: (312) 787-4949
Facsimile: (312) 787-4995
moranj@jacksonlewis.com
julia.argentieri@jacksonlewis.com

## **CERTIFICATE OF SERVICE**

I, Julia P. Argentieri, an attorney, hereby certify that on November 4, 2019, I electronically filed a copy of the foregoing **DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS SZPLETT'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. PRO. 12(b)(6)** with the Clerk of the Court using the CM/ECF system. I further certify that a copy of the foregoing has been mail and email to the following non-ECF participant:

>Leonard Szplett
>3421 W. 1500 NW Road
>Kankakee, IL 60901
>Stkbnd2000@aol.com

By: /s/ Julia P. Argentieri
One of the Attorneys for the Defendants