UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LEONARD A. SZPLETT, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:19-cv-02500 |
| ) | Judge Gary Feinerman |
| KENCO LOGISTIC SERVICES, LLC, a ) | |
| TENNESSEE LIMITED LIABILITY COMPANY, ) | |
| MARS, INC., THE HARTFORD, DAVID ) | |
| JABALEY, MARIO LOPEZ, TAMMI FOWLER, ) | |
| PAULA HISE, TRACE SPIER, ROBERT ) | |
| COFFEY, TODD MOORE, JAY ELLIOTT, ) | |
| DAVID CAINES, MICHAEL MANZELLO, ) | |
| DAVID CRAWLEY, and KEVIN WALSH ) | |
| ) | |
| Defendants. ) | |

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Hartford Life and Accident Insurance Company, erroneously identified as "The Hartford" in the Second Amended Complaint, by its attorneys, respectfully requests that this Court enter an order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing the claims asserted against it for failure to state claims upon which relief can be granted. In support of its Motion, Hartford states as follows:

1. Leonard Szplett's Second Amended Complaint suffers from many of the same deficiencies as his original Complaint. Consequently, the causes of action asserted against Hartford should be dismissed for failure to state claims upon which relief can be granted.

2. The causes of action Szplett asserts against Hartford for violations of 42 U.S.C. §§ 1981 and 1985 (Counts I, II, and XII) are barred by the applicable statute of limitations. Accordingly, those claims should be dismissed for failure to state claims upon which relief may be granted.

3. Szplett's causes of action against Hartford for violations of 18 U.S.C. §§ 1001 and 1621 (Count X) must be dismissed because those statutes do not confer private rights of action.

4. The causes of action Szplett asserts against Hartford for tortious interference with prospective economic advantage (Count XVII) and intentional infliction of emotional distress (Count XVIII) are pre-empted by ERISA. Those actions also should be dismissed for failure to state claims upon which relief may be granted.

5. Szplett appears to assert causes of action against Hartford under nine other counts (Counts IV, V, VI, VIII, IX, XIV, XV, XVI, and XX). The allegations in those Counts do not refer to Hartford and none of them notifies Hartford of the conduct it is called on to defend. There would be no reason to believe Szplett intends to assert the Counts against Hartford but for the headings to each Count, which declare that the Counts are asserted against "All Named Defendants." Because those Counts do not allege facts that would allow this Court to infer Szplett is entitled to relief from Hartford, the Counts fail to state plausible claims for relief against Hartford and should be dismissed.

6. Szplett's Amended Complaint does not allege plausible – or viable – causes of action against Hartford. Accordingly, this Court should dismiss those actions for failure to state claims upon which relief can be granted.

**WHEREFORE**, Hartford Life and Accident Insurance Company, erroneously identified as "The Hartford" in the Second Amended Complaint, respectfully requests that this Court enter an order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing the claims asserted against Hartford in the Second Amended Complaint for failure to state claims upon which relief can be granted, and for such other relief as this Court deems just.

Respectfully submitted,

2

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY**

By: /s/ Joseph R. Jeffery
      One of Its Attorneys

Donald A. Murday
dmurday@cmn-law.com
Joseph R. Jeffery
jjeffery@cmn-law.com
CHITTENDEN, MURDAY & NOVOTNY LLC
303 W. Madison Street, Suite 1400
Chicago, Illinois 60606
(312) 281-3600

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 4, 2019, I electronically filed the foregoing Hartford Life and Accident Insurance Company's Motion to Dismiss Second Amended Complaint, with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system which sent notification of such filing to the following CM/ECF registered participants:

    Jody Wilner Moran, Esq.                Thomas R. Davis, Esq.
    Julia P. Argentieri, Esq.                 Kimberly J. Overbaugh, Esq.
    Jackson Lewis, P.C.                      Harmon & Davies, P.C.
    150 N. Michigan Avenue              2306 Columbia Aveue
    Suite 2500                                 Lancaster, PA 17603
    Chicago, IL 60601                     tdavies@h-dlaw.com
    jody.moran@jacksonlewis.com       koverbaugh@h-dlaw.com
    julia.argentieri@jacksonlewis.com

I further certify that a copy of the foregoing has been served by e-mail and U.S. Mail, postage prepaid to the following non-ECF participant:

    Leonard A. Szplett
    3421 W. 1500 NW Road
    Kankakee, IL 60901
    Stkbnd2000@aol.com

                                          /s/ Joseph R. Jeffery
                                          CHITTENDEN, MURDAY & NOVOTNY LLC
                                          303 West Madison Street, Suite 1400
                                          Chicago, Illinois 60606
                                          (312) 281-3600 (phone)
                                          (312) 281-3678 (fax)
                                          jjeffery@cmn-law.com