UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LEONARD A. SZPLETT, an individual, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KENCO LOGISTIC SERVICES, LLC, a ) <br> TENNESSEE LIMITED LIABILITY COMPANY, ) <br> MARS, INC., THE HARTFORD, DAVID ) <br> JABALEY, MARIO LOPEZ, TAMMI FOWLER, ) <br> PAULA HISE, TRACE SPIER, ROBERT ) <br> COFFEY, TODD MOORE, JAY ELLIOTT, ) <br> DAVID CAINES, MICHAEL MANZELLO, ) <br> DAVID CRAWLEY, and KEVIN WALSH ) <br> ) <br> Defendants. ) | Case No. 1:19-cv-02500 <br> Judge Gary Feinerman |

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION TO DISMISS SECOND AMENDED COMPLAINT</u>**

Hartford Life and Accident Insurance Company, erroneously identified as "The Hartford" in the Second Amended Complaint, by its attorneys, submits its Memorandum of Law in Support of Its Motion to Dismiss arguing the claims asserted against it should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state claims upon which relief can be granted.

## I. INTRODUCTION

Leonard Szplett's Second Amended Complaint suffers from many of the same deficiencies as his original Complaint. Consequently, the causes of action asserted against Hartford should be dismissed for failure to state claims upon which relief can be granted.

Szplett asserts causes of action for violations of 42 U.S.C. §§ 1981 and 1985 (Counts I, II, and XII), but those actions are barred by the applicable statute of limitations. Szplett asserts actions

against Hartford for violations of 18 U.S.C. §§ 1001 and 1621 (Count X), but those actions must be dismissed because the statutes do not confer private rights of action. Szplett asserts actions against Hartford for tortious interference with prospective economic advantage (Count XVII) and intentional infliction of emotional distress (Count XVIII), but those actions are pre-empted by ERISA. Finally, Szplett appears to assert causes of action against Hartford under nine other counts (Counts IV, V, VI, VIII, IX, XIV, XV, XVI, and XX). The allegations in those Counts do not refer to Hartford and none of them notifies Hartford of the conduct it is called on to defend. There would be no reason to believe Szplett intends to assert the Counts against Hartford but for the headings to each Count, which declare that the Counts are asserted against "All Named Defendants." Because those Counts do not allege facts that would allow this Court to infer Szplett is entitled to relief from Hartford, the Counts fail to state plausible claims for relief and should be dismissed.

## II.     THE RELEVANT ALLEGATIONS OF THE AMENDED COMPLAINT[1]

Szplett alleges defendant Kenco Logistic Services, LLC ("Kenco") established and maintained a plan ("Plan") that promised disability benefits to Kenco employees like himself. *Amended Compl.*, ¶s 22, 99, 103, 166. The benefits promised under the Plan were financed by a disability insurance policy issued by Hartford. *Amended Compl.*, ¶ 110. The policy, together with the other documents that comprised the policy, defined the terms that governed the short-term disability benefits ("STD Benefits") offered under the Plan. *Amended Compl.*, ¶ 110. Copies of the insurance policy and the certificate of insurance incorporated into that policy are attached hereto as Exhibits A and B, respectively.[2] Szplett alleges he was "disabled" under the terms of the Plan

---

[1] For purposes of a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the well-pled allegations of a plaintiff's complaint are accepted as true. *Bell v. City of Chicago*, 118 F. Supp.3d 1016, 1018 (N.D. Ill. 2015).

[2] "Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). In those instances, the "general rule" that "the court may only consider the plaintiff's complaint" does not apply, and the attached documents "may be considered by a district court in ruling on the motion to dismiss." *Id*. All

and, therefore, was entitled to the Plan's STD Benefits. *Amended Compl.*, ¶s 89 ("Plaintiff did not receive … his disability that was due him …."), 104 ("Plaintiff was not paid the sixty (60%) of his disability as promised to him as a benefit."), 108 ("Plaintiff also asserts that his claim for disability was unjustly denied and medically unsupported."), 110 ("Plaintiff at all relevant times met the definition of 'disabled' according to Defendant Kenco [and] Mars and The Hartford's short term disability policy."), 142(6) (alleging Szplett "suffered adverse actions such as … (6) medically and factually unsupported denial of short term disability benefits…."), 497 ("Szplett was never paid … his disability benefits."), 598 ("…The Hartford … interfered with Plaintiff's ability to receive Plaintiff's short term disability benefits …."). Szplett also alleges Hartford administered the Plan's STD Benefits.[3] *Amended Compl.*, ¶ 22, 488.

Szplett alleges he received STD Benefits under the Plan and that Hartford terminated those benefits effective February 28, 2015. *Amended Compl.*, ¶ 116. The termination of those benefits, according to Szplett, violated 42 U.S.C. §§ 1981 and 1985, 18 U.S.C. § 1621 and gave rise to state-law claims for tortious interference with prospective economic advantage, and intentional infliction of emotional distress. *Amended Compl.*, Counts I, II, X, XII, XVII, and XVIII. Hartford's letter to Szplett advising him that it terminated his STD Benefits was issued April 8, 2015. A true and correct copy of Hartford's termination letter is attached as Exhibit C.[4]

---

of Szplett's causes of action against Hartford turn on Hartford's termination of the STD Benefits Szplett was receiving under the Plan. As indicated below, Szplett contends he was entitled to continue receiving STD Benefits under the terms of the Plan and that Hartford's termination of those Benefits was contrary to the terms of the Plan. Accordingly, the Plan is referred to in and is central to the causes of action Szplett asserts against Hartford in the Amended Complaint and should be considered as part of the pleadings for purposes of Hartford's Motion to Dismiss.

[3] Szplett erroneously suggests Hartford and Kenco are both Plan Administrators. *Amended Compl.*, ¶ 101. The group insurance policy attached as Exhibit A states the certificate of service, which is attached as Exhibit B, is part of the group insurance contract. That certificate confirms Hartford is "the claims fiduciary for benefits provided under the Policy" and that Kenco is the "Plan Administrator." Exhibit B, p. 27.

[4] Szplett challenges the substance of Hartford's termination letter repeatedly throughout the Amended Complaint, making that letter and its conclusions central to Szplett's claims. Accordingly, the termination letter should be considered as part of the pleadings for purposes of Hartford's Motion to Dismiss. *Rosenblum*, 299 F.3d at 661.

### III. ARGUMENT

**A.  Szplett's §§ 1981 and 1985 Actions Against Hartford are Untimely.**

Section 1981 actions alleging interference with the performance of an existing contract are subject to the four-year statute of limitations set forth in 28 U.S.C. § 1658(a). *Dandy v. United Parcel Service, Inc.*, 388 F.3d 263, 269 (7th Cir. 2004) (citing *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004)). And § 1985 actions alleging conspiracy to violate § 1981 are subject to the same limitations period as the underlying § 1981 claims. *Porter v. Pipefitters Ass'n Local Union 597, U.A.*, 2013 WL 5162206, *3-4 (Sept. 12, 2013 N.D. Ill.).

Szplett contends Hartford's termination of his STD Benefits interfered with his enjoyment of the benefits, privileges, terms and conditions of his employment, and also breached the terms of his employment contract with Kenco and/or and Mars, Inc. ("Mars"). *Amended Compl.*, ¶s 158, 165, 166, 171. Szplett's § 1981 claims, therefore, allege interference with the performance of an existing contract and are subject to § 1658's four-year limitations period.

Szplett filed his lawsuit on April 12, 2019. Consequently, Szplett's actions against Hartford are timely only if they are based on events that occurred on or after April 12, 2015. Hartford terminated Szplett's STD Benefits on April 8, 2015. See Exhibit C. Because Szplett filed suit against Hartford more than four years after the events that allegedly give rise to his §§ 1981 and 1985 actions, those actions are barred by the statute of limitations established by § 1685. This Court, therefore, should dismiss the actions asserted against Hartford in Counts I, II, and XII for failure to state claims upon which relief may be granted.

**B.  ERISA Preempts Szplett's State-Law Cause of Action.**

The allegations that Kenco established and maintained the Plan to provide short-term disability benefits to Kenco employees confirms that the Plan is an "employee benefit plan," as

4

defined and governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(1) and (3).[5] *Amended Compl.*, ¶s 22, 99, 103, 166.

"The purpose of ERISA is to provide a uniform regulatory scheme over employee benefit plans." *Aetna Health Inc. v. Davila*, 524 U.S. 200, 208 (2004). To that end, ERISA establishes "a comprehensive civil enforcement scheme" that includes "an integrated system of procedures for enforcement" of ERISA-related rights. *Id.* (quoting *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985)). ERISA's enforcement scheme "represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987). "The six carefully integrated civil enforcement provisions found in § 502 of [ERISA] …, provide strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly." *Davila*, 524 U.S. at 209. To guard against state-law encroachment on what Congress intended "would be exclusively a federal concern," ERISA contains an "expansive" pre-emption provision at 29 U.S.C. § 1144(a). *Id.* at 208. That provision declares ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title …."[6] 29 U.S.C. § 1144(a).

A law "relates to" an employee benefit plan "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983). "[A]ny state-law cause of

---

[5] An "employee benefit plan," or "employee welfare benefit plan," is "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, … benefits in the event of … disability…." 29 U.S.C. § 1002(1) and (3).

[6] Section 1003(a) of Title 29 states in pertinent part that Subchapter I of ERISA, which includes the pre-emption provision, "shall apply to any employee benefit plan if it is established or maintained (1) by any employer engaged in commerce or in any industry or activity affecting commerce." 29 U.S.C. § 1003(a). According to Szplett, Kenco and/or Mars established the Plan and are engaged in commerce or industries and activities affecting commerce. *Amended Compl.*, ¶s 4-9.

action that duplicates, supplements, or supplants the ERISA civil enforcement remedy" is preempted. *Davila,* 542 U.S. at 209; see also *Collins v. Ralston Purina Co.,* 147 F.3d 592, 595 (7th Cir. 1998) (ERISA "pre-empts a state law claim if the claim requires the court to interpret or apply the terms of an employee benefit plan").

    **1. ERISA pre-empts Szplett's tortious interference action.**

Szplett alleges he was entitled to continued STD Benefits under the Plan and that Hartford "interfered with [his] ability to receive [those] short-term disability benefits." *Amended Compl.*, ¶s 89, 108, 110, 430, 598. Hartford's alleged acts of interference include: (1) providing an inaccurate description of Szplett's job and job duties to Szplett's physician and then (2) terminating the STD Benefits Szplett had been receiving based in part on an evaluation the physician prepared using the inaccurate job description. *Amended Compl.*, ¶s 108, 487, 488, 598, 602.

Szplett's tortious interference action plainly "relates to" and/or has a "connection with" the Plan. The Plan created Szplett's alleged right to STD Benefits and that is the right with which Hartford allegedly interfered. Moreover, determining whether Szplett, in fact, was entitled to continued STD Benefits under the Plan and/or whether Hartford's termination of those Benefits tortiously interfered with Szplett's rights under the Plan would require this Court to interpret or apply the Plan's terms. And, finally, the relief Szplett is seeking is the recovery of disability benefits he contends Hartford terminated erroneously. *Amended Compl.*, Prayer for Relief, ¶ M. Szplett's tortious interference claim relates to the Plan and is pre-empted by ERISA. This Court should dismiss that action for failure to state a claim upon which relief can be granted.

    **2. ERISA pre-empts Szplett's IIED action.**

Szplett alleges Hartford "intentionally inflicted emotional distress upon [Szplett] and [his] family when it intentionally denied [his] disability … benefits beginning in February 2015, while

[Szplett] was out on disability …." *Amended Compl.*, ¶ 609. According to Szplett, that conduct "was extreme, outrageous, and of such character as not to be tolerated in a civilized society" and, therefore, gives rise to his claim for intentional infliction of emotional distress ("IIED"). *Amended Compl.*, ¶ 617.

The connection between ERISA and Szplett's IIED claim is obvious. Szplett's underlying complaint is that he did not receive benefits he maintains he was entitled to under the Plan; i.e., STD Benefits beyond February 2015. And the conduct Szplett characterizes as "extreme and outrageous" was nothing more than Hartford fulfilling its duties as the Plan's claims fiduciary; i.e., terminating benefits where they were not supported by the Plan's terms. Those contentions are plainly dependent on the existence of the Plan and adjudicating them would invariably require this Court to interpret and apply the terms of the Plan. See *Weeks v. UMR, Inc.*, 370 F. Supp. 3d 943, 953 (C.D. Ill. 2018). Accordingly, Szplett's IIED claim "relates to" the Plan and is pre-empted by ERISA.

### 3. Szplett's state-law actions would impermissibly supplement ERISA's exclusive remedies.

Allowing Szplett's tortious interference and IIED claims to proceed would impermissibly "duplicate, supplement, or supplant" the exclusive remedies available under ERISA's civil enforcement scheme. *Id.*; *Shaw,* 463 U.S. at 97. Congress could have included in its civil enforcement scheme remedies for the tortious interference and "extreme and outrageous" conduct Szplett alleged, but it elected not to do so. Because Szplett is not entitled to pursue claims for tortious interference or IIED and, thereby, duplicate, supplement, or supplant the remedies ERISA provides, Szplett's tortious interference and IIED claims are pre-empted by ERISA.

7

C. **There is No Private Right of Action for Alleged Violations of 18 U.S.C. §§ 1001 and 1621.**

Count X of the Amended Complaint asserts actions against Hartford for violating federal statutes that outlaw the making of certain types of false statements in matters pending before the executive, legislative, or judicial branches of the federal government. 18 U.S.C. §§ 1001 and 1621. Those statutes do not confer private rights of action. *Daniels v. American Postal Worker Union*, 167 F. Supp. 2d 999, 1003 (N.D. Ill. 2001); *Rangel v. Reynolds*, 607 F. Supp. 2d 911, 925 n.6 (N.D. Ind. 2009) (citing *Fed. Sav. and Loan Ins. Corp. v. Reeves*, 816 F. 2d 130, 137 n.9 (4th Cir. 1987)). Accordingly, Count X should be dismissed for failure to state claims upon which relief can be granted.

Moreover, Szplett never alleges Hartford made false statements of any kind to any federal officials. *Amended Compl.*, ¶ 430. Szplett never alleges Hartford took an oath before a competent tribunal, officer, or person and subscribed to "any material matter which [it did] not believe to be true." 18 U.S.C. § 1621(1). Nor does Szplett allege Hartford "willfully subscribed" in "any declaration, certificate, verification, or statement under penalty of perjury" to any material matter as true when it did not believe such matter to be true. 18 U.S.C. § 1621(2). In short, even if private rights of action were available for violations of Sections 1001 and 1621, which they are not, Szplett has not alleged any facts necessary to establish Hartford violated those statutes.

D. **Szplett's Counts Against "All Named Defendants" Fail to State Plausible Claims for Relief.**

Several counts of the Amended Complaint state that they are asserted against "All Named Defendants," yet the substantive allegations that follow say nothing about Hartford. *Amended Compl.*, Counts IV, V, VI, VIII, IX, XIV, XV, XVI, and XX. Each of those Counts incorporates all of the allegations that precede it, including allegations concerning Hartford. None of the Counts

8

tell Hartford what conduct it is called on to defend in the context of the causes of actions set forth in those Counts.

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleading that fails to comply with Rule 8's standard is subject to dismissal for failure to state a claim upon which relief can be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss for failure to abide by Rule 8's standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. A claim is "facially plausible" if it is supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Claims that are supported by mere "labels and conclusions" or "naked assertions devoid of further factual enhancement" do not satisfy the pleading standard established by Rule 8.

Szplett's strategy of incorporating allegations concerning Hartford into a count that asserts a cause of action entirely different from those counts in which Hartford was mentioned previously, and then, without further allegation or elucidation, insisting Hartford is also liable for the cause of action in that later count does not satisfy Rule 8. For instance, Szplett's approach of asserting that Count XIV states a cause of action for negligence and then incorporating all of the Amended Complaint's preceding 528 paragraphs into that Count does not state a facially plausible claim for negligence against Hartford. It improperly forces Hartford to sort out for itself what it is being called on to defend. Hartford should not have to guess about that, and Rule 8 exists to ensure it does not have to.

Furthermore, Szplett's approach to pleading Count XIV, for example, suggests Szplett has no idea what conduct Hartford engaged in that might give rise to a claim for negligence, and that

9

Szplett is simply trying to cover all his bases with broad, non-specific assertions of wrongdoing by all defendants. That approach is not permitted under Rule 8. "Liability is personal" and "[e]ach defendant is entitled to know what he or she did that is asserted to be wrongful." *Bank of America, N.A. v. Knight*, 725 F. 3d 815, 818 (7th Cir. 2013). Pleadings that allege collective liability on the part of multiple defendants do not state plausible claims for relief under Rule 8. *Id.* Put another way, the Counts Szplett intends to assert against "All Named Defendants" are no different than the "unadorned, the-defendant-unlawfully-harmed-me accusations" that the Supreme Court confirmed do not satisfy Rule 8's the pleading standard. Accordingly, Counts IV, V, VI, VIII, IX, XIV, XV, XVI, and XX fail to state plausible claims for relief against Hartford and should be dismissed.

## CONCLUSION

For the foregoing reasons, Szplett's Amended Complaint does not allege plausible causes of action against Hartford. This Court, therefore, should dismiss those actions for failure to state claims upon which relief can be granted.

Respectfully submitted,

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY**

By: /s/ Joseph R. Jeffery
One of Its Attorneys

Donald A. Murday
dmurday@cmn-law.com
Joseph R. Jeffery
jjeffery@cmn-law.com
Chittenden, Murday & Novotny LLC
303 W. Madison Street, Suite 1400
Chicago, Illinois 60606
(312) 281-3600

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2019, I electronically filed the foregoing Memorandum of Law in Support of Motion to Dismiss Second Amended Complaint, with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system which sent notification of such filing to the following CM/ECF registered participants:

<table>
<tr><td>

Jody Wilner Moran, Esq.
Julia P. Argentieri, Esq.
Jackson Lewis, P.C.
150 N. Michigan Avenue
Suite 2500
Chicago, IL 60601
jody.moran@jacksonlewis.com
julia.argentieri@jacksonlewis.com

</td><td>

Thomas R. Davis, Esq.
Kimberly J. Overbaugh, Esq.
Harmon & Davies, P.C.
2306 Columbia Aveue
Lancaster, PA 17603
tdavies@h-dlaw.com
koverbaugh@h-dlaw.com

</td></tr>
</table>

I further certify that a copy of the foregoing has been served by e-mail and U.S. Mail, postage prepaid to the following non-ECF participant:

Leonard A. Szplett
3421 W. 1500 NW Road
Kankakee, IL 60901
Stkbnd2000@aol.com

/s/ Joseph R. Jeffery
CHITTENDEN, MURDAY & NOVOTNY LLC
303 West Madison Street, Suite 1400
Chicago, Illinois 60606
(312) 281-3600 (phone)
(312) 281-3678 (fax)