IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Leonard A. Szplett, <br><br>                                Plaintiff, <br><br>               v. <br><br> Kenco Logistic Services, LLC, a Tennessee Limited Liability Company, Mars, Inc., The Hartford, David Jabaley, Mario Lopez, Tammi Fowler, Paula Hise, Trace Spier, Robert Coffey, Todd Moore, Jay Elliot, David Caines, Michael Manzello, David Crawley, and Kelvin Walsh, <br><br>                                Defendants. | Case No. 1:19-cv-02500 <br><br> Judge Gary Feinerman <br><br> Magistrate Judge Young B. Kim |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**

     Defendants Mars, Inc., Robert Coffey, and Todd Moore (collectively "Defendants"), by and through their undersigned counsel, move for the dismissal of Plaintiff's Second Amended Complaint ("SAC") with prejudice for failure to state a claim upon which relief may be granted or stricken in its entirety as it is excessively long and complex and would place an unjustified burden on Defendants to respond to it. Alternatively, Defendants move for the SAC to be dismissed with prejudice for failure to comply the Court's Order. Defendants also move for the dismissal of Counts I through IX, XII through XIV, and XVIII as such claims are time-barred by the applicable statutes of limitation. The reasons supporting this Motion are set forth in this brief. Defendants also incorporate by reference their previously filed Motion to Dismiss (ECF # 32), Memorandum in Support of Motion to Dismiss (ECF # 33), and Reply Memorandum in Support of Motion to Dismiss (ECF # 47).

I.    INTRODUCTION

1

On April 12, 2019, Plaintiff Leonard A. Szplett ("Szplett"), a former employee of Defendant Kenco Logistic Service, LLC, filed this action *pro se* alleging numerous different forms of racial discrimination and other legal theories relating to racial discrimination. (Complaint, ECF # 1) On June 17, 2019, Plaintiff's Amended Complaint with over 200 pages and 940 paragraphs was filed. (Amended Complaint, ECF # 21) The Court granted the Motion to Dismiss filed by Mars, Inc., Robert Coffey, and Todd Moore (ECF # 32), as well as the Motions to Dismiss filed by the other named Defendants (ECF # 23, 27), for violating Fed. R. Civ. P. 8(a)(2). (Order, ECF # 52) In granting the motions, Plaintiff was given leave to file a second amended complaint. As ordered by the Court, if Plaintiff chose to file a second amended complaint, he was to: (1) clearly articulate the wrongs allegedly committed against him and the particular defendants who allegedly committed each wrong; (2) keep separate any allegations that pertain to some defendants and not to others; (3) include only those allegations that are pertinent to him, as opposed to cutting and pasting allegations from complaints in other cases that do not pertain to him; and (4) comply with Rule 8(a)(2)'s requirement that he provide a short and plain statement of his claims. (ECF #52)

On October 17, 2019 Plaintiff filed his Second Amended Complaint. (Second Amended Complaint, ECF # 53) As explained below, because the SAC is excessively long, complex and confusing and has gone well beyond what is necessary to satisfy the requirements of a "short and plain statement" under Fed. R. Civ. P. 8(a)(2), Defendants seek the dismissal of Plaintiff's SAC with prejudice as it fails to state a claim upon which relief can be granted. Plaintiff's SAC should also be stricken in its entirety pursuant to Fed. R. Civ. P. 12(f) for being excessively long, complex and incoherent. Alternatively, Plaintiff's SAC violates the Court's Order, and therefore, should be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). Finally,

Plaintiff's claims arising under 42 U.S.C. § 1981 and Illinois state law should also be dismissed as they are barred by the applicable statutes of limitations.

II.     LAW AND ARGUMENT

   A.     Legal Standard

      1.     Requirements of Rule 8

"To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil procedure, a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide the defendant with 'fair notice' of the claim and its basis." Appert v. Morgan Stanley Dean Witter, Inc., 673 F.3d 609, 622 (7th Cir. 2010) (citing Erickson v. Paradus, 551 U.S. 89, 93 (2007) (per curiam). "Under Rule 8, a complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." Vicom, Inc. v. Harbridge Merchant Servs., 20 F.3d 771, 775-76 (7th Cir. 1994) (quoting Wade v. Hopper, 993 F.2d 1246, 1249 (7th Cir.) (citations omitted), cert. denied, 126 L. Ed. 2d 151, 114 S. Ct. 193 (1993). "A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." Vicom, Inc., 20 F.3d at 775-76.

"If a complaint fails to meet the requirements of Rule 8, [the court has] the power either to dismiss the complaint for failing to state a claim upon which relief may be granted, or to strike those parts that are 'redundant, immaterial, impertinent or scandalous." Hardin v. Am. Elec. Power, 188 F.R.D. 509, 511 (S.D. Ind. 1999) (internal citations omitted) (citing Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)); see also Vicom, Inc., 20 F.3d at 776 (noting that the district court had the power dismiss the complaint with prejudice for its "egregious violation of

Rule 8(a)"). "If a complaint's length and lack of clarity make it unintelligible, dismissal under Fed. R. Civ. P. 8(a) is permitted." Lindell v. McCallum, 352 F.3d 1107, 1110 (7th Cir. 2003).

        2.        Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) Standard

A claim may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it appears clear that the plaintiff can prove no set of facts consistent with the complaint that would entitle the plaintiff to relief. Hinson v. King and Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2233, L.Ed.2d 59 (1984); Szumny v. American General Finance, 246 F.3d 1065, 1067 (7th Cir. 2001). Dismissal is proper where a plaintiff "has not, at a minimum, made enough factual allegations to raise a right to relief above a 'speculative level.'" Thompson v. Fairmont Chicago Hotel, 525 F.Supp.2d 984, 987 (N.D. Ill. 2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)) (citations omitted). In addition to reviewing the allegations set forth in the Complaint itself, attachments to the Complaint may also be considered when analyzing whether a Plaintiff has met his/her burden. Thompson, 525 F.Supp.2d at 987 (citing Fed. R. Civ. P. 10(c)) (citations omitted). "To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Appert, 673 F.3d at 622 (internal punctuation omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Ashcroft, 556 U.S. at 678).

        3.        Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) Standard

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." A motion to strike is not proper for mere redundancy or immateriality, but rather, a pleading "may be stricken as scandalous if the

matter bears no possible relation to the controversy or may cause the objecting party prejudice." Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 664 (7th Cir. 1992); See also Beck v. Cantor, Fitzgerald & Co., 621 F. Supp. 1547, 1565 (N.D. Ill. 1985). "Prejudice results where the challenged allegation has the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party." Hoffman-Dombrowski v. Arlington Int'l Racecourse, Inc., 11 F. Supp. 2d 1006, 1009 (N.D. Ill. 1998) (citing VPHI, Inc. v. National Educ. Training Group, Inc., 1995 WL 51405, at *3 (N.D. Ill. Jan. 20, 1995)).

    4.  Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) Standard

"If the plaintiff fails to … comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Dismissal under Rule 41(b) is warranted 'when there is a clear record of delay or contumacious conduct,' Maynard v. Nygren, 332 F.3d 462, 467 (7th Cir. 2003) (internal quotation omitted), including 'any willful and unexcused violation of a court order,' Williams v. Adams, No. 05 C 646, 2010 U.S. Dist. LEXIS 81674, 2010 WL 3025598, at *1 (N.D. Ill. July 30, 2010) (internal citations omitted)." In re Ameriquest Mortg., No. 05 C 7097(09C1149), 2011 U.S. Dist. LEXIS 21592, at *39-40 (N.D. Ill. Jan. 12, 2011).

  B.  Argument

    **1.**  **Plaintiff's SAC Should be Dismissed with Prejudice as it Fails to State a Claim Upon Which Relief Can be Granted Because it is Unreasonably Lengthy, Complex, and Confusing and Exceeds What Is Required Under Fed. R. Civ. P. 8(a)(2).**

The nature of Plaintiff's action is rooted in alleged unlawful and discriminatory employment practices by all named Defendants in violation of various federal statutes and Illinois common law. For 30 pages, Plaintiff chronicles alleged facts that purportedly support his 21 separate causes of action, which are also supported by duplicative and redundant averments

5

that stretch 107 pages. Each cause of action incorporates all prior paragraphs of the SAC, and the majority of the causes of action incorporate an additional two to five pages of averments. Plaintiff's 21st cause of action, an alleged violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), contains 20 pages of additional averments.

Plaintiff's SAC goes well beyond what is required for notice-pleading under Federal Rule of Civil Procedure 8. Even disregarding the 163 pages of exhibits, the SAC is still left with over 130 pages of factual averments. This number of factual averments exceeds what is needed and required to provide Defendants with a short and plain statement of Plaintiff's claims, in violation of Federal Rule of Civil Procedure 8(a)(2). Rather, it makes the SAC excessively lengthy, complex, and extremely difficult to understand whether any valid claims have even been alleged. The 781 paragraphs and 132 pages of factual allegations contained in the SAC clearly violate Fed. R. Civ. P. 8(a)(2), and due to its complexity, length, and indirectness, it would be extremely difficult for Defendants to respond to the Complaint.

Plaintiff's Second Amended "Complaint reads at times more like a novel (not a particularly well-written or well-organized one) or a brief as it advances evidence, theories and speculation about the events in issue." Mutuelle Generale Francaise Vie v. Life Assurance Co., 688 F. Supp. 386, 391 (N.D. Ill. 1988). The essence of Federal Rules of Civil Procedure 8(a) and 8(d)(1) is that pleadings are required to be coherent and concise, and Plaintiff's SAC is neither. As such, the Court has the power to dismiss the SAC with prejudice for failing to state a claim upon which relief can be granted due to his egregious failure to adhere to the requirements of Fed. R. Civ. P. 8(a)(2).

> **2. Plaintiff's SAC Should Also be Stricken in its Entirety as Scandalous Because it has the Effect of Confusing the Issues and is so Lengthy and Complex that it Places an Undue Burden on Defendants to Attempt to Respond.**

As previously stated, Plaintiff's Second Amended Complaint contains 781 paragraphs, 163 pages of exhibits (incorporated by reference), and 300 total pages. Before even reaching Plaintiff's 21 different causes of action supported by additional, duplicative, and redundant averments, there are nearly 30-pages of lengthy, complex, and incoherent factual allegations. The entirety of Plaintiff's SAC should be stricken as scandalous because responding to such a lengthy and complex complaint would cause prejudice to Defendants. Responding to the SAC would be significantly difficult and would result in an undue burden for the Defendants. In addition, there are multiple causes of action that Plaintiff attempts to raise pursuant to multiple statutes. For example, Count XIV (Negligence) and Count XV (Breach of Fiduciary Duty) appear to be brought pursuant to the Federal Food, Drug, and Cosmetic Act, as amended by the Food Safety and Modernization Act, Presidential Directives, and the Bioterrorism Act of 2002; Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991; the Occupational Safety and Health Act (only Count 7); and other statutes and codified standards.

To be able to properly and effectively respond to the causes of action under which he seeks to bring suit, Plaintiff should be required to remove the unnecessary clutter from the SAC. Such a requirement would result in expedited litigation, would prevent Defendants from enduring an undue burden in attempting to respond to such a pleading, and would prevent the Court from being burdened in an attempt to sift through more than 940 paragraphs of duplicative, immaterial, and complex allegations. "Unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." Roberto's Fruit Market, Inc. v. Schaffer, 13 F.Supp. 2d 390, 395 (E.D.N.Y. 1998) (quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)). It

would not only be extremely difficult for Defendants to appropriately respond such a pleading, but it would take a great deal of time and be very costly. Plaintiff's SAC violates the requirements of a "short and plain statement of the claim showing that the pleader is entitled to relief," prescribed by Federal Rules of Civil Procedure 8(a)(2).

While we submit that Plaintiff's SAC should be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) for egregiously violating Fed. R. Civ. P. 8(a)(b), Plaintiff's SAC should also be stricken in its entirety as scandalous pursuant to Fed. R. Civ. P. 12(f) because responding to such a pleading would result in an undue burden for Defendants. If the Court decides to take this approach, Plaintiff should be required to further amend his Second Amended Complaint to make it more concise and coherent and to allow Plaintiff to properly group his allegations under the appropriate causes of action.

> 3. **Alternatively, Plaintiff's SAC Fails to Comply with the Court's Order, and Therefore Should be Dismissed with Prejudice Pursuant to Fed. R. Civ. P. 41(b).**

In granting the various Motions to Dismiss (ECF # 23, 27, 32), Plaintiff was ordered that if he were to file a second amended complaint, he should be sure to: (1) clearly articulate the wrongs allegedly committed against him and the particular defendants who allegedly committed each wrong; (2) keep separate any allegations that pertain to some defendants and not to others; (3) include only those allegations that are pertinent to him, as opposed to cutting and pasting allegations from complaints in other cases that do not pertain to him; and (4) comply with Rule 8(a)(2)'s requirement that he provide a short and plain statement of his claims. Plaintiff has willfully and without excuse failed to comply with this Court's Order.

While Plaintiff has identified particular Defendants in portions of the Relevant Facts section of his SAC, he has failed to identify the particular Defendant(s) who allegedly committed

each wrong against him in each of his causes of action. The averments supporting each cause of action in Plaintiff's SAC are almost identical to those previously included in Plaintiff's now-dismissed Amended Complaint, which also failed to clearly articulate what wrongs each Defendant allegedly committed against Plaintiff. Further, Plaintiff continues to set forth allegations that pertain to others and not himself. For example, Paragraphs 311 through 321 set forth allegations that pertain to Nathan Doss, and not Plaintiff. And by way of further example, Count XXI appears to also be against Eddy Register and Steve Sheldon, both of whom are not named Defendants in this matter. Finally, Plaintiff's SAC is unreasonably lengthy, complex, and confusing, and fails to comply with Fed. R. Civ. P. 8(a)(2)'s requirement of a short and plain statement of his claims. Plaintiff's SAC contains 781 paragraphs, 163 pages of exhibits (incorporated by reference), and 300 total pages. (Second Amended Complaint, ECF #53) Plaintiff was given leave to bring his now-dismissed Amended Complaint into compliance with Fed. R. Civ. 8(a)(2), but has failed to correct the issues that led to the dismissal of the Amended Complaint in the first place. Instead, Plaintiff added two additional causes of action and continues to support each cause of action with averments that merely reference other causes of action without ever averring any facts that would support the cause of action, articulating what wrongs were allegedly committed against him, or identifying which Defendant(s) committed the wrongs. Therefore, pursuant to Fed. R. Civ. P. 41(b), because Plaintiff has failed to comply with this Court's Order, Plaintiff's Second Amended Complaint should be dismissed with prejudice.

    **4.**    **Plaintiff's Claims Arising Under 42 U.S.C. § 1981 Are Time-Barred by the Four-Year Statute of Limitations Prescribed by 28 U.S.C.S. § 1658.**

In <u>Jones v. R. R. Donnelley & Sons Co.</u>, the United States Supreme Court held that pursuant 28 U.S.C. § 1658, claims arising under 42 U.S.C. § 1981 are subject to a four-year

9

statute of limitations. 541 U.S. 369, 382 (2004). Plaintiff has failed to bring forward his claims within the requisite timeframe.

Plaintiff was hired by Defendant Kenco on April 21, 2013, to serve as an Office Manager at the Manteno facility. On January 26, 2015, Defendant Kenco verbally notified all of its employees that Mars was terminating its contract with Kenco and that all Kenco employees employed at the Manteno facility would be terminated. Plaintiff's employment with Defendant Kenco was terminated on March 29, 2015. Over four years later, on April 12, 2019, Plaintiff first filed this action.

The Complaint sets forth 21 causes of action, 10 of which arise under Section 1981. Specifically, the following causes of action appear to be brought under Section 1981: Count I (Race Discrimination); Counts II, III, and IV (Race Discrimination and Retaliation); Count V (Race Discrimination and Pretext); Count VI (Race Discrimination and Harassment); Count VII (Race Discrimination and Hostile Work Environment); Count VIII (Race Discrimination and Adverse Actions); Count IX (Race Discrimination and Quid Pro Quo); and Count XII (Race Discrimination and 42 U.S.C. §1985 Civil Conspiracy). Additionally, Plaintiff avers at multiple paragraphs throughout the Complaint that the timing of all alleged misconduct by Defendants took place between 2013 and 2015. As previously stated, Plaintiff's employment with Defendant Kenco was terminated on March 29, 2015. In order to have properly brought suit for these alleged Section 1981 violations, Mr. Szplett must have filed suit no later than March 29, 2019. Instead, the first time that Plaintiff brought these causes of action were in his Complaint filed on April 12, 2019. Because the alleged Section 1981 violations contained in Counts I, V, VI, VII, VIII, IX, and XII were not raised within the four- year limitations period - by March 29, 2019- they are barred by 28 U.S.C. § 1658.

Counts II, III, and IV (Race Discrimination and Retaliation) also are brought under Section 1981, however, even though claims for retaliation under Section 1981 are subject to the four-year statute of limitations, allegations of retaliation can arise even after an employee is no longer employed with the employer. In Burlington N. & Santa Fe Ry. v. White, the United States Supreme Court held that an ex-employee could allege retaliation based on actions that extended beyond the work place and the employee's working conditions. 548 U.S. 53 (2006). However, in this case, Plaintiff only alleges retaliation that occurred prior to his termination, which again was on March 29, 2015. To have properly brought suit for retaliation under Section 1981, Plaintiff must have filed suit no later than March 29, 2019, but he did not do so. Therefore, because Plaintiff failed to timely bring suit for all alleged Section 1981 violations, Counts I through IX and XII should be dismissed as they are time-barred.

For the reasons set forth in Defendants' Reply Memorandum in Support of Motion to Dismiss (ECF # 47), any attempt by Plaintiff to argue that Counts I through IX and XII are subject to the continuing violation doctrine is an incorrect interpretation of that doctrine and such counts should be dismissed.

### 5. Plaintiff's Claims in Counts XIII, XIV, and XVIII Are Time-Barred by the Applicable Statute of Limitations Prescribed by Illinois Law.

Under 735 ILCS 5/13-201, "[a]ctions for slander, libel or for publication of matter violating the right of privacy, shall be commenced within one year next after the cause of action accrued." Additionally, under 735 ILCS 5/13-202, the statute of limitations for a negligence claim resulting in personal injury is within two years after the cause of action accrues. In Feltmeier v. Feltmeier, the Illinois Supreme Court held that "the applicable statute of limitations for intentional infliction of emotional distress is two years, because the tort is a form of personal injury." 207 Ill. 2d 263, 278 (2003).

In support of his claims in Count XIII for defamation of character, Plaintiff avers that the alleged defamation by Defendants came when they allegedly reported false and misleading information to the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"). Plaintiff never filed a Charge with the IDHR or EEOC against Defendants, thus there were no such communications. The only communications that Defendants are aware of are those communications related to the Charge Plaintiff filed against Kenco with the IDHR resulting in a position statement filed by Kenco on August 5, 2015, and a fact finding conference that Kenco participated in on October 13, 2015. To have properly raised a cause of action for defamation of character under 735 ILCS 5/13-201, Plaintiff would have needed to bring suit by October 13, 2016, at the latest. Plaintiff first raised this claim in his Complaint filed with the Court on April 12, 2019. Therefore, Plaintiff's cause of action for defamation of character found at Count XIII in his Complaint should be dismissed as it almost two and a half years too late given the one-year statute of limitations prescribed by 735 ILCS 5/13-201.

In the averments under Count XIV for negligence, Plaintiff indicates that Defendants' alleged negligent failure to comply with public policies of following statutes took place during his employment with Defendant Kenco: the Federal Food, Drug, and Cosmetic Act, as amended by the Food Safety and Modernization Act, Presidential Directives, and the Bioterrorism Act of 2002; Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991; the Occupational Safety and Health Act; and "other statutes and codified standards." Plaintiff was employed by Defendant Kenco from his date of hire on April 21, 2013 through the date of his termination which was effective March 29, 2015. To have properly raised a cause of action for negligence under 735 ILCS 5/13-202, Plaintiff would have

needed to bring suit by March 29, 2017, at the latest. Plaintiff first raised this claim over two years later in his Complaint filed with the Court on April 12, 2019. Therefore, Plaintiff's cause of action for negligence found at Count XIV in his Complaint should be dismissed as it is time-barred by the two-year statute of limitations prescribed by 735 ILCS 5/13-202.

With respect to Count XVIII for intentional infliction of emotional distress, the last date Plaintiff avers misconduct by Defendants leading to this cause of action is April 8, 2015. The Illinois Supreme Court in Feltmeier v. Feltmeier held that the statute of limitations for intentional infliction of emotional distress is two years. 207 Ill. 2d 263, 278 (2003). To have properly raised a cause of action for intentional infliction of emotional distress under 735 ILCS 5/13-202, Plaintiff would have needed to bring suit by April 8, 2017, at the latest. Plaintiff first raised this claim in his Complaint filed with the Court on April 12, 2019. Therefore, Plaintiff's cause of action for intentional infliction of emotional distress found at Count XVIII in his Complaint should be dismissed as it is time-barred by the two-year statute of limitations prescribed by 735 ILCS 5/13-202.

For the reasons set forth in Defendants' Reply Memorandum in Support of Motion to Dismiss (ECF # 47), any attempt by Plaintiff to argue that Counts XIII, XIV, and XVIII had tolled pursuant to 735 ILCS 5/2-208 or the discovery rule is flawed. As such, Counts XIII, XIV, and XVIII should be dismissed as they are time-barred by the applicable statutes of limitations.

III.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that all of Plaintiff's claims against Defendants be dismissed with prejudice for Plaintiff's failure to satisfy the "short and plain statement of the claim showing that the Plaintiff is entitled to relief" requirement of Fed. R. Civ. P. 8(a)(2) and in violation of this Court's Order (ECF # 52). Defendants also respectfully

request that Plaintiff's SAC be stricken in its entirety as it is excessively long, complex and incoherent pursuant to Fed. R. Civ. P. 12(f). Alternatively, Defendants respectfully request that Plaintiff's SAC be dismissed with prejudice due to Plaintiff's failure to comply with this Court's Order (ECF # 52). Finally, Defendants move for the dismissal of Counts I through IX, XII through XIV, and XVIII with prejudice as such claims are time-barred by the applicable statutes of limitation.

Dated: November 4, 2019

Respectfully submitted,

/s/ Thomas R. Davies
Thomas R. Davies, Esq. PA #35260
Kimberly J. Overbaugh, Esq. PA #85610
HARMON & DAVIES, P.C.
2306 Columbia Ave.
Lancaster, PA 17603
Tel. (717) 291-2236
Fax (717) 291-2236
tdavies@h-dlaw.com
koverbaugh@h-dlaw.com
Attorneys for Defendants
Mars, Inc., Robert Coffey
and Todd Moore

**CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys of record herein this matter, hereby certify that on November 4, 2019, I electronically filed a copy of the foregoing **Defendants' Memorandum in Support of Motion to Dismiss Plaintiff's Second Amended Complaint** with the Clerk of the Court using the CM/ECF system. I further certify that a copy of the foregoing has been served by U.S. mail, postage prepaid to the following non-ECF participant:

    Leonard A. Szplett
    3421 W. 1500 NW Road
    Kankakee, IL 60901

    /s/ Thomas R. Davies
    Thomas R. Davies, Esq. PA #35260
    Kimberly J. Overbaugh, Esq. PA #85610
    HARMON & DAVIES, P.C.
    2306 Columbia Avenue
    Lancaster, PA 17603
    Tel. (717) 291-2236
    Fax (717) 291-2236
    tdavies@h-dlaw.com
    koverbaugh@h-dlaw.com
    Attorneys for Defendants
    Mars, Inc., Robert Coffey
    and Todd Moore