## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LEONARD A. SZPLETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-02500 |
| | ) | |
| KENCO LOGISTIC SERVICES, LLC, a | ) | Judge Gary Feinerman |
| Tennessee Limited Liability Company, Mars, | ) | Magistrate Judge Young B. Kim |
| Inc., The Hartford, DAVID JABALEY, MARIO | ) | |
| LOPEZ, TAMMI FOWLER, PAULA HISE, | ) | |
| TRACE SPIER, ROBERT COFFEY, TODD | ) | |
| MOORE, JAY ELLIOT. DAVID CAINES, | ) | |
| MICHAEL MANZELLO, DWIGHT CRAWLEY, | ) | |
| and KELVIN WALSH, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT (DKT. NO. 53)

Defendants, Kenco Logistic Services, LLC, David Jabaley, Mario Lopez, Tammi Fowler, Paula Hise, Trace Spier, Jay Elliott, David Caines, Michael Manzello, Dwight Crawley and Kelvin Walsh, (collectively "the Kenco Defendants") by and through their undersigned counsel, submit this reply in support of their Motion to Dismiss Szplett's Second Amended Complaint with prejudice.

## INTRODUCTION

Szplett's response does not provide the Court with any basis to refrain from dismissing his Second Amended Complaint with prejudice. In short, Szplett's Second Amended Complaint is incoherent both in substance and in form. Szplett continues to blatantly violate the Court's prior dismissal order (*See* Dkt. No. 52) by arguing at great length about convoluted stories involving other employees rather than explaining when and how he was allegedly injured. It is undisputed that Szplett has not worked for Kenco since March 2015 and thus, there are no facts under which Szplett could pursue a timely employment discrimination claim against the Kenco Defendants. Szplett was

never demoted by the Kenco Defendants and did not "discover" he was demoted months after his termination when he disagreed with the characterization of statements in an EEOC position statement. Moreover, Szplett's Second Amended Complaint continues to squarely violate the short, plain statement rules that govern Federal notice pleading requirements. *See* Fed. R. Civ. Pro. 8(a). Further attempts to amend will not cure the fatal defects at issue in Szplett's Second Amended Complaint and therefore, Szplett's claims against the Kenco Defendants should be dismissed with prejudice.

## I.      Szplett's Inconsistent "Facts" in His Response Should Not Be Considered.

Not only can the Kenco Defendants fail to decipher Szplett's Second Amended Complaint, but it appears that Szplett cannot make sense of his own complaint allegations either. This is true because Plaintiffs' Response does not cite to any of the "facts" contained in his 137-page Second Amended Complaint. Instead, Szplett appears to try to amend his Second Amended Complaint within the Motion to Dismiss response by not citing to the record and arguing new "facts." Although Courts construe a *pro se* pleading liberally, to the extent that Szplett is now arguing "facts" which are not consistent with those in the Second Amended Complaint, such facts cannot be considered. *See Smith v. Dart,* 803 F.3d 304, 311 (7th Cir. 2015) (court may consider facts in a *pro se* response to motion to dismiss only if they are consistent with the allegations in the complaint). Given the incoherent, rambling nature of Szplett's Second Amended Complaint, the Kenco Defendants will not endeavor to compare every new "fact" in the Motion to Dismiss Response to the Second Amended Complaint, but simply urge the Court to ignore any new facts which are inconsistent with the operative complaint.

## II.     Szplett's Second Amended Complaint Violates Fed. R. Civ. Pro. 8(a).

"Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States v. Lockheed-Martin Corp.,* 328 F.3d 374, 378 (7th Cir. 2003). The convoluted nature of Szplett's 137-page Second Amended Complaint impedes the ability of the Kenco Defendants to have fair notice of what is being alleged and prepare a concise response.  Szplett's response makes conclusory allegations that he believes he satisfied the "facial plausibility" requirements, but he fails to distinguish his lawsuit from strikingly similar complaints that have been dismissed by the Court based on violations of Rule 8(a). *Id.* at 379 (dismissing similar complaint totaling 400 paragraphs).  Here, not only is the sheer length of the 781 paragraphs in Szplett's Second Amended Complaint problematic, but many of the paragraphs themselves are unintelligible. *See, e.g.,* Dkt. 53, ¶ 709 ("Defendants committed acts constituting violations under 18 U.S.C. §1952 in having devised or intended to devise a scheme or artifice to obstruct justice and its administration.").This example is one of many.  The rambling and incoherent nature of Szplett's Second Amended Complaint, combined with the way he casually tosses out serious allegations like conspiracy, perjury, mail fraud, extortion, and obstruction of justice, among others without offering any factual support, make it impossible for the Kenco Defendants to have fair notice of what is being alleged (or how it relates to Szplett). Therefore, Szplett's Second Amended Complaint violates Fed. R. Civ. Pro. 8(a), and should be dismissed. Dismissal with prejudice is warranted, given that this is now the third Complaint that has suffered from the same flaws. *See Easley v. Verizon Wireless,* 2004 U.S. Dist. LEXIS 17105, *17 (N.D. Ill. Aug. 25, 2004).

### III.     Szplett's Claims Against Kenco Are Time-Barred.

To the extent that the Kenco Defendants can attempt to understand Szplett's response, he appears to advance two arguments in support of why his claims are timely.  Both arguments lack merit.  First, Szplett argues that a August 2015 position statement submitted by Kenco (months after Kenco lost its contract at Mars) caused his claim to accrue.  Szplett argues that Kenco made comments about the "failing leadership" at the Kenco warehouse, and that those argumentative statements about the need to hire an HR Manager with more employee relations experience caused Szplett to "learn" (six months after his termination) that he had been demoted a year earlier. (Response at pp. 6, 12).  Whether or not Szplett was demoted depends on whether Kenco took any material action to change his pay, duties, benefits, or status while he was employed. Szplett makes no allegation that any such tangible actions occurred (and given that he was on a leave of absence, Kenco could not have, and did not, take any such actions to demote him).  *See,* Dkt. 53, ¶¶ 614, 631. Accordingly, Szplett has not pled any facts to support that he was "demoted." Disagreeing with a statement in a company's EEOC position statement is not a demotion. There was no injury whatsoever to Szplett, and none is even alleged.  Moreover, even if there had been an alleged injury, it would be time barred since he failed to file a lawsuit within four years of being employed. *See* Motion at p.6 (citing *Gupta v. Madison Metro. Sch. Dist.,* 120 Fed. Appx. 641, 643 (7th Cir. 2009)). Accordingly, Szplett cannot proceed with a claim that he was demoted because he was not demoted and the claim fails on its face.  Szplett alternatively alleges that on April 14, 2015, he received notice from The Hartford regarding a decision to deny his disability benefits. (Response at p. 9).  Szplett fails to allege how any of the Kenco Defendants were involved in any post-employment communications related to benefits which are administered by a third-party, The Hartford.  Thus, there are no facts linking Kenco to any post-termination benefits administration.  Accordingly, Szplett cannot state a claim as to these Defendants.

**IV.     Szplett's Amended Complaint Should Be Dismissed With Prejudice Because Further Attempts to Amend Against the Kenco Defendants Will Be Unsuccessful.**

It is apparent from all of Szplett's pleadings in this litigation that a dismissal without prejudice is not the proper remedy.  Szplett cannot state a claim against the Kenco Defendants because any such claims would be time-barred as a matter of law.  Furthermore, Szplett should not be entitled to unlimited opportunities to try to translate his rambling, incoherent Second Amended Complaint into plain English.  It is a needless waste of judicial and attorney resources that the Kenco Defendants have already responded to two complaints about patently time-barred allegations. Accordingly, dismissal with prejudice is warranted.

WHEREFORE, for all the reasons stated herein, and in the Kenco Defendants' Motion and Memorandum in Support, the Kenco Defendants request that the Court grant their Motion and dismiss Szplett's Second Amended Complaint with prejudice in accordance with Fed. R. Civ. Pro. 12(b)(6).

Dated: January 7, 2020                            Respectfully submitted,

**KENCO LOGISTICS SERVICES, LLC, KELVIN WALSH, MIKE MANZELLO, DAVID JABALEY, TAMMI FOWLER, PAULA HISE, TRACE SPIER, DAVID CAINES, DWIGHT CRAWLEY AND JAY ELLIOTT**

By:     /s/ Jody Wilner Moran
          One of Their Attorneys

Jody Wilner Moran
Julia Pearce Argentieri
**Jackson Lewis P.C.**
150 North Michigan Avenue
Suite 2500
Chicago, IL 60601
(312) 787-4949
(312) 787-4945 (Facsimile)
jody.moran@jacksonlewis.com
julia.argentieri@jacksonlewis.com

5

**<u>CERTIFICATE OF SERVICE</u>**

I, Julia P. Argentieri, an attorney, hereby certify that on January 7, 2020, I electronically filed a copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS SZPLETT'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. PRO. 12(b)(6)** with the Clerk of the Court using the CM/ECF system. I further certify that a copy of the foregoing has been mail and email to the following non-ECF participant:

> Leonard Szplett
> 3421 W. 1500 NW Road
> Kankakee, IL 60901
> Stkbnd2000@aol.com

> By: /s/ Jody Wilner Moran
> One of the Attorneys for the Defendants