UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LEONARD A. SZPLETT, an individual, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KENCO LOGISTIC SERVICES, LLC, a )<br>TENNESSEE LIMITED LIABILITY COMPANY, )<br>MARS, INC., THE HARTFORD, DAVID )<br>JABALEY, MARIO LOPEZ, TAMMI FOWLER, )<br>PAULA HISE, TRACE SPIER, ROBERT )<br>COFFEY, TODD MOORE, JAY ELLIOTT, )<br>DAVID CAINES, MICHAEL MANZELLO, )<br>DAVID CRAWLEY, and KEVIN WALSH )<br>)<br>Defendants. ) | Case No. 1:19-cv-02500<br>Judge Gary Feinerman |

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S
REPLY IN SUPPORT OF ITS
<u>MOTION TO DISMISS SECOND AMENDED COMPLAINT</u>**

Hartford Life and Accident Insurance Company, erroneously identified as "The Hartford" in the Second Amended Complaint, by its attorneys, submits its Reply in Support of Its Motion to Dismiss.

**I.     INTRODUCTION**

Leonard Szplett is trying to change the subject. He does not respond to Hartford's argument that his action for violations of 42 U.S.C. §§ 1981 and 1985 (Counts I, II, and XII) are barred by the applicable statute of limitations, or that his action for violations of 18 U.S.C. §§ 1001 and 1621 (Count X) fails to state a claim for relief because the statutes do not confer private rights of action, or that ERISA pre-empts his actions for tortious interference with prospective economic advantage (Count XVII) and intentional infliction of emotional distress (Count XVIII). And Szplett does not dispute that his remaining counts against Hartford (Counts IV, V, VI, VIII, IX, XIV, XV, XVI,

and XX) fail to state plausible claims for relief because they do not identify the conduct Hartford is called on to defend.

Instead of responding to any of those arguments, Szplett's 9-page "Response to Defendant Hartford's 12(b)(6) Motion to Dismiss" asserts facts that he did not plead and lays out fantastical (and unfounded) arguments as to why he believes Hartford worked hand-in-glove with its co-defendants to violate Szplett's civil rights. Even if the newly asserted facts could be considered by this Court in connection with Hartford's Motion (they cannot), and even if the assertions were not contradicted by other materials this Court can consider in connection with Hartford's Motion (they are), and even if the new assertions presented a reasonable basis to infer Hartford violated Plaintiff's civil rights (they do not), the assertions and the arguments they support are not relevant to the grounds for dismissal Hartford raised in its Motion to Dismiss.

Szplett's failure to address Hartford's arguments for dismissal means he has acquiesced to those arguments. And because the grounds for dismissal are clear from Hartford's uncontroverted Motion, this Court should grant Hartford's Motion and dismiss the actions asserted against it for failure to state claims upon which relief could be granted.

## II.     ARGUMENT

**A.     Szplett Acquiesced to and Waived Any Arguments Opposing the Dismissal of His Claims Against Hartford.**

"[W]hen presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action. The federal courts will not invent legal arguments for litigants." *Green v. Charter One Bank, N.A.*, 640 F. Supp.2d 998, 1005 (N.D. Ill. 2009) (quoting *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995)). A non-movant's "failure to respond to [arguments for dismissal] permits an inference of acquiescence" to those arguments "and [that] acquiescence operates as a waiver" of any objections to dismissal. *Id.* (quoting *Wojtas v. Capital*

2

*Guardian Trust*, 477 F.3d 924, 926 (7th Cir. 2007)).

When Szplett elected not to respond to Hartford's arguments for dismissal, he acquiesced to those arguments and waived any challenge he might otherwise have made to them. Szplett's acquiescence means Hartford's arguments for dismissal are uncontroverted and, because those arguments establish grounds for dismissal for failure to state claims for relief, Hartford's Motion to Dismiss should be granted.

**B.     Szplett's New Assertions Are Irrelevant And Erroneous.**

There are four sections to Szplett's Response, none of which has any bearing on the merits of Hartford's Motion.

**1.     To the extent Szplett believes it matters, Kenco is the Plan's Administrator.**

The first section of Szplett's Response appears on pages 1 and 2 of that document and is comprised of seven paragraphs. Szplett argues that Hartford and Kenco alternated as the administrator for the employee benefit plan that provided Short-Term Disability Benefits ("STD Benefits") to Szplett. The assertion has no bearing on any of Hartford's arguments for dismissal and, so, is irrelevant. Moreover, the assertion is flatly contradicted by documents that are part of the pleadings for purposes of Hartford's Motion to Dismiss.[1]

The group insurance policy states the policy's Certificate of Insurance is part of the group insurance contract between Hartford and Kenco. (Hartford Memorandum In Support of Motion to

---

[1] As Hartford explained in its Memorandum In Support of Motion to Dismiss Second Amended Complaint, "Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). In those instances, the "general rule" that "the court may only consider the plaintiff's complaint" does not apply, and the attached documents "may be considered by a district court in ruling on the motion to dismiss." *Id*. All of Szplett's causes of action against Hartford turn on Hartford's termination of the STD Benefits Szplett was receiving under the Plan. (See Hartford's Memo., pp. 2-3). Szplett contends he was entitled to continue receiving STD Benefits under the terms of the Plan and that Hartford's termination of those Benefits was contrary to the terms of the Plan. *Id*. Accordingly, the Plan is referred to in and is central to the causes of action Szplett asserts against Hartford in the Second Amended Complaint and should be considered as part of the pleadings for purposes of Hartford's Motion to Dismiss.

3

Dismiss Second Amended Complaint, Ex. B, p. 5). The Certificate states Hartford is "the claims fiduciary for benefits provided under the Policy" and that Kenco, not Hartford, is the "Plan Administrator." (Hartford Memo., Exhibit C, p. 27). When a written instrument, such as the Certificate, is considered part of the pleadings and contradicts the allegations in a complaint, the written instrument controls. *Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 454 (7th Cir.1998) ("It is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations.") and *Venture Assocs. Corp. v. Zenith Data Sys. Corp.,* 987 F .2d 429, 431 (7th Cir.1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim."). Accordingly, to the extent Szplett believes it matters, Hartford is not the Plan's administrator. That title applies to Kenco alone.

**2. This Court should ignore Szplett's new assertion that Kenco and Mars exercised influence or control over Hartford's termination of his STD Benefits.**

The second section of Szplett's Response is entitled, "Following the money." In it, Szplett argues Kenco and Mars "had some influence, if not control over," Hartford's decision to terminate Szplett's benefits. (Response, p. 3). Szplett bases his argument on a new assertion about the manner in which his STD Benefits were reported for income tax purposes; i.e., the STD Benefits were reflected on Szplett's W2. (Response, p. 3). Szplett's assertion about his W2 is not in the Second Amended Complaint and, in any case, his argument that Kenco or Mars exercised influence or control over the payment of his STD Benefits has no bearing on the grounds for dismissal set forth in Hartford's Motion. This Court, therefore, should ignore Szplett's new assertion and grant Hartford's Motion to Dismiss.

**3. Szplett's arguments and assertions in Section 3 are irrelevant and erroneous**

**and this Court should ignore them and grant Hartford's Motion to Dismiss.**

In the third section of the Response, Szplett asserts that "a Respondeat Superior relationship exists between The Hartford and Kenco and Mars," seemingly suggesting Hartford can be liable for the conduct of Kenco and Mars. (Response, p. 3). Szplett also asserts that Hartford violated the Health Insurance Portability and Accountability Act. (Response, p. 3). Szplett did not include either assertion in his Second Amended Complaint, so this Court should not consider them in connection with Hartford's Motion to Dismiss. Furthermore, both assertions are legally flawed and/or factually unsupported, and do not undermine any of the grounds for dismissal raised in Hartford's Motion.

Szplett misapprehends the doctrine of *respondeat superior*. The doctrine imposes liability on an employer for torts its employees commit within the scope of their employment. *Sunseri v. Puccia*, 97 Ill. App. 3d 488, 493, 422 N.E.2d 925, 930 (1981) ("Under traditional *respondeat superior* analysis, an employer is liable for an employee's torts committed within the scope of that employment."). Thus, Hartford could be vicariously liable for the actions of Kenco and Mars *but only if* those companies were *employees of Hartford*. The Second Amended Complaint alleges no facts from which this Court could reasonably infer that Kenco or Mars were Hartford's employees. Accordingly, this Court should ignore Szplett's new assertion that Hartford is liable for the conduct of Kenco and Mars.

Szplett's assertion that Hartford violated HIPAA also fails as there is no private right of action for violations of HIPAA. Accordingly, even if Szplett had asserted a HIPAA claim in the Second Amended Complaint, the action would have to be dismissed for failure to state a claim for relief. See *Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011) (citing *Acara v. Banks*, 470 F.3d 569, 570–72 (5th Cir.2006); *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir.2010); *Seaton v.*

5

*Mayberg*, 610 F.3d 530, 533 (9th Cir.2010), *cert. denied*, 562 U.S. 1222 (2011); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n. 4 (10th Cir.2010)).

Szplett's new assertions in Section 3 are irrelevant and based on his misapprehension of the law. This Court, therefore, should ignore the assertions and grant Hartford's Motion to Dismiss.

  **4. Szplett's arguments about the transmission of an allegedly fraudulent job description are not relevant to any of Hartford's arguments for dismissal.**

Szplett proclaims in Section 4 that it was fraud for someone to provide an inaccurate description of his job duties to his physician. (Response, p. 6-8). This Court should ignore Szplett's assertions as they have no bearing on any of the arguments in Hartford's Motion to Dismiss.

Moreover, Szplett's suggestion that Hartford participated in any way in the alleged fraud is unreasonable. Szplett acknowledges he does not know who provided the job description to his physician. All he knows is that it was sent to his physician "from another Kenco managed site that was unrelated to the Mars Manteno facility." (Response, p. 6). Szplett does not assert in his Second Amended Complaint (or his Response for that matter) any basis for inferring that Hartford, in its capacity as the claims administrator for the Plan, had access to any job descriptions for Kenco employees, nor does he allege facts from which this Court could reasonably infer that Hartford is the entity that sent the job description to Szplett's physician. In particular, Szplett does not allege facts that would allow this Court to infer that Hartford could have faxed anything to anyone from any Kenco-managed site, much less one "that was unrelated to the Mars Manteno facility." (Response, p. 6).

Because Szplett's assertions of fraud are not relevant to whether the claims asserted against Hartford in the Second Amended Complaint should be dismissed, this Court should disregard the assertions and grant Hartford's Motion.

**C.      This Court Should Not Allow Szplett to Take Discovery Before He Has Pleaded Plausible Claims for Relief.**

Szplett's attempt to change the subject by introducing new and irrelevant assertions in his Response suggests he recognizes that his Second Amended Complaint fails to state viable claims for relief against Hartford. In an attempt to ward off dismissal of those claims, Szplett asks this Court to give him a pass on the standards Rule 8 establishes for pleadings and permit him to conduct discovery. Szplett's request should be denied.

A party may engage in discovery only after it alleges facts sufficient to state a plausible claim for relief. See, e.g., *CHS Acquisition Corp. v. Watson Coatings, Inc.*, 2018 WL 3970137, *9 (N.D. Ill. Aug. 8, 2018) (observing that "the Federal Rules of Civil Procedure require a party to allege plausible claims prior to proceeding with discovery" and describing the claimant's request for discovery in response to a motion to dismiss as inappropriate because it "seeks to put the cart before the horse."). That is consistent with the Supreme Court's decision in *Bell Atlantic v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955 (2007), which "teaches that a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case." *Limestone Dev. Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008). For the third time in this case, Szplett has not alleged facts sufficient to state plausible claims for relief against Hartford. It would be inappropriate, therefore, to permit Szplett to engage in discovery.

Furthermore, there is no reason to believe Szplett might learn facts in discovery that would make any difference to the viability of his claims. Szplett's §§ 1981 and 1985 claims (Counts I, II, and XII) are barred by the applicable statute of limitations and he does not propose discovery that would make those claims viable. And no set of facts obtained in discovery would support Szplett's claims for alleged violations of 18 U.S.C. §§ 1001 and 1621 (Count X), as those statutes do not

7

confer private rights of action. Similarly, Szplett's actions for tortious interference with prospective economic advantage (Count XVII) and intentional infliction of emotional distress (Count XVIII) would be pre-empted by ERISA no matter what facts Szplett might obtain through discovery. Finally, Szplett did not identify any allegedly wrongful conduct by Hartford in Counts IV, V, VI, VIII, IX, XIV, XV, XVI, or XX. The Counts allege only that Hartford is liable under various legal theories without stating what Hartford supposedly did to expose it to liability under those theories. In short, Szplett cannot say that discovery would reveal information supporting the claims in those Counts because the Second Amended Complaint does not say what conduct is at issue.

**D.     Szplett Should Not Be Permitted to Replead Because Any Amendment Would Be Futile and Because He Has Known of His Claims' Deficiencies Since His First Amended Complaint but Chose Not Address Them.**

"[District] courts have broad discretion to deny leave to amend where there is … [a] repeated failure to cure deficiencies … or where the amendment would be futile." *Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011); *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015). An amendment is futile "when it fails to state a valid theory of liability or could not withstand a motion to dismiss." *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992) (internal citations omitted). As discussed above and in Hartford's Motion, it would be futile to permit Szplett to replead Counts I, II, X, XII, XVII, and XVIII because the actions they assert are barred by the applicable statute of limitations, are not enforceable in a private right of action, or are pre-empted by ERISA. Permitting Szplett to replead those patently deficient claims "would impose upon the defendants and the court the arduous task of responding to an obviously futile gesture on the part of the plaintiff[]." *Perkins v. Silverstein,* 939 F.2d 463, 472 (7th Cir.1991). Nothing in the Federal Rules of Civil Procedure justifies such an exercise.

Szplett's request for leave to amend should also be denied because Szplett has failed repeatedly to cure the defects at issue. In its Motion to Dismiss Szplett's First Amended Complaint,[2] Hartford argued, *inter alia*, that the actions against it failed to state claims for relief because Szplett did not identify the conduct Hartford was called upon to defend. (Doc. 28, Hartford's Memorandum of Law In Support of Its Motion to Dismiss, pp. 11-14). Instead, Szplett improperly lumped the conduct of "all fifteen defendants together without describing which defendants [were] responsible for what conduct." (Doc. 28, pp. 11-14). Hartford also argued Szplett's claim for intentional infliction of emotional distress was pre-empted by ERISA. (Doc. 28, pp. 7-9). Szplett did not take advantage of the opportunity to address Hartford's arguments in his response to Hartford's Motion. (Doc. 48, Hartford's Reply In Support of Its Motion to Dismiss, pp. 1-4). Even after this Court dismissed Szplett's First Amended Complaint and gave him leave to file a second amended pleading (Doc. 52), Szplett failed to cure the deficiencies that Hartford flagged in its Motion to Dismiss the First Amended Complaint. (Hartford Memo., pp. 1-2, 4-10).

A court is under no obligation to give a plaintiff an opportunity to replead when he has stubbornly and repeatedly refused to cure or otherwise address the deficiencies in his pleadings. See *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 759 (7th Cir. 2002) (denying the plaintiff leave to file an amended pleading when the deficiencies in his first and second amended complaints were evident in his original complaint); *Hernandez v. Partners Warehouse Supplier Servs., LLC*, 890 F. Supp. 2d 951, 963 (N.D. Ill. 2012) ("Plaintiffs seek leave to replead but the Court denies the request because Defendants lodged this preemption objection previously in their motion to dismiss Plaintiff's original complaint. Plaintiffs thus were on notice that they needed to address this deficiency."). The cycle of pleading, dismissing, and giving a plaintiff leave

---

[2] Szplett sought and was granted leave to amend his original Complaint before any of the defendants' responses to the original Complaint were due. (Doc. 22).

to amend his pleadings, all to address the same deficiencies, is not fair to defendants who are forced each time to incur the costs of articulating the reasons why the deficiencies are fatal to the plaintiff's claims. See *Thompson*, 300 F.3d at 759.

Szplett has had ample opportunities to demonstrate that the actions he asserts against Hartford state viable claims for relief. He has repeatedly declined to take advantage of those opportunities. In light of that and of the futility of any amendment, giving Szplett another opportunity to amend his pleadings is not warranted. Accordingly, this Court should deny Szplett's request for leave to file a Third Amended Complaint.

### III.  CONCLUSION

Szplett's Second Amended Complaint does not allege facts sufficient to state plausible claims for relief against Hartford. This Court, therefore, should dismiss Szplett's actions against Hartford for failure to state claims upon which relief can be granted.

        Respectfully submitted,

    By:   /s/ Joseph R. Jeffery

Donald A. Murday
dmurday@cmn-law.com
Joseph R. Jeffery
jjeffery@cmn-law.com
CHITTENDEN, MURDAY & NOVOTNY LLC
303 W. Madison Street, Suite 1400
Chicago, Illinois  60606
(312) 281-3600

**CERTIFICATE OF SERVICE**

      I hereby certify that on **January 7, 2020**, I electronically filed Hartford Life and Accident Insurance Company's Reply in Support of Its Motion to Dismiss Second Amended Complaint, with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system which sent notification of such filing to the following CM/ECF registered participants:

> Jody Wilner Moran, Esq.
> Julia P. Argentieri, Esq.
> Jackson Lewis, P.C.
> 150 N. Michigan Avenue
> Suite 2500
> Chicago, IL 60601
> jody.moran@jacksonlewis.com
> julia.argentieri@jacksonlewis.com

> Thomas R. Davis, Esq.
> Kimberly J. Overbaugh, Esq.
> Harmon & Davies, P.C.
> 2306 Columbia Aveue
> Lancaster, PA 17603
> tdavies@h-dlaw.com
> koverbaugh@h-dlaw.com

I further certify that a copy of the foregoing has been served by e-mail and U.S. Mail, postage prepaid to the following non-ECF participant:

> Leonard A. Szplett
> 3421 W. 1500 NW Road
> Kankakee, IL 60901
> Stkbnd2000@aol.com

                              /s/ Joseph R. Jeffery
                              CHITTENDEN, MURDAY & NOVOTNY LLC
                              303 West Madison Street, Suite 1400
                              Chicago, Illinois 60606
                              (312) 281-3600 (phone)
                              (312) 281-3678 (fax)
                              jjeffery@cmn-law.com