IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Leonard A. Szplett,<br><br>                           Plaintiff,<br><br>      v.<br><br>Kenco Logistic Services, LLC, a Tennessee Limited Liability Company, Mars, Inc., The Hartford, David Jabaley, Mario Lopez, Tammi Fowler, Paula Hise, Trace Spier, Robert Coffey, Todd Moore, Jay Elliot, David Caines, Michael Manzello, David Crawley, and Kelvin Walsh,<br><br>                           Defendants. | Case No. 1:19-cv-02500<br><br>Judge Gary Feinerman<br><br>Magistrate Judge Young B. Kim |

**DEFENDANT MARS, INC., ROBERT COFFEY, AND TODD MOORE'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

I.     INTRODUCTION

Defendants Mars, Inc., Robert Coffey, and Todd Moore (collectively "Defendants"), by and through their undersigned counsel, move for the dismissal of Plaintiff's Second Amended Complaint ("SAC") with prejudice for failure to state a claim upon which relief may be granted or stricken in its entirety as it is excessively long and complex and would place an unjustified burden on Defendants to respond to it. Alternatively, Defendants move for the SAC to be dismissed with prejudice for failure to comply the Court's Order. Defendants also move for the dismissal of Counts I through IX, XII through XIV, and XVIII as such claims are time-barred by the applicable statutes of limitation. Defendants hereby incorporate by reference their previously filed Motion to Dismiss Plaintiff's Complaint (ECF # 32), Memorandum in Support of Motion to Dismiss Plaintiff's Complaint (ECF # 33), Reply Memorandum in Support of Motion to Dismiss

1

Plaintiff Complaint (ECF # 47), Motion to Dismiss Plaintiff's Second Amended Complaint (ECF # 61), and Memorandum in Support of Motion to Dismiss Plaintiff's Second Amended Complaint (ECF # 62). This Reply Memorandum is being filed to clarify Defendants' arguments and the law applicable to Plaintiff's Second Amended Complaint.

II.     Argument

   1. **Plaintiff's Recitation of the Averments in His Second Amended Complaint Has No Effect on His Failure to Satisfy the Requirements of Fed. R. Civ. P. 8(a)(2), and Therefore, Plaintiff's SAC Should be Dismissed with Prejudice as it Fails to State a Claim Upon Which Relief Can be Granted.**

In support of his contention that he did not fail to state a claim for which relief can be granted, Plaintiff has merely recited case law cited by Defendants in their Motion to Dismiss and averments from his SAC. Plaintiff's response does nothing to promote his position that he should be allowed to proceed with the instant action. Rather, he has provided this Court with even more evidence that his Complaint should be dismissed with prejudice because of its unreasonable length, complexity, and confusion, going well beyond what is required under Federal Rule of Civil Procedure 8.

   2. **Plaintiff's Attempt to Clarify the Issues Has No Effect on His SAC, and Alternatively, Plaintiff's SAC Should be Stricken in its Entirety as Scandalous Because it has the Effect of Confusing the Issues and is so Lengthy and Complex that it Places an Undue Burden on Defendants to Attempt to Respond.**

In Plaintiff's own words, he "tried to pair up supporting facts for every count that correlated with the requisites to make a viable claim under the statute to clarify who the appropriate Defendants were; what the harm was and correlate the actions of these Defendants to support Plaintiff's claim." (ECF # 68, p. 4) However, in doing so, and in violation of this Court's Order (ECF # 52), Plaintiff set forth 21 separate causes of action in 781 paragraphs and

2

132 pages, with 163 pages of exhibits. Each cause of action is supported by nearly identical factual averments that make it exceedingly difficult to ascertain whether Plaintiff has set forth a valid claim and if so, what it is. While there are portions of the Relevant Facts section to the SAC where Plaintiff has identified particular Defendants, his causes of action continue to fail to identify the particular Defendant(s) who allegedly committed each wrong against him. The averments supporting each cause of action in Plaintiff's SAC are almost identical to those previously included in Plaintiff's now-dismissed Amended Complaint, which also failed to clearly articulate what wrongs each Defendant allegedly committed against Plaintiff. Plaintiff's third attempt at filing a coherent and concise Complaint with this Court has once again fallen short of the requirement that he set forth a short and plain statement of his claims as set forth in Fed. R. Civ. P. 8(a)(a). Instead, Plaintiff's SAC remains unreasonably lengthy, complex, and confusing, and it would be extremely difficult for Defendants to appropriately and adequately respond to such a pleading.

While we submit that Plaintiff's SAC should be dismissed with prejudice for failing to state a claim upon which relief can be granted for egregiously violating Fed. R. Civ. P. 8(a)(2) and this Court's Order, alternatively, Plaintiff's SAC should be stricken in its entirety as scandalous pursuant to Fed. R. Civ. P. 12(f) because responding to such a pleading would result in an undue burden for Defendants. If the Court takes this approach, Plaintiff should be required to further amend his Second Amended Complaint to make it more concise and coherent and to allow Plaintiff to properly group his allegations under the appropriate causes of action with specificity as to the alleged wrongs committed by each Defendant.

    **3.    Plaintiff's Explanation of His SAC Does Not Excuse His Failure to Comply with this Court's Order, and Therefore, Plaintiff's SAC Should be Dismissed with Prejudice Pursuant to Fed. R. Civ. P. 41(b).**

Plaintiff was ordered by this Court that if he were to file a second amended complaint, he must: (1) clearly articulate the wrongs allegedly committed against him and the particular defendants who allegedly committed each wrong; (2) keep separate any allegations that pertain to some defendants and not to others; (3) include only those allegations that are pertinent to him, as opposed to cutting and pasting allegations from complaints in other cases that do not pertain to him; and (4) comply with Rule 8(a)(2)'s requirement that he provide a short and plain statement of his claims. (ECF # 52)  Nonetheless, Plaintiff has inexcusably failed to comply with those requirements.  Plaintiff's explanation for why his SAC does not comply with this Court's Order was "for fear of leaving out an essential element there may have been some redundancy." (ECF # 68, p. 8)  However, Plaintiff's SAC is not compliant with this Court's Order for more reasons than mere redundancy.  Plaintiff's 21 causes of action continue to be supported with by averments that merely reference other causes of action, without ever averring any facts to support the causes of action, articulating what wrongs were allegedly committed against him, or identifying which Defendant(s) committed the wrongs.  Additionally, Plaintiff continues to set forth allegations that pertain to others and not himself, such as Nathan Doss (ECF # 53, ¶¶ 311-21), and allegations against persons whom are not named Defendants in this matter, including Eddy Register and Steve Sheldon (ECF # 53, Count XXI).  Plaintiff has already been afforded an opportunity to bring his now-dismissed Amended Complaint into compliance with the Federal Rules of Civil Procedure and this Court's Order, but has neglected to do so.  Therefore, Plaintiff's SAC should be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with this Court's Order.

        **4.**        **The Continuing Violation Doctrine Has No Effect on Plaintiff's SAC, and Therefore, Plaintiff's Claims Arising Under 42 U.S.C. § 1981 Are Time-Barred by the Four-Year Statute of Limitations Prescribed by 28 U.S.C.S. § 1658.**

In <u>Jones v. R. R. Donnelley & Sons Co.</u>, the Supreme Court held that the four-year statute of limitations prescribed by 28 U.S.C. § 1658 would apply to claims that "'aris[e] under an Act of Congress enacted' after December 1, 1990," meaning the four-year statute of limitations would apply to claims brought under 42 U.S.C. § 1981. 541 U.S. 369, 382 (2004).

> The continuing violation doctrine,…is aimed at ensuring that illegal conduct is punished by preventing a defendant from invoking the earliest manifestation of its wrongdoing as a means of running out the limitations clock on a course of misconduct that persisted over time; the doctrine serves that end by treating the defendant's misconduct as a continuing wrong and deeming an action timely so long as the last act evidencing a defendant's violation falls within the limitations period.

<u>United States v. Spectrum Brands, Inc.</u>, 924 F.3d 337, 350 (7th Cir. 2019). "Thus, where the violation at issue can be characterized as a continuing wrong, the limitations period begins to run *not* when an action on the violation could first be brought, but when the course of illegal conduct is complete." <u>Id.</u> (citing <u>Taylor v. Meirick</u>, 712 F.2d 1112, 1118 (7th Cir. 1983) ("the statute of limitations does not begin to run on a continuing wrong till the wrong is over and done with")). "If the statute describes an offense that by its nature continues after the elements have been met, then the offense is a continuing one regardless of the nature of defendant's actions beyond that point." <u>Id.</u> at 351 (quoting <u>United States v. Yashar</u>, 166 F.3d 873, 877 (7th Cir. 1999)).

Plaintiff asserts that his 42 U.S.C. § 1981 ("Section 1981") claims are not time-barred by the four-year statute of limitations prescribed by 28 U.S.C. § 1658 because under the continuing violation doctrine, Defendants' alleged violations continued into the limitations period. As support, Plaintiff alleges that it was not until: (1) after April 14, 2015 that he realized something was wrong with his employment and benefits; (2) several days after April 14, 2015 that he learned Defendants had "intentionally mischaracterized" him by referring to him as other than the "HR Manager;" (3) April 28, 2015 that his claim for not being paid was fully ripe; and (4)

after August 5, 2015 that he learned he was demoted while he was out on medical leave. As previously stated, and shown by the Exhibits attached to his first Complaint, Plaintiff was employed by Kenco, not Mars. If there had been an issue with his employment and benefits, that claim should be brought against his employer, not Mars. Additionally, Plaintiff's job title was not intentionally mischaracterized because according to his offer of employment letter from Kenco (ECF # 1-1, pp. 3-4), Plaintiff's job title was Office Manager, not HR Manager. The remaining allegations are also employment related decisions made by his employer, Kenco, not Mars. All of the remaining Section 1981 violations that Plaintiff attempts to raise against Defendants Mars, Inc., Robert Coffey, and Todd Moore occurred prior to his termination on March 29, 2015, and would have needed to be raised no later than March 29, 2019. However, Plaintiff did not bring suit on these claims until April 12, 2019 with the filing of his first Complaint with this Court. Therefore, based on Plaintiff's factual averments and the Exhibits previously filed, Plaintiff's claims arising under Section 1981, as to Defendants Mars, Inc., Robert Coffey, and Todd Moore, are time-barred by the four-year statute of limitations prescribed by 28 U.S.C.S. § 1658.

     **5.**     **Plaintiff Incorrectly Contends that a Respondeat Superior Relationship Existed Between Defendants Mars and Kenco, and Therefore, Plaintiff's Complaint Should be Dismissed with Prejudice as to Defendant Mars.**

"It is […] well established in this circuit that a plaintiff can, under certain limited circumstances, bring a claim against a defendant who is not his direct employer." Love v. JP Cullen & Sons, Inc., 779 F.3d 697, 701 (7th Cir. 2015) (quoting EEOC v. Illinois, 69 F.3d 167, 169 (7th Cir. 1995)). To determine whether an entity will be treated as an indirect employer, the United States Court of Appeals for the Seventh Circuit determined that the Knight five-factor analysis was "merely a more structured analysis of whether the putative employer exercised

6

sufficient control, and whether the 'economic realities' are such that the putative employer can be held liable under Title VII." Love v. JP Cullen & Sons, Inc., 779 F.3d 697, 702 (7th Cir. 2015). In Knight, the Seventh Circuit Court held that:

> [I]n reaching this conclusion [that plaintiff was an independent contractor rather than an employee], the court correctly recognized the use of the "economic realities" test which involves the application of the general principles of agency to the facts. Of several factors to be considered, the employer's right to control is the most important when determining whether an individual is an employee or an independent contractor. Knight v. United Farm Bureau Mut. Ins. Co., 950 F.2d 377, 378-79 (7th Cir. 1991).

Love, 779 F.3d at 702. Those five factors to consider are: "(1) the extent of the employer's control and supervision over the employee; (2) the kind of occupation and nature of skill required, including whether skills were acquired on the job; (3) the employer's responsibility for the costs of operation; (4) the method and form of payment and benefits; and (5) the length of the job commitment." Id.

Attached as Exhibits to Plaintiff's first Complaint are countless documents that show there is no Respondeat Superior relationship between Defendants Mars and Kenco, including Kenco's offer of employment letter to Plaintiff for the position of Office Manager (ECF #1-1, pp. 3-4), Kenco's termination letter to Plaintiff (ECF # 1-1, p. 27), and Plaintiff's separation agreement from Kenco (ECF # 1-1, pp. 20-26). Additionally, Plaintiff's email signature also identifies Kenco Logistic Services as his employer (ECF 1-1, p. 52). Included in Kenco's offer of employment letter to Plaintiff (ECF # 1-1, pp. 3-4) is reference to Plaintiff's salary paid by Kenco, as well as the benefits Plaintiff would receive from Kenco. Therefore, Plaintiff incorrectly contends that there is a Respondeat Superior relationship between Defendants Mars and Kenco.

7

Plaintiff also alleges that with regards to Count XVIII for intentional infliction of emotional distress, "the most recent cause of action came to Plaintiff's attention in July of 2018." However, under Count XVIII of Plaintiff's SAC, there is no such averment. According to Plaintiff's SAC, the only event that took place in July of 2018 was Plaintiff not being referred to as the HR Manager. (ECF # 53, pp. 74-75) Notwithstanding the fact that this averment was not mentioned under Count XVIII of Plaintiff's SAC, even if it were averred under Count XVIII, it would have no effect on Plaintiff's untimeliness because as Kenco's offer of employment letter to Plaintiff states, he was hired to be the Office Manager, not HR Manager. Therefore, Count XVIII for intentional infliction of emotional distress is barred by the two-year statute of limitations.

Finally, Plaintiff argues that pursuant to 735 ILCS 5/2-208, Counts XIII, XIV, and XVIII had tolled. However, for the reasons set forth in Defendants' Reply Memorandum in Support of Motion to Dismiss (ECF # 47), any attempt by Plaintiff to argue that Counts XIII, XIV, and XVIII had tolled pursuant to 735 ILCS 5/2-208 or the discovery rule is flawed. As such, Counts XIII, XIV, and XVIII should be dismissed as they are time-barred by the applicable statutes of limitations.

III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that all of Plaintiff's claims against Defendants be dismissed with prejudice for Plaintiff's failure to satisfy the "short and plain statement of the claim showing that the Plaintiff is entitled to relief" requirement of Fed. R. Civ. P. 8(a)(2) and in violation of this Court's Order (ECF # 52). Defendants also respectfully request that Plaintiff's SAC be stricken in its entirety as it is excessively long, complex and incoherent pursuant to Fed. R. Civ. P. 12(f). Alternatively, Defendants respectfully request that

Plaintiff's SAC be dismissed with prejudice due to Plaintiff's failure to comply with this Court's Order (ECF # 52). Finally, Defendants move for the dismissal of Counts I through IX, XII through XIV, and XVIII with prejudice as such claims are time-barred by the applicable statutes of limitation.

Dated: January 7, 2020           Respectfully submitted,

         /s/ Kimberly J. Overbaugh
Kimberly J. Overbaugh, Esq., PA #85610
Thomas R. Davies, Esq., PA #35260
HARMON & DAVIES, P.C.
2306 Columbia Ave.
Lancaster, PA 17603
Tel. (717) 291-2236
Fax (717) 291-2236
koverbaugh@h-dlaw.com
tdavies@h-dlaw.com
Attorneys for Defendants
Mars, Inc., Robert Coffey
and Todd Moore

## CERTIFICATE OF SERVICE

I, Kimberly J. Overbaugh, an attorney, hereby certify that on January 7, 2020, I electronically filed a copy of the foregoing **Defendant Mars, Inc., Robert Coffey, and Todd Moore's Reply in Support of Motion to Dismiss Plaintiff's Second Amended Complaint** with the Clerk of the Court using the CM/ECF system. I further certify that a copy of the foregoing has been served by email and U.S. mail, postage prepaid, to the following non-ECF participant:

>Leonard A. Szplett
>3421 W. 1500 NW Road
>Kankakee, IL 60901
>Stkbnd2000@aol.com

>/s/ Kimberly J. Overbaugh
>Kimberly J. Overbaugh, Esq., PA #85610
>Thomas R. Davies, Esq., PA #35260
>HARMON & DAVIES, P.C.
>2306 Columbia Ave.
>Lancaster, PA 17603
>Tel. (717) 291-2236
>Fax (717) 291-2236
>koverbaugh@h-dlaw.com
>tdavies@h-dlaw.com
>Attorneys for Defendants
>Mars, Inc., Robert Coffey
>and Todd Moore